Paul F. Eckstein (#001822)
Austin C. Yost (#034602)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
PEckstein@perkinscoie.com
AYost@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendants Arizona Board of Regents,*
*Ron Shoopman, Larry Penley, Ram Krishna,*
*Bill Ridenour, Lyndel Manson, Karrin Taylor Robson,*
*Jay Heiler, and Fred DuVal*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Russell B. Toomey**,<br><br>Plaintiff,<br><br>v.<br><br>**State of Arizona**; **Arizona Board of Regents, d/b/a University of Arizona**, a governmental body of the State of Arizona; **Ron Shoopman**, in his official capacity as Chair of the Arizona Board of Regents; **Larry Penley**, in his official capacity as Member of the Arizona Board of Regents; **Ram Krishna**, in his official capacity as Secretary of the Arizona Board of Regents; **Bill Ridenour**, in his official capacity as Treasurer of the Arizona Board of Regents; **Lyndel Manson**, in her official capacity as Member of the Arizona Board of Regents; **Karrin Taylor Robson**, in her official capacity as Member of the Arizona Board of Regents; **Jay Heiler**, in his official capacity as Member of the Arizona Board of Regents; **Fred DuVal**, in his official capacity as Member of the Arizona Board of Regents; **Gilbert Davidson**, | Case No. CV 19-00035-TUC-RM (LCK)<br><br><br>**DEFENDANTS ARIZONA BOARD OF REGENTS, RON SHOOPMAN, LARRY PENLEY, RAM KRISHNA, BILL RIDENOUR, LYNDEL MANSON, KARRIN TAYLOR ROBSON, JAY HEILER, AND FRED DUVAL'S ANSWER TO PLAINTIFF'S COMPLAINT** |

143399162.4

in his official capacity as Interim Director of
the Arizona Department of Administration;
**Paul Shannon**, in his official capacity as
Acting Assistant Director of the Benefits
Services Division of the Arizona Department of
Administration,

Defendants.

### Answer

Defendants Arizona Board of Regents, Ron Shoopman, Larry Penley, Ram Krishna, Bill Ridenour, Lyndel Manson, Karrin Taylor Robson, Jay Heiler, and Fred DuVal ("Defendants") answer Plaintiff Russell B. Toomey's ("Plaintiff") Complaint. Defendants do not object to offering the insurance coverage requested by Plaintiff in the Complaint, but because Defendants are required to "accept the benefit level, plan design, insurance providers, premium level and other terms and conditions determined by" the Arizona Department of Administration ("ADOA"), A.R.S. § 38-656(E), Defendants do not have the reasonable authority to offer the coverage and remove the Plan exclusion requested by Plaintiff in the Complaint. As part of the State of Arizona plan, Defendants must offer the health insurance that Defendant ADOA permits them to offer. Defendants have previously urged ADOA to remove the types of coverage exclusions requested by Plaintiff in the Complaint, but ADOA has not eliminated all exclusions; that decision was in its sole control. Defendants do not object to Plaintiff's requested permanent injunctive relief against Defendants State of Arizona and ADOA, but request to be dismissed from this suit because Defendants have no reasonable choice but to offer insurance under the Plan that ADOA provides.

### INTRODUCTION

1.     Defendants admit the allegations contained in Paragraph 1.

2.     Defendants deny the allegations contained in Paragraph 2, except that Defendants admit that the self-funded health plan that the State of Arizona uses to offer healthcare coverage to State employees, which is controlled by the Arizona Department of

143399162.4

Administration ("the Plan"), generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

3.    Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 3 and therefore deny them.

4.    Defendants admit the allegation contained in Paragraph 4 that Plaintiff is employed as an Associate Professor at the University of Arizona.  Defendants further admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."  Defendants do not have knowledge or information sufficient to answer the remaining allegations and therefore deny them.

5.    Defendants deny the allegations contained in Paragraph 5, except that Defendants admit that, were the exclusion for "[g]ender reassignment surgery" removed from the Plan, Plaintiff would have an opportunity to prove that a gender reassignment surgery is medically necessary under the Plan's generally applicable standards for establishing medical necessity.

6.    Defendants deny the allegations contained in Paragraph 6, except that Defendants admit that, were the exclusion for "[g]ender reassignment surgery" removed from the Plan, Plaintiff would have the right to appeal any adverse determination regarding the medical necessity of a gender reassignment surgery to an independent reviewer within the third-party claims administrator and, if necessary, to an independent review organization.

7.    Defendants deny the allegations contained in Paragraph 7.

8.    Defendants deny the allegations contained in Paragraph 8, except that Defendants admit that Plaintiff avers that he brought the Complaint on behalf of himself and a proposed class of similarly situated individuals for a declaratory judgment and injunctive relief that would require Defendants to remove the Plan's exclusion for "[g]ender reassignment surgery."  Further, Defendants do not object to Plaintiff's requested permanent injunctive relief against Defendants State of Arizona and ADOA.

**JURISDICTION AND VENUE**

9.      Defendants admit the allegation contained in Paragraph 9 that this action "arises under" Title VII of the Civil Rights Act of 1964 and the United States Constitution, but Defendants deny that Plaintiff has stated a valid claim under those authorities.

10.      Defendants admit the allegations contained in Paragraph 10.

11.      Defendants admit the allegations contained in Paragraph 11.

12.      Defendants deny the allegations contained in Paragraph 12, except that Defendants admit that venue is proper in this Court.

**PARTIES**

13.      Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 13 and therefore deny them.

14.      Defendants admit the allegations contained in Paragraph 14.

15.      Defendants deny the allegations contained in Paragraph 15, except that Defendants admit that Defendant Arizona Board of Regents offers its employees healthcare insurance through the Plan.

16.      Defendants admit the allegations contained in Paragraph 16.

17.      Defendants admit the allegations contained in Paragraph 17.

18.      Defendants admit the allegations contained in Paragraph 18.

19.      Defendants admit the allegations contained in Paragraph 19.

20.      Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 20 and therefore deny them.

21.      Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 21 and therefore deny them.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

22.      Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 22 and therefore deny them.

23.      Defendants admit the allegations contained in Paragraph 23.

143399162.4

**FACTUAL ALLEGATIONS**

24.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 24 and therefore deny them.

25.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 25 and therefore deny them.

26.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 26 and therefore deny them.

27.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 27 and therefore deny them.

28.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 28 and therefore deny them.

29.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 29 and therefore deny them.

30.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 30 and therefore deny them.

31.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 31 and therefore deny them.

32.     Defendants admit the allegations contained in Paragraph 32.

33.     Defendants admit the allegations contained in Paragraph 33.

34.     Defendants admit the allegations contained in Paragraph 34.

35.     Defendants admit the allegations contained in Paragraph 35.

36.     Defendants deny the allegations contained in Paragraph 36, except that Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery." Defendants further admit that, were the exclusion for "[g]ender reassignment surgery" removed from the Plan, policyholders would have an opportunity to prove that a gender reassignment surgery is medically necessary under the Plan's generally applicable standards for establishing

medical necessity. Finally, Defendants admit that, were the exclusion for "[g]ender reassignment surgery" removed from the Plan, policyholders would have the right to appeal any adverse determination regarding the medical necessity of a gender reassignment surgery to an independent reviewer within the third-party claims administrator and, if necessary, to an independent review organization.

37. Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 37 and therefore deny them, except that Defendants admit that the four health insurance companies who serve as Network Providers for the Plan have adopted policies and standards for determining when a gender reassignment surgery is medically necessary. Defendants also state that the Plan speaks for itself: the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

38. Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 38 and therefore deny them.

39. Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 39 and therefore deny them.

40. Defendants deny the allegations contained in Paragraph 40, except that Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

41. Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 41 and therefore deny them.

42. Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 42 and therefore deny them.

43. Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 43 and therefore deny them, except that Defendants admit that Blue Cross Blue Shield of Arizona denied preauthorization for Plaintiff's hysterectomy.

143399162.4

44.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 44 and therefore deny them, except that Defendants admit that Blue Cross Blue Shield of Arizona denied preauthorization for Plaintiff's hysterectomy.

45.     Defendants admit the allegations contained in Paragraph 45.

### CLASS ALLEGATIONS

46.     Defendants deny the allegations contained in Paragraph 46, except that Defendants admit that Plaintiff avers that he brought the Complaint on behalf of himself and a proposed class of similarly situated individuals.  Defendants also admit that the Plan, which the State of Arizona uses to offer healthcare coverage to State employees, generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

47.     Defendants deny the allegations contained in Paragraph 47, except that Defendants admit that Plaintiff challenges the facial validity of the Plan's exclusion for "[g]ender reassignment surgery."

48.     Defendants deny the allegations contained in Paragraph 48, except that Defendants admit that Plaintiff seeks a declaratory judgment and injunctive relief that would require Defendants to remove the Plan's exclusion for "[g]ender reassignment surgery."  Further, Defendants do not object to Plaintiff's requested permanent injunctive relief against Defendants State of Arizona and ADOA.

49.     Defendants admit the allegations contained in Paragraph 49 that Plaintiff proposes two classes based on the claims raised.

50.     Defendants admit the allegations contained in Paragraph 50 that Plaintiff proposes a class consisting of all employees of the Arizona Board of Regents enrolled in the Plan who have medical claims for transition-related surgical care.

51.     Defendants admit the allegations contained in Paragraph 51 that Plaintiff proposes a class consisting of all individuals (including State of Arizona employees and

their dependents) enrolled in the Plan who have medical claims for transition-related surgical care.

52.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 52 and therefore deny them.

53.     Defendants deny the allegations contained in Paragraph 53, except that Defendants admit that Plaintiff challenges the facial validity of the Plan's exclusion for "[g]ender reassignment surgery." Defendants also admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery." Defendants further admit that Plaintiff seeks a declaratory judgment and injunctive relief that would require Defendants to remove the Plan's exclusion for "[g]ender reassignment surgery." In addition, Defendants do not object to Plaintiff's requested permanent injunctive relief against Defendants State of Arizona and ADOA.

54.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 54 and therefore deny them.

55.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 55 and therefore deny them.

**COUNT I—VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

56.     Defendants admit the allegations contained in Paragraph 56.

57.     Defendants admit the allegations contained in Paragraph 57.

58.     Defendants admit the allegations contained in Paragraph 58.

59.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 59 and therefore deny them, except that Defendants acknowledge that the Ninth Circuit has ruled that "'sex' under Title VII encompasses both sex—that is, the biological differences between men and women—*and* gender." *Schwenk v. Hartford*, 204 F.3d 1187, 1201–02 (9th Cir. 2000).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

60.     Defendants deny the allegations contained in Paragraph 60, except that Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

61.     Defendants deny the allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62.

63.     Defendants deny the allegations contained in Paragraph 63, except that Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

64.     Defendants deny the allegations contained in Paragraph 64.

**COUNT II—VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

65.     Defendants admit the allegations contained in Paragraph 65.

66.     Defendants deny the allegations contained in Paragraph 66; but Defendants state that they do not object to Plaintiff's requested permanent injunctive relief against Defendants State of Arizona and ADOA.

67.     Defendants deny the allegations contained in Paragraph 67.

68.     Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 68 and therefore deny them, except that Defendants admit that the ADOA Director must "determine the type, structure, and components of the insurance plans made available by [ADOA]."  Ariz. Admin. Code R2-6-103(A).

69.     Defendants admit the allegations contained in Paragraph 69.

70.     Defendants admit the allegations contained in Paragraph 70.

71.     Defendants admit the allegations contained in Paragraph 71.

72.     Defendants deny the allegations contained in Paragraph 72, except that Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants deny the allegations contained in Paragraph 74.

143399162.4

75.     Defendants deny the allegations contained in Paragraph 75, except that Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

76.     Defendants deny the allegations contained in Paragraph 76.

77.     Defendants deny the allegations contained in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78.

79.     Defendants deny the allegations contained in Paragraph 79.

80.     Defendants deny the allegations contained in Paragraph 80, except that Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

81.     Defendants deny the allegations contained in Paragraph 81.

**GENERAL DENIAL**

82.     Defendants deny any and all allegations in Plaintiff's Complaint that are not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

2.     Defendants do not have the reasonable authority to choose the Plan or the specific terms and exclusions of the Plan that offers health insurance for employees of the State of Arizona, including employees of Defendant Arizona Board of Regents, under A.R.S. § 38-656(E).

3.     Defendant Arizona Board of Regents should be dismissed under *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 865 & n.3 (9th Cir. 2016) (describing the plaintiff's decision to name the Arizona Board of Regents as the defendant, "instead of naming either the President, Chair, or other members of [the Arizona Board of Regents] in their official capacities" as an "error" because the "*Young* doctrine is premised

143399162.4

on the fiction that such a suit [against an official-capacity defendant] is not an action against a 'State' and is therefore not subject to the sovereign immunity bar'" (citation omitted)).

WHEREFORE, Defendants request that the Court enter judgment in their favor as follows:

A.     Dismissing Plaintiff's Complaint against Defendants with prejudice because Defendants are required to "accept the benefit level, plan design, insurance providers, premium level and other terms and conditions determined by" ADOA.  A.R.S. § 38-656(E).  Defendants do not have the reasonable authority to offer the coverage and remove the Plan exclusion requested by Plaintiff in the Complaint.  As part of the State of Arizona plan, Defendants must offer the insurance that Defendant ADOA permits them to offer.  Defendants have previously urged ADOA to remove the types of coverage exclusions requested by Plaintiff in the Complaint, but ADOA has not eliminated all exclusions; that decision was in its sole control.  Defendants do not object to Plaintiff's requested permanent injunctive relief against Defendants State of Arizona and ADOA, but move to be dismissed from this suit because Defendants have no reasonable choice but to offer insurance under the Plan that ADOA provides.  Plaintiff seeks relief from Defendants that they cannot reasonably provide because the Plan is selected and controlled by ADOA and not by Defendants.

B.     Dismissing Defendant Arizona Board of Regents under *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 865 & n.3 (9th Cir. 2016).

C.     Awarding Defendants their attorney fees and costs pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1988; and

D.     Awarding Defendants such other relief as the Court deems just and proper.

143399162.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED this March 18, 2019.

PERKINS COIE LLP

By */s/ Paul F. Eckstein*
Paul F. Eckstein
Austin C. Yost
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012

*Attorneys for Defendants Arizona Board of Regents, Ron Shoopman, Larry Penley, Ram Krishna, Bill Ridenour, Lyndel Manson, Karrin Taylor Robson, Jay Heiler, and Fred DuVal*

CV 19-00035-TUC-RM

143399162.4

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

A copy was also e-mailed this March 18, 2019 to:

| | |
|---|---|
| James Burr Shields<br>Heather A. Macre<br>Natalie B. Virden<br>**Aiken Schenk Hawkins & Ricciardi P.C.**<br>2390 East Camelback Road, Suite 400<br>Phoenix, AZ 85016<br>jbs@aikenschenk.com<br>ham@aikenschnek.com<br>nbv@aikenschenk.com | C. Christine Burns<br>Kathryn Hackett King<br>Sarah N. O'Keefe<br>**BURNSBARTON PLC**<br>2201 East Camelback Road, Ste. 360<br>Phoenix, AZ 85016<br>Phone: (602) 753-4500<br>christine@burnsbarton.com<br>kate@burnsbarton.com<br>sarah@burnsbarton.com<br><br>*Attorneys for Defendants State of Arizona, Gilbert Davidson, and Paul Shannon* |
| Joshua A. Block<br>Leslie Cooper<br>**American Civil Liberties Union Foundation**<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>jblock@aclu.org<br>lcooper@aclu.org | |
| Kathleen E. Brody<br>Molly Brizgys<br>**ACLU Foundation of Arizona**<br>3707 North 7th Street, Suite 235<br>Phoenix, AZ 85014<br>kbrody@acluaz.org<br>mbrizgys@acluaz.org<br><br>*Attorneys for Plaintiff* | |

/s/ Clair Wendt

CV 19-00035-TUC-RM

143399162.4