# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Russell B. Toomey,<br><br>        Plaintiff,<br>v.<br><br>State of Arizona; Arizona Board of Regents, d/b/a University of Arizona, a governmental body of the State of Arizona; et al.,<br><br>        Defendants. | CV 19-0035-TUC-RM (LAB)<br><br>**ORDER** |

Pending before the court is a motion to stay further proceedings pending the Supreme Court's ruling in *R.G. & G.R Harris Funeral Homes v. E.E.O.C.* (Doc. 42) The motion was filed on May 29, 2019, by the State of Arizona, Gilbert Davidson, and Paul Shannon (the State Defendants). (Doc. 41) The plaintiff, Russell B. Toomey, filed a response in opposition to the motion on June 10, 2019. (Doc. 43) The State Defendants filed a reply on June 17, 2019. (Doc. 44) The motion will be denied. *See also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (Where "[t]he magistrate judge's denial of Dvorak's motion to stay the civil proceedings did not dispose of any claims or defenses and did not effectively deny him any ultimate relief sought," the "motion to stay was nondispositive.").

Background

The plaintiff in this action, Russell B. Toomey, is an associate professor employed by the University of Arizona. (Doc. 1, p. 4)  He receives health insurance from a self-funded health plan (The Plan) provided by the State of Arizona. (Doc. 1, pp. 3, 10)  The Plan generally provides coverage for medically necessary care. *Id*.  There are coverage exclusions, however, one of which is for "gender reassignment surgery." (Doc. 1, p. 13)  Toomey is a transgendered male. (Doc. 1, p. 12)  "[H]e has a male gender identity, but the sex assigned to him at birth was female." *Id*.

Toomey has been living as a male since 2003. (Doc. 1, p. 12)  His treating physicians have recommended he receive a hysterectomy as a medically necessary treatment for his gender dysphoria. (Doc. 1, p. 12)  Toomey sought medical pre-authorization for a total hysterectomy, but he was denied under the Plan's exclusion for "gender reassignment surgery." (Doc. 1, p. 13)

On January 23, 2019, Toomey brought the pending action in which he argues the Plan's exclusion is sex discrimination under Title VII of the Civil Rights Act of 1964 and a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. (Doc. 1)

On March 3, 2019, the State Defendants moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). (Doc. 24).  The motion is pending a decision from the district court. (Doc. 65)

On May 29, 2019, the State Defendants filed the pending motion to stay further proceedings pending the Supreme Court's ruling in *R.G. & G.R Harris Funeral Homes v. E.E.O.C.* (Doc. 41)  In *Harris Funeral Homes*, Aimee Stephens, a transgender woman who was "assigned male at birth", argues she was terminated from her job because of her sex in violation of Title VII. *Id.*; *Equal Employment Opportunity Comm'n v. R.G. &. G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 566 (6th Cir. 2018).  On April 22, 2019, the Supreme Court granted a petition for writ of certiorari in part. *See R.G. & G.R. Harris Funeral Homes, Inc. v. E.E.O.C.*, 139 S. Ct. 1599 (2019).  The Court will consider "[w]hether Title VII prohibits discrimination against transgender people based on (1) their status as transgender (2) sex stereotyping under *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)." *Id.*

Discussion

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-255, 166. When deciding whether to grant a motion to stay, the court will consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which

could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).

The court considers first "the possible damage which may result from the granting of [the] stay." *Id*. In the 9th Circuit, courts distinguish between cases that seek only monetary damages and those that allege continuing harm and seek injunctive or declaratory relief. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). In *CMAX*, for example, the court granted a motion to stay because the plaintiff sought only monetary damages and did not make a strong argument that it would suffer irreparable harm. *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir.1962). In *Lockyer*, however, the 9th Circuit denied a motion to stay and distinguished *CMAX* because the plaintiff sought injunctive relief against ongoing and future harm. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

In this case, the plaintiff "seeks a reversal of the Health Plan's August 10, 2018 denial of coverage for his gender reassignment surgery." (Doc. 24, p. 15)  He seeks injunctive and declaratory relief, not monetary damages. (Doc. 1, p. 23)  Accordingly, he alleges he will suffer irreparable harm if the case is delayed.

The defendants, on the other hand, will suffer, at most, increased costs if the stay is not granted.  The court finds the harm that the plaintiff will suffer if the stay is granted outweighs the hardship the defendants will suffer if the motion is denied.

The court also considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).  The State Defendants argue that the "orderly course of justice" will be served by a stay because the Supreme Court's up-coming decision in *Harris Funeral Homes* will "provide guidance on legal issues" present in the pending action.  The court agrees that the Supreme Court's eventual decision may be relevant to this court's analysis of Toomey's Title VII claim.  This court is not convinced, however, that the Supreme Court's eventual decision in *Harris Funeral Homes* will be particularly helpful to this court's analysis of Toomey's Equal Protection claim.  The decision of the Court will likely focus on the explicit terms of the statute, the meaning those terms had when the statute was enacted, and the Court's prior decisions construing Title VII.  These are areas of the law with only tangential application to Toomey's Equal Protection claim.  It appears likely that discovery and litigation of the Equal Protection Claim will eventually proceed regardless of the Court's guidance in *Harris Funeral Homes*.  Accordingly, this court finds that the "orderly course of justice" prong of the analysis favors granting the motion, but it is not dispositive.  The court concludes that the balance of factors counsels against granting the motion to stay.  Accordingly,

//

//

5

IT IS ORDERED that the motion to stay further proceedings pending the Supreme Court's ruling in *R.G. & G.R. Harris Funeral Homes. v. E.E.O.C.*, filed on May 29, 2019, is DENIED.  (Doc. 41)

Dated this 21st day of October, 2019.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge