1  Paul F. Eckstein (#001822)
2  Austin C. Yost (#034602)
   **PERKINS COIE LLP**
3  2901 North Central Avenue, Suite 2000
   Phoenix, Arizona 85012-2788
4  Telephone: 602.351.8000
5  Facsimile: 602.648.7000
   PEckstein@perkinscoie.com
6  AYost@perkinscoie.com
   DocketPHX@perkinscoie.com
7

8  *Attorneys for Defendants Arizona Board of Regents,*
   *Ron Shoopman, Larry Penley, Ram Krishna,*
9  *Bill Ridenour, Lyndel Manson, Karrin Taylor Robson,*
   *Jay Heiler, and Fred DuVal*
10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Russell B. Toomey**, | |
| Plaintiff, | CV-19-00035-TUC-RM (LAB) |
| v. | |
| **State of Arizona**; **Arizona Board of Regents, d/b/a University of Arizona**, a governmental body of the State of Arizona; **Ron Shoopman**, in his official capacity as Chair of the Arizona Board of Regents; **Larry Penley**, in his official capacity as Member of the Arizona Board of Regents; **Ram Krishna**, in his official capacity as Secretary of the Arizona Board of Regents; **Bill Ridenour**, in his official capacity as Treasurer of the Arizona Board of Regents; **Lyndel Manson**, in her official capacity as Member of the Arizona Board of Regents; **Karrin Taylor Robson**, in her official capacity as Member of the Arizona Board of Regents; **Jay Heiler**, in his official capacity as Member of the Arizona Board of Regents; **Fred DuVal**, in his official capacity as Member of the Arizona Board of Regents; **Andy Tobin**, in his | **DEFENDANTS ARIZONA BOARD OF REGENTS, RON SHOOPMAN, LARRY PENLEY, RAM KRISHNA, BILL RIDENOUR, LYNDEL MANSON, KARRIN TAYLOR ROBSON, JAY HEILER, AND FRED DUVAL'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

official capacity as Director of the Arizona Department of Administration; **Paul Shannon**, in his official capacity as Acting Assistant Director of the Benefits Services Division of the Arizona Department of Administration,

Defendants.

Defendants Arizona Board of Regents, Ron Shoopman, Larry Penley, Ram Krishna, Bill Ridenour, Lyndel Manson, Karrin Taylor Robson, Jay Heiler, and Fred DuVal (collectively, "University Defendants") answer Plaintiff Russell B. Toomey's ("Plaintiff") Amended Complaint. University Defendants do not object to offering the insurance coverage requested by Plaintiff in the Amended Complaint, but because University Defendants are required to "accept the benefit level, plan design, insurance providers, premium level and other terms and conditions determined by" the Arizona Department of Administration ("ADOA"), A.R.S. § 38-656(E), University Defendants do not have the reasonable authority to offer the coverage and remove the Plan exclusion requested by Plaintiff in the Amended Complaint. As part of the State of Arizona plan, University Defendants must offer the health insurance that ADOA permits them to offer. University Defendants have previously urged ADOA to remove the types of coverage exclusions requested by Plaintiff in the Amended Complaint, but ADOA has not eliminated all exclusions. That decision was in its sole control. University Defendants do not object to Plaintiff's requested permanent injunctive relief against Defendants State of Arizona, Andy Tobin, and Paul Shannon (collectively, "State Defendants") but request to be dismissed from this suit because University Defendants have no reasonable choice but to offer insurance under the Plan that ADOA provides.

## Introduction

1. University Defendants admit the allegations contained in Paragraph 1.

2. University Defendants deny the allegations contained in Paragraph 2, except that University Defendants admit that the self-funded health plan that the State of Arizona

uses to offer healthcare coverage to State of Arizona employees, which is controlled by ADOA ("the Plan"), generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

3. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 3 and therefore deny them.

4. University Defendants admit the allegation contained in Paragraph 4 that Plaintiff is employed as an Associate Professor at the University of Arizona. University Defendants further admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery." University Defendants do not have knowledge or information sufficient to answer the remaining allegations and therefore deny them.

5. University Defendants deny the allegations contained in Paragraph 5, except that University Defendants admit that, were the exclusion for "[g]ender reassignment surgery" removed from the Plan, Plaintiff would have an opportunity to prove that a gender reassignment surgery is medically necessary under the Plan's generally applicable standards for establishing medical necessity.

6. University Defendants deny the allegations contained in Paragraph 6, except that University Defendants admit that, were the exclusion for "[g]ender reassignment surgery" removed from the Plan, Plaintiff would have the right to appeal any adverse determination regarding the medical necessity of a gender reassignment surgery to an independent reviewer within the third-party claims administrator and, if necessary, to an independent review organization.

7. University Defendants deny the allegations contained in Paragraph 7.

8. University Defendants deny the allegations contained in Paragraph 8, except that University Defendants admit that Plaintiff avers that he brought the Amended Complaint on behalf of himself and a proposed class of similarly situated individuals for a declaratory judgment and injunctive relief that would require University Defendants and

State Defendants to remove the Plan's exclusion for "[g]ender reassignment surgery." Further, University Defendants do not object to Plaintiff's requested permanent injunctive relief against State Defendants.

### Jurisdiction and Venue

9. University Defendants admit the allegation contained in Paragraph 9 that this action "arises under" Title VII of the Civil Rights Act of 1964 and the United States Constitution, but University Defendants deny that Plaintiff has stated a valid claim under those authorities.

10. University Defendants admit the allegations contained in Paragraph 10.

11. University Defendants admit the allegations contained in Paragraph 11.

12. University Defendants deny the allegations contained in Paragraph 12, except that University Defendants admit that venue is proper in this Court.

### Parties

13. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 13 and therefore deny them.

14. University Defendants admit the allegations contained in Paragraph 14.

15. University Defendants deny the allegations contained in Paragraph 15, except that University Defendants admit that Defendant Arizona Board of Regents offers its employees healthcare insurance through the Plan.

16. University Defendants deny the allegations contained in Paragraph 16, except that University Defendants admit that Defendant Ron Shoopman is sued in his official capacity. Defendant Larry Penley is the Chair of Defendant Arizona Board of Regents. Defendant Ron Shoopman is the Treasurer of Defendant Arizona Board of Regents.

17. University Defendants deny the allegations contained in Paragraph 17, except that University Defendants admit that Defendant Ram Krishna is sued in his official capacity. Defendant Karrin Taylor Robson is the Secretary of Defendant Arizona Board of Regents. Defendant Ram Krishna is a Member of Defendant Arizona Board of Regents.

18. University Defendants deny the allegations contained in Paragraph 18, except that University Defendants admit that Defendant Bill Ridenour is sued in his official capacity. Defendant Ron Shoopman is the Treasurer of Defendant Arizona Board of Regents. Defendant Bill Ridenour is a Member of Defendant Arizona Board of Regents.

19. University Defendants deny the allegations contained in Paragraph 19, except that University Defendants admit that Defendants Larry Penley, Lyndel Manson, Karrin Taylor Robson, Jay Heiler, and Fred DuVal are sued in their official capacities. Defendants Ram Krishna, Bill Ridenour, Lyndel Manson, Jay Heiler, and Fred DuVal are Members of Defendant Arizona Board of Regents. Defendant Larry Penley is the Chair of Defendant Arizona Board of Regents, and Defendant Karrin Taylor Robson is the Secretary of Defendant Arizona Board of Regents.

20. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 20 and therefore deny them.

21. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 21 and therefore deny them.

**Exhaustion of Administration Remedies**

22. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 22 and therefore deny them.

23. University Defendants admit the allegations contained in Paragraph 23.

**Factual Allegations**

24. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 24 and therefore deny them.

25. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 25 and therefore deny them.

26. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 26 and therefore deny them.

27. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 27 and therefore deny them.

28. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 28 and therefore deny them.

29. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 29 and therefore deny them.

30. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 30 and therefore deny them.

31. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 31 and therefore deny them.

32. University Defendants admit the allegations contained in Paragraph 32.

33. University Defendants admit the allegations contained in Paragraph 33.

34. University Defendants admit the allegations contained in Paragraph 34.

35. University Defendants admit the allegations contained in Paragraph 35.

36. University Defendants deny the allegations contained in Paragraph 36, except that University Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery." University Defendants further admit that, were the exclusion for "[g]ender reassignment surgery" removed from the Plan, policyholders would have an opportunity to prove that a gender reassignment surgery is medically necessary under the Plan's generally applicable standards for establishing medical necessity. Finally, University Defendants admit that, were the exclusion for "[g]ender reassignment surgery" removed from the Plan, policyholders would have the right to appeal any adverse determination regarding the medical necessity of a gender reassignment surgery to an independent reviewer within the third-party claims administrator and, if necessary, to an independent review organization.

37. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 37 and therefore deny them, except that

University Defendants admit that the four health insurance companies who serve as Network Providers for the Plan have adopted policies and standards for determining when a gender reassignment surgery is medically necessary. University Defendants also state that the Plan speaks for itself: the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

38. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 38 and therefore deny them.

39. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 39 and therefore deny them.

40. University Defendants deny the allegations contained in Paragraph 40, except that University Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

41. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 41 and therefore deny them.

42. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 42 and therefore deny them.

43. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 43 and therefore deny them, except that University Defendants admit that Blue Cross Blue Shield of Arizona denied preauthorization for Plaintiff's hysterectomy.

44. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 44 and therefore deny them, except that University Defendants admit that Blue Cross Blue Shield of Arizona denied preauthorization for Plaintiff's hysterectomy.

45. University Defendants admit the allegations contained in Paragraph 45.

**Class Allegations**

46. University Defendants deny the allegations contained in Paragraph 46, except that University Defendants admit that Plaintiff avers that he brought the Amended Complaint on behalf of himself and a proposed class of similarly situated individuals. University Defendants also admit that the Plan, which the State of Arizona uses to offer healthcare coverage to State of Arizona employees, generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

47. University Defendants deny the allegations contained in Paragraph 47, except that University Defendants admit that Plaintiff challenges the facial validity of the Plan's exclusion for "[g]ender reassignment surgery."

48. University Defendants deny the allegations contained in Paragraph 48, except that University Defendants admit that Plaintiff seeks a declaratory judgment and injunctive relief that would require University Defendants and State Defendants to remove the Plan's exclusion for "[g]ender reassignment surgery."  Further, University Defendants do not object to Plaintiff's requested permanent injunctive relief against State Defendants.

49. University Defendants admit the allegations contained in Paragraph 49 that Plaintiff proposes two classes based on the claims raised.

50. University Defendants admit the allegations contained in Paragraph 50 that Plaintiff proposes a class consisting of all current and future employees of Defendant Arizona Board of Regents who are or will be enrolled in the Plan and who have or will have medical claims for transition-related surgical care.

51. University Defendants admit the allegations contained in Paragraph 51 that Plaintiff proposes a class consisting of all current and future individuals (including State of Arizona employees and their dependents) who are or will be enrolled in the Plan and who have or will have medical claims for transition-related surgical care.

52. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 52 and therefore deny them.

53. University Defendants deny the allegations contained in Paragraph 53, except that University Defendants admit that Plaintiff challenges the facial validity of the Plan's exclusion for "[g]ender reassignment surgery." University Defendants also admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery." University Defendants further admit that Plaintiff seeks a declaratory judgment and injunctive relief that would require University Defendants and State Defendants to remove the Plan's exclusion for "[g]ender reassignment surgery." In addition, University Defendants do not object to Plaintiff's requested permanent injunctive relief against State Defendants.

54. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 54 and therefore deny them.

55. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 55 and therefore deny them.

**Count I—Violation of Title VII of the Civil Rights Act of 1964**

56. University Defendants admit the allegations contained in Paragraph 56.

57. University Defendants admit the allegations contained in Paragraph 57.

58. University Defendants admit the allegations contained in Paragraph 58.

59. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 59 and therefore deny them, except that University Defendants acknowledge that the Ninth Circuit has ruled that "'sex' under Title VII encompasses both sex—that is, the biological differences between men and women—*and* gender." *Schwenk v. Hartford*, 204 F.3d 1187, 1201–02 (9th Cir. 2000).

60. University Defendants deny the allegations contained in Paragraph 60, except that University Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

61. University Defendants deny the allegations contained in Paragraph 61.

62. University Defendants deny the allegations contained in Paragraph 62.

63. University Defendants deny the allegations contained in Paragraph 63, except that University Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

64. University Defendants deny the allegations contained in Paragraph 64.

**Count II—Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**

65. University Defendants admit the allegations contained in Paragraph 65.

66. University Defendants deny the allegations contained in Paragraph 66. But University Defendants state that they do not object to Plaintiff's requested permanent injunctive relief against State Defendants.

67. University Defendants deny the allegations contained in Paragraph 67.

68. University Defendants do not have knowledge or information sufficient to answer the allegations contained in Paragraph 68 and therefore deny them, except that University Defendants admit that the ADOA Director must "determine the type, structure, and components of the insurance plans made available by [ADOA]." Ariz. Admin. Code R2-6-103(A).

69. University Defendants admit the allegations contained in Paragraph 69.

70. University Defendants admit the allegations contained in Paragraph 70.

71. University Defendants admit the allegations contained in Paragraph 71.

72. University Defendants deny the allegations contained in Paragraph 72, except that University Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

73. University Defendants deny the allegations contained in Paragraph 73.

74. University Defendants deny the allegations contained in Paragraph 74.

75. University Defendants deny the allegations contained in Paragraph 75, except that University Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

76. University Defendants deny the allegations contained in Paragraph 76.

77. University Defendants deny the allegations contained in Paragraph 77.

78. University Defendants deny the allegations contained in Paragraph 78.

79. University Defendants deny the allegations contained in Paragraph 79.

80. University Defendants deny the allegations contained in Paragraph 80, except that University Defendants admit that the Plan generally provides coverage for medically necessary care and excludes coverage for "[g]ender reassignment surgery."

81. University Defendants deny the allegations contained in Paragraph 81.

**General Denial**

82. University Defendants deny any and all allegations in Plaintiff's Amended Complaint that are not specifically admitted herein.

**Affirmative Defenses**

1. Plaintiff's Amended Complaint fails to state a claim against University Defendants upon which relief can be granted.

2. University Defendants do not have the reasonable authority to choose the Plan or the specific terms and exclusions of the Plan that offers health insurance for employees of the State of Arizona, including employees of Defendant Arizona Board of Regents, under A.R.S. § 38-656(E).

3. Defendant Arizona Board of Regents should be dismissed under *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 865 & n.3 (9th Cir. 2016) (describing the plaintiff's decision to name the Arizona Board of Regents as the defendant, "instead of naming either the President, Chair, or other members of [the Arizona Board of Regents] in their official capacities" as an "error" because the "*Young* doctrine is premised on the fiction that such a suit [against an official-capacity defendant] is not an action against a 'State' and is therefore not subject to the sovereign immunity bar'" (citation omitted)).

4. Plaintiff's Amended Complaint should be dismissed because Plaintiff did not exhaust the administrative remedies required by the Plan.

WHEREFORE, University Defendants request that the Court enter judgment in their favor as follows:

A. Dismissing Plaintiff's Amended Complaint against University Defendants with prejudice because University Defendants are required to "accept the benefit level, plan design, insurance providers, premium level and other terms and conditions determined by" ADOA. A.R.S. § 38-656(E). University Defendants do not have the reasonable authority to offer the coverage and remove the Plan exclusion requested by Plaintiff in the Amended Complaint. As part of the State of Arizona plan, University Defendants must offer the insurance that ADOA permits them to offer. University Defendants have previously urged ADOA to remove the types of coverage exclusions requested by Plaintiff in the Amended Complaint, but ADOA has not eliminated all exclusions. That decision was in its sole control. University Defendants do not object to Plaintiff's requested permanent injunctive relief against State Defendants, but move to be dismissed from this suit because University Defendants have no reasonable choice but to offer insurance under the Plan that ADOA provides. Plaintiff seeks relief from University Defendants that they cannot reasonably provide because the Plan is selected and controlled by ADOA and not by University Defendants. At the very least, University Defendants cannot as a matter of law bear any liability that is greater than the liability incurred by State Defendants. Therefore, to the extent that Plaintiff does not prevail on any of his claims against State Defendants, such claims against University Defendants should also be dismissed.

B. Dismissing Defendant Arizona Board of Regents under *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 865 & n.3 (9th Cir. 2016).

C. Dismissing Plaintiff's Amended Complaint because Plaintiff did not exhaust the administrative remedies required by the Plan.

D. Awarding University Defendants their attorneys' fees and costs pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1988; and

1  E. Awarding University Defendants such other relief as the Court deems just and
2  proper.

RESPECTFULLY SUBMITTED this March 16, 2020.

**PERKINS COIE LLP**

By   *s/ Paul F. Eckstein*
     Paul F. Eckstein
     Austin C. Yost
     2901 N. Central Avenue, Suite 2000
     Phoenix, AZ 85012

*Attorneys for Defendants Arizona Board of Regents, Ron Shoopman, Larry Penley, Ram Krishna, Bill Ridenour, Lyndel Manson, Karrin Taylor Robson, Jay Heiler, and Fred DuVal*

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

A copy was also e-mailed this March 16, 2020 to:

| | |
|---|---|
| Wesley R. Powell<br>Matthew S. Friemuth<br>**Willkie Farr & Gallagher LLP**<br>787 Seventh Avenue<br>New York, NY 10019<br>wpowell@willkie.com<br>mfriemuth@willkie.com | C. Christine Burns<br>Kathryn Hackett King<br>Alison Pulaski Carter<br>**BurnsBarton PLC**<br>2201 East Camelback Road, Suite 360<br>Phoenix, AZ 85016<br>christine@burnsbarton.com<br>kate@burnsbarton.com<br>alison@burnsbarton.com<br><br>*Attorneys for Defendants State of Arizona, Gilbert Davidson, and Paul Shannon* |
| Joshua A. Block<br>Leslie Cooper<br>**American Civil Liberties Union Foundation**<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>jblock@aclu.org<br>lcooper@aclu.org | |
| Christine K. Wee<br>Victoria Lopez<br>**ACLU Foundation of Arizona**<br>3707 North 7th Street, Suite 235<br>Phoenix, AZ 85014<br>cwee@acluaz.org<br>vlopez@acluaz.org<br><br>*Attorneys for Plaintiff* | |

s/ *Clair Wendt*