**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey,<br>       Plaintiff,<br>v.<br>State of Arizona; Arizona Board of Regents, d/b/a University of Arizona, a governmental body of the State of Arizona; et al.,<br>       Defendants. | CV 19-0035-TUC-RM (LAB)<br><br>Related Case:<br>CV 20-0335-TUC-SHR<br><br>**ORDER** |

Pending before the Court is a motion to transfer filed on August 11, 2020 pursuant to LRCiv 42.1. (Doc. 113) The motion was filed originally by the plaintiffs in a related case, *Janice Hennessy-Waller; et al. v. Jami Snyder*, CV 20-0335-TUC-SHR, Doc. 10. They seek to transfer their case to Judge Rosemary Márquez who presides over the pending action. In accordance with the Local Rules, this Court is responsible for adjudicating the motion. LRCiv 42.1(b)  A response was filed on August 25, 2020. (CV 20-0225, Doc. 13) A reply was filed on August 26, 2020. (CV 20-0225, Doc. 16)

The plaintiff in this action, Russell B. Toomey, is an associate professor employed at the University of Arizona. (Doc. 1, p. 4)  He receives health insurance from a self-funded health plan (The Plan) provided by the State of Arizona. (Doc. 1, pp. 3, 10)  The Plan generally provides coverage for medically necessary care. (Doc. 1, pp. 3, 10)  There are coverage exclusions, however, one of which is for "gender reassignment surgery." (Doc. 1, p. 13)

Toomey's treating physicians have recommended that he receive a hysterectomy as a medically necessary treatment for his gender dysphoria. (Doc. 1, p. 12) On January 23, 2019,

1 Toomey brought the pending action in which he argues that the Plan's exclusion is sex
2 discrimination under Title VII of the Civil Rights Act of 1964 and a violation of his rights under
3 the Equal Protection Clause of the Fourteenth Amendment.  (Doc. 1)

4      In the pending motion, the plaintiffs in *Hennessy-Waller* move that their case be
5 transferred to this Court "to avoid duplication of effort, prevent inconsistent decisions, and
6 promote judicial economy."  (Doc. 113, p. 2)  Their case "alleges that Arizona Medicaid's
7 refusal to cover male chest reconstruction surgery – a medically necessary treatment for
8 Plaintiffs' gender dysphoria – violates Section 1557 of the Patient Protection and Affordable
9 Care Act, the Early and Periodic Screening, Diagnostic and Treatment . . . and comparability
10 requirements of the federal Medicaid Act, and the Equal Protection Clause of the Fourteenth
11 Amendment to the United States Constitution."  *Id.*

12      The Local Rule reads in pertinent part as follows:

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

17 LRCiv 42.1(a);  *see also* Fed.R.Civ.P. 42(a) (permitting consolidation if actions "involve a
18 common question of law or fact.").  "The Court considers these factors, but has broad discretion
19 in deciding a motion to transfer under Local Rule 42.1(a)."  *Cagle v. Ryan*, 2018 WL 2688775,
20 at *1 (D. Ariz. 2018)  (punctuation modified).  "When considering a motion under Local Rule
21 42.1(a), a principal factor is whether party economy or judicial economy is substantially served
22 by transfer to another judge."  *Id.*

23      The plaintiffs in *Hennessy-Waller* maintain that their case and the pending action "call
24 for determination of substantially the same questions of law" (Doc. 113, p. 4) They also believe
25 that "substantial duplication of labor" will occur if the cases are "heard by different Judges."
26 *Id.*  They further argue that consolidation is warranted "for reasons of judicial economy and the
27 availability of judicial resources."  *Id.*

28
- 2 -

The Court notes that there are many similarities between the two actions. Both cases are class actions in which class members seek "gender reassignment surgery" that is currently precluded by a coverage exclusion in the members' respective health plans. Both cases include a claim under the Equal Protection Clause and both cases raise a federal civil rights statutory claim. There are, however important differences.

The two cases entail different surgical procedures subject to coverage exclusions in two different medical plans. Both cases allege violations of the Equal Protection Clause, but the *Hennessy-Waller* case alleges violations of the Patient Protection and Affordable Care Act and the federal Medicaid Act while the pending action alleges a violation of Title VII. The questions of law presented in the two actions may be similar, but it does not appear that they will be so similar that there will be any meaningful advantage from having both cases heard by the same judge. It seems unlikely that there will be substantial duplication of effort should the two cases remain with their respective judges.

The Court also notes the pending action is considerably more advanced than the *Hennessy-Waller* case. In the pending action, the Court has already denied the defendants' motion to dismiss and granted the plaintiff's motion to certify a class. There is no evidence that the plaintiffs in *Hennessy-Waller* are forum shopping, but the circumstances are such that the pending motion to transfer gives that appearance. And "[w]hile certainly not dispositive of the inquiry, the Court finds that even the appearance of forum shopping militates against transfer." *Pangerl v. Ehrlich*, 2007 WL 686703, at *4 (D. Ariz. 2007).

IT IS ORDERED that the motion to transfer filed on August 11, 2020 pursuant to LRCiv 42.1 is DENIED. (Doc. 113); (CV 20-0335-TUC-SHR, Doc. 10)

DATED this 19th day of October, 2020.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

- 3 -