Victoria Lopez- 330042
Christine K Wee– 028535
ACLU FOUNDATION OF ARIZONA
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
Email: cwee@acluaz.org

Joshua A. Block*
Leslie Cooper*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, Floor 18
New York, New York 10004
Telephone: (212) 549-2650
E-Mail: jblock@aclu.org
E-Mail: lcooper@aclu.org
*Admitted pro hac vice

Wesley R. Powell*
Matthew S. Friemuth*
Nicholas Reddick*
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
E-Mail: wpowell@willkie.com
E-Mail: mfriemuth@willkie.com
E-Mail: nreddick@willkie.com
*Admitted pro hac vice

Attorneys for Plaintiff Russell B. Toomey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **RUSSELL B. TOOMEY,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**STATE OF ARIZONA; ARIZONA BOARD OF REGENTS, D/B/A UNIVERSITY OF ARIZONA**, a governmental body of the State of Arizona; **RON SHOOPMAN**, in his official capacity as Chair of the **Arizona Board of Regents; LARRY PENLEY**, in his official capacity as Member of the Arizona Board of Regents; **RAM KRISHNA**, in his official capacity as Secretary of the Arizona Board of Regents; **BILL RIDENOUR**, in his official capacity as Treasurer of the Arizona Board of Regents; **LYNDEL MANSON**, in her official capacity as Member of the Arizona Board of Regents; **KARRIN TAYLOR ROBSON**, in her official capacity as Member of the Arizona Board of Regents; **JAY HEILER**, in his official capacity as Member of the Arizona Board of Regents; **FRED DUVAL**, in his official capacity as Member of the Arizona Board of Regents; **ANDY TOBIN**, in his official capacity as Director of the Arizona Department of Administration; **PAUL SHANNON**, in his official capacity as Acting Assistant Director of the Benefits Services Division of the Arizona Department of Administration,<br><br>　　　　　　　Defendants. | CV 19-0035-TUC-RM (LAB)<br><br><br>**MOTION TO EXPEDITE CONSIDERATION OF PLAINTIFF AND THE CLASSES' OBJECTIONS TO REPORT & RECOMMENDATION** |

Plaintiff Russell B. Toomey, Ph.D., on behalf of himself and the certified Classes, respectfully requests expedited consideration of his Motion for Preliminary Injunction (Doc. 115), and Objections to the Magistrate Judge's Report and Recommendation (the "R&R") (Doc. 134).

Plaintiff respectfully submits that expedited consideration is necessary for at least two reasons.

*First*, expedited consideration is necessary to clarify the scope of necessary discovery and to facilitate potential settlement discussions.  As discussed in the Objections to the R&R, Dr. Toomey and the Classes contend that the "gender reassignment surgery" exclusion is facially discriminatory under Title VII and the Equal Protection Clause and, therefore, subject to heightened scrutiny. By contrast, the R&R concludes that the "gender reassignment surgery" exclusion is not facially discriminatory and that Dr. Toomey and the Classes must demonstrate that the exclusion was adopted and maintained based on animus toward transgender people.

Resolving this fundamental disagreement now is necessary to "secure the just, speedy, and inexpensive determination" of these proceedings. Fed. R. Civ. P. 1. If Dr. Toomey and the Classes are correct that the "gender reassignment surgery" exclusion is facially discriminatory, then Defendants' subjective motivations are irrelevant, and Defendants bear the burden of defending the policy under heightened scrutiny.  If Dr. Toomey and the Classes are incorrect, then the parties must engage in more sweeping discovery into the motivations of governmental officials (past and present) who participated in creating and maintaining the coverage exclusion.  Clarifying which party bears the burden of proof—and the facts they are required to prove—will also have a dramatic effect on the parties' decisions about whether to retain expert witnesses as part of their case in chief or wait to retain expert witnesses for rebuttal if necessary.

*Second*, expedited consideration is necessary to protect Dr. Toomey and the Classes from ongoing irreparable harm from Defendants' unlawful denial of medically necessary care. As explained in the Motion for Preliminary Injunction (Doc. 115 at 8), concerns about

1

mootness prevented Dr. Toomey from seeking injunctive relief until the case was certified as a class action on June 15, 2020. (Doc. 108). The case was then delayed for two months as the parties engaged in unsuccessful settlement discussions in light of *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1741 (2020), which was decided the same day that the class certification was granted (Doc. 115 at 5). As a result, nearly two years have passed since Dr. Toomey first filed this case on January 23, 2019. (Complaint, Doc. 1.). Dr. Toomey and the Classes continue to be denied medically necessary care every day that goes by without a preliminary injunction, and the Court should act to prevent this ongoing harm as swiftly as practicable.

Respectfully submitted this 4th day of December, 2020.

ACLU FOUNDATION OF ARIZONA
By */s/ Christine K. Wee*
   Christine K. Wee
   Victoria Lopez

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
   Joshua A. Block*
   Leslie Cooper*

WILLKIE FARR & GALLAGHER LLP
   Wesley R. Powell*
   Matthew S. Friemuth*
   Nicholas Reddick*

**admitted pro hac vice*

*Attorneys for Plaintiff Russell B. Toomey*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2020, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

*/s/Christine K. Wee*
Christine K. Wee