FENNEMORE CRAIG, P.C.
Timothy J. Berg (No. 004170)
Amy Abdo (No. 016346)
Ryan Curtis (No. 025133)
Shannon Cohan (No. 034429)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: tberg@fclaw.com
Email: amy@fclaw.com
Email: rcurtis@fclaw.com
Email: scohan@fclaw.com

*Attorneys for Defendants*
*State of Arizona, Andy Tobin, and Paul Shannon*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| RUSSELL B. TOOMEY, | No. 4:19-cv-00035 |
| Plaintiff, | **DEFENDANTS STATE OF ARIZONA'S, ANDY TOBIN'S, AND PAUL SHANNON'S RESPONSE TO PLAINTIFF'S MOTION TO EXPEDITE CONSIDERATION OF PLAINTIFF AND THE CLASSES' OBJECTIONS TO REPORT & RECOMMENDATION** |
| v. | |
| STATE OF ARIZONA; *et al.*, | |
| Defendants. | |

Defendants State of Arizona, Andy Tobin as Director of the Arizona Department of Administration, and Paul Shannon as Acting Assistant Director of the Benefits Services Division of the Arizona Department of Administration (collectively, the "State Defendants") hereby respond to Plaintiff's Motion to Expedite Consideration Of Plaintiff's And The Classes' Objections To Report And Recommendation (Doc. 136). State Defendants do not object to the Court's timely consideration of the parties' briefing and setting of oral argument; however, State Defendants request a reasonable timeframe to respond to Plaintiff's And The Classes' Objections To Report And Recommendation (the

"Objections") (Doc. 135).

Pursuant to Rule 72, State Defendants are granted fourteen days to respond to Plaintiff's Objections. This is already a quick turnaround time, which affords the Court the opportunity to resolve the objections to the Report and Recommendation in a timely fashion. This standard response time is further warranted here for two reasons. First, Plaintiff's Objections consist of nearly ten full pages of complex, nuanced legal arguments. While some of these arguments merely repeat what was in Plaintiff's Motion for Preliminary Injunction, many of them are new. It is unfair and unduly burdensome to require State Defendants to respond to complex and novel arguments in a shortened timeframe. This is particularly so because the relief requested in Plaintiff's Motion for Preliminary Injunction is significant. Second, several members of State Defendants' counsel team are preparing for arbitration and are in multiple depositions during the next two weeks while others are involved in year-end transactions. As a result, their time to prepare an appropriate response to the Objections is limited (especially considering it is also holiday season).

Moreover, Plaintiff's Motion to Expedite provides no reason to reduce State Defendants' time to respond. As an initial matter, Plaintiff does not actually appear to request that the Court order State Defendants to respond in less than fourteen days. (See generally Doc. 136). Instead, it appears that Plaintiff's request relates solely to the *Court's consideration* of the Objections, and not State Defendants' responses.

Plaintiff's Motion to Expedite does suggest, however, that expedited consideration is necessary because it will affect discovery and because Plaintiff is allegedly suffering harm in the interim. Neither of these reasons support reducing State Defendants' response time. First, discovery in this matter is not set to close until six months from now—May 3, 2021. (Doc. 130 at 2:3–4). This provides more than enough time for the Court to provide State Defendants a reasonable time to respond and rule on the Motion for Preliminary

Injunction, and then for the parties to engage in meaningful and fulsome discovery. Permitting State Defendants their full time to respond will not cause the scheduling order to be amended or otherwise delay the case. Second, this case has already been pending for nearly two years. Permitting State Defendants a reasonable time to respond to Plaintiff's Objections is immaterial in this context.

For these reasons, the State Defendants respectfully request that the Court grant them fourteen days to respond to Plaintiff's Objections.

DATED this 7th day of December, 2020.

FENNEMORE CRAIG, P.C.

By: *s/ Ryan Curtis*
Timothy J. Berg
Amy Abdo
Ryan Curtis
Shannon Cohan
Attorneys for Defendants State of Arizona, Andy Tobin, and Paul Shannon

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Victoria Lopez
Christine K. Wee
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
vlopez@acluaz.org
cwee@acluaz.org
*Attorneys for Plaintiff*

Joshua A. Block
Leslie Cooper
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
jblock@aclu.org
lcooper@aclu.org
*Attorneys for Plaintiff*

Wesley R. Powell
Matthew S. Friemuth
WILLKIE FARR & GALLAGHER LLP
787 Seventh Ave.
New York, NY 10019
wpowell@willkie.com
mfriemuth@willkie.com
*Attorneys for Plaintiff*

Paul F. Eckstein
Austin C. Yost
PERKINS COIE, LLP
2901 N. Central Ave., Ste. 2000
Phoenix, AZ 85012
PEckstein@perkinscoie.com
AYost@perkinscoie.com
*Attorneys for Defendants Arizona Board of Regents
dba University of Arizona; Ron Shoopman; Larry Penley; Ram Krishna; Bill Ridenour;
Lyndel Manson; Karrin Taylor Robson; Jay Heiler; and Fred Duval*

*/s/ Lynn M. Marble*

17616632