FENNEMORE CRAIG, P.C.
Timothy J. Berg (No. 004170)
Amy Abdo (No. 016346)
Ryan Curtis (No. 025133)
Shannon Cohan (No. 034429)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona  85016
Telephone:  (602) 916-5000
Email:  tberg@fennemorelaw.com
Email:  amy@fennemorelaw.com
Email:  rcurtis@fennemorelaw.com
Email:  scohan@fennemorelaw.com

*Attorneys for Defendants*
*State of Arizona, Andy Tobin, and Paul Shannon*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey,<br><br>       Plaintiff,<br><br>   v.<br><br>State of Arizona, *et al.*<br><br>       Defendants. | No. 4:19-cv-00035<br><br>**NOTICE OF SUBPOENA** |

Notice is hereby given that, pursuant to Federal Rules of Civil Procedure 34(c) and 45, Defendants State of Arizona, Andy Tobin, and Paul Shannon have issued and intend to serve the attached subpoena commanding production of documents on Blue Cross Blue Shield of Arizona.

DATED this 22nd day of March, 2021.

1
2
3
4
5
6
7   18257567
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

FENNEMORE CRAIG, P.C.

By: *s/ Ryan Curtis*
    Timothy J. Berg
    Amy Abdo
    Ryan Curtis
    Shannon Cohan
    Attorneys for Defendants State of Arizona, Andy Tobin, and Paul Shannon

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| Russell B. Toomey,<br>*Plaintiff*<br>v.<br>State of Arizona, et al.,<br>*Defendant* | Civil Action No. CV 19-0035-TUC-RM |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Blue Cross and Blue Shield of Arizona, Inc., c/o Deanna Salazar, 2444 W Las Palmaritas Dr., Phoenix, AZ 85021

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Fennemore Craig, P.C.<br>c/o Ryan Curtis<br>2394 E Camelback Rd, Ste. 600, Phoenix, AZ 85016 | Date and Time:<br>04/19/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/22/2021

*CLERK OF COURT*

OR

_____      s/ Ryan Curtis
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants State of Arizona, Paul Shannon, and Andy Tobin , who issues or requests this subpoena, are:
Ryan Curtis, 2394 E Camelback Rd, Ste. 600, Phoenix, AZ 85016, rcurtis@fennemorelaw.com, 602-916-5000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV 19-0035-TUC-RM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:19-cv-00035-RM-LAB Document 169 Filed 03/22/21 Page 5 of 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### DEFINITIONS

A. The terms "you" and "your" refers to Blue Cross and Blue Shield of Arizona, Inc.

B. The terms "Plaintiff" or "Toomey" refer to Plaintiff Russell B. Toomey.

C. The term "document" is intended to include any written, printed, typed, photocopied, photographic, electronically recorded or encoded matter or communication of any kind, however produced, stored or reproduced, including, but not limited to, computer hard drives, computer printouts, computer disks, e-mail, correspondence, letters, telegrams, cables, telexes, pleadings, notes, memoranda, reports, work papers, diaries, calendars, photographs, charts, minutes of meetings, contracts, agreements and amendments and addenda thereto, financial journals and ledgers, bookkeeping records, accounts receivable, accounts payable, cash receipt records, payment records, work files, customer files, promotional literature, sales literature, prospectuses, offering circulars, interoffice communications, accountings, projections, statistical records, stenographers' notebooks, appointment books, time sheets and logs, chronological files, reading files, social media activity (including without limitation Facebook, LinkedIn, Twitter, YouTube, Instagram), blogs, ListServs, and all other materials, including drafts and other copies of any of the foregoing which are or have been in your possession, custody or control, or of which you have knowledge or to which you may gain access or possession. The term "document" also means a copy where the original is not in your possession, custody or control or reasonably accessible. This definition includes each copy of each document that is not an exact duplicate of the original and includes every duplicate having any writing, figure, notation or the like on it, drafts of each document and any attachment to or enclosure accompanying or referred to in such document.

D. The term "all documents" encompasses each and every document in your possession, custody or control, including documents provided by you to your lawyers,

that you have reviewed, considered, relied upon, generated, received, and/or provided to any other person, at any time and in any context.

  E. The term "communicate" or "communication" means any form of disclosure, exchange or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, including transmissions made in conversations and through the use of documents, face-to-face meetings, mail, personal delivery, telephone calls, text messages, or other electronic means including, but not limited to, computer or modem, or otherwise. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

  F. The terms "and" and "or," and any other conjunctions and disjunctions, shall have both conjunctive and disjunctive meaning, so as to require the enumeration of all information responsive to all or any part of each request for production in which any conjunction or disjunction appears.

  G. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender, and the singular or plural form, as in each case is most appropriate.

  H. The term "person" and "persons" means not only natural persons but also firms, partnerships, companies, corporations, associations, organizations, or other entities.

  I. The term "refer" or "reference" means, in addition to their customary and usual meaning, reporting on, regarding, showing or indicating knowledge of, mentioning, discussing, reflecting, recording, constituting, embodying, setting forth and/or evidencing.

  J. The terms "relating to," "concerning" or "pertaining to" mean, in addition to their customary and usual meaning, reporting on, regarding, showing or indicating knowledge of, mentioning, discussing, reflecting, recording, constituting, embodying, setting forth and/or evidencing.

. . .

## INSTRUCTIONS

1. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request for documents.

2. In producing the documents designated below, you are requested to furnish all documents known or available to you regardless of whether a document is currently in your possession, custody, or control, or that of your attorneys, employees, agents, investigators, or other representatives, or is otherwise available to you.

3. As to each document produced, you are requested to designate the paragraph and subparagraph of the request to which each such document is responsive.

4. If an answer to any request for production of document is "unknown," "not applicable" or any similar phrase or answer, state why the answer to that request for production is "unknown," the efforts made to obtain documents to the particular request, and the name and address of any person who may have the responsive documents.

5. With respect to the production of any document claimed to be privileged, provide a statement setting forth as to each document: (a) the author, sender, and recipients, including all persons to whom the contents of the document have been communicated by copy (blind or otherwise), exhibition, reading or substantial summarization; (b) the date of the document; (c) a description of the nature and subject matter of the document; (d) the legal basis for the assertion of privilege; (e) the present custodian and location of the document; (f) number of pages, including attachments or appendices; and (g) whether the document is handwritten, typed or otherwise printed.

6. If for any reason you are unable to produce in full any document or information requested:

   a. Produce each such document to the fullest extent possible;

   b. Specify the reasons for your inability to produce the remainder; and

   c. State in detail whatever information, knowledge, or belief you have

concerning the whereabouts and substance of each document not produced in full.

7. If any responsive document has been lost, misplaced, or destroyed, or is otherwise no longer available, in addition to identifying the document, state also the following with respect to each:

   a. The number of copies prepared;
   b. The date when, and location where, the original and each copy thereof was last known to exist; and
   c. If such document was destroyed or disposed of, state also:
      i. The date of such destruction or disposition;
      ii. The identity of each person who participated in destroying or disposing of such documents;
      iii. The identity of each other person who authorized the destruction or disposal of the original or any copy of such document and the specific nature and terms of any such authorization; and
      iv. The reason the document was destroyed or disposed of.

8. This discovery request is continuing in nature and requires supplementation along with prompt production of additional documents if you obtain further, additional, or different information or documents prior to the trial in this matter.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** Your complete file(s) relating to the insurance coverage provided by You to Plaintiff Russell B. Toomey.

**REQUEST NO. 2:** All non-privileged documents and communications referencing and/or relating to Plaintiff, including but not limited to, all non-privileged documents and communications relating to Plaintiff's request for a hysterectomy, Your denial of coverage for Plaintiff's requested hysterectomy, any appeal(s) by Plaintiff of Your denial of coverage for Plaintiff's requested hysterectomy, and Your investigation into Plaintiff's

request for a hysterectomy.

17998727