| | |
|---|---|
| 1 | **Victoria Lopez–330042** |
| 2 | **Christine K Wee– 028535** |
| | **ACLU FOUNDATION OF ARIZONA** |
| 3 | 3707 North 7th Street, Suite 235 |
| 4 | Phoenix, Arizona 85014 |
| | Telephone: (602) 650-1854 |
| 5 | Email: **vlopez@acluaz.org** |
| 6 | Email: **cwee@acluaz.org** |
| 7 | **Joshua A. Block*** |
| | **Leslie Cooper*** |
| 8 | **AMERICAN CIVIL LIBERTIES UNION FOUNDATION** |
| 9 | 125 Broad Street, Floor 18 |
| | New York, New York 10004 |
| 10 | Telephone: (212) 549-2650 |
| 11 | E-Mail:**jblock@aclu.org** |
| | E-Mail: **lcooper@aclu.org** |
| 12 | *Admitted Pro hac vice* |
| 13 | **Wesley R. Powell*** |
| | **Matthew S. Freimuth*** |
| 14 | **Jordan C. Wall*** |
| 15 | **Victoria A. Sheets*** |
| | **WILLKIE FARR & GALLAGHER LLP** |
| 16 | 787 Seventh Avenue |
| 17 | New York, New York 10019 |
| | Telephone: (212) 728-8000 |
| 18 | Facsimile: (212) 728-8111 |
| 19 | E-Mail: **wpowell@willkie.com** |
| | E-Mail: **mfriemuth@willkie.com** |
| 20 | E-Mail: **jwall@willkie.com** |
| 21 | E-Mail: **vsheets@willkie.com** |
| | *Admitted Pro hac vice* |

*Attorneys for Plaintiff Russell B. Toomey*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Russell B. Toomey**,<br><br>Plaintiff,<br><br>v.<br><br>**State of Arizona; Arizona Board of Regents, d/b/a University of Arizona**, a governmental body of the State of Arizona; **Ron Shoopman**, in his official capacity as chair of the Arizona Board of Regents; **Larry Penley**, in his official capacity as Member of the Arizona Board of Regents; **Ram Krishna**, in his official capacity as Secretary of the Arizona Board of Regents; **Bill Ridenour**, in his official capacity as Treasurer of the Arizona Board of Regents; **Lyndel Manson**, in her official capacity as Member of the Arizona Board of Regents; **Karrin Taylor Robson**, in her official capacity as Member of the Arizona Board of Regents; **Jay Heiler**, in his official capacity as Member of the Arizona Board of Regents; **Fred Duval**, in his official capacity as Member of the Arizona Board of Regents; **Andy Tobin**, in his official capacity as Director of the Arizona Department of Administration; **Paul Shannon**, in his official capacity as Acting Assistant Director of the Benefits Services Division of the Arizona Department of Administration,<br><br>Defendants. | 4:19-cv-00035-TUC-RM (LAB)<br><br>**PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (Doc. 241)** |

Plaintiff Russell B. Toomey ("Plaintiff") respectfully bring this motion in further response to State Defendants' Motion to Stay ("Motion") (Doc. 242) enforcement of this Court's September 21, 2021 Order ("Order") (Doc. 241), and to supplement Plaintiff's Memorandum of Law in Opposition to State Defendants' Motion to Stay an Order Compelling the Production of Documents ("Opposition") (Doc. 243). Pursuant to the Order, this Court instructed State Defendants to "produce all documents related to Defendants' decision-making regarding the exclusion of coverage for gender reassignment surgery" on or before October 5, 2021. (Order at 8). State Defendants did not produce the documents subject to that Order on or before October 5, 2021, and have yet to do so. State Defendants have therefore failed to comply with this Court's Order.

The Federal Rules of Civil Procedure provide that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). In addition, this Court has authority to sanction litigants for discovery abuses, including "where such sanctions are necessary to enforce compliance with a valid discovery order." *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (District Court did not err in affirming sanction where party's "obstruction of the discovery process caused unnecessary delay and expense, and its willful disobedience of the magistrate's orders threatened the court's integrity").

Plaintiff is aware of no reasonable basis for State Defendants' failure to comply.[1] On the night of Friday, October 1, 2021—mere days prior to the production deadline—State Defendants filed its Motion. State Defendants' Motion does not automatically stay this Court's Order. *See Zapon v. United States Dep't of Just.*, 53 F.3d 283, 285 (9th Cir.

---

[1] On the evening of Tuesday, October 5, 2021, State Defendants informed Judge Márquez's chambers and counsel by email that they intended to submit further briefing in support of their Motion. Plaintiff is unaware of whether this forthcoming submission addresses State Defendants' failure to comply with the Order, but in all events, Plaintiff believes there are no reasonable grounds for State Defendants' noncompliance.

- 2 -

1995) ("obedience to even an assertedly void (not merely voidable) order is required <u>unless and until</u> it has been vacated or reversed" (emphasis added)); *Guardian Life Ins. Co. of Am. v. Andraos*, CV075732SJOFMOX, 2009 WL 10675048, at *3 (C.D. Cal. Feb. 10, 2009) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay—even before the court has ruled . . . a phenomenon [that] would reduce a court's orders to useless and senseless formalities" (quoting *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990))); *In re Lernout & Hauspie Securities Litig.*, 219 F.R.D. 28 (D. Mass. 2003) (holding that a "party [who] seeks a stay . . . has the duty to stay sufficiently in advance of the date set for compliance so that the Court will have the opportunity to rule on the motion <u>prior to the compliance date</u>" (emphasis added)).

While State Defendants have no legal basis to obtain a stay, nothing stopped them from seeking one promptly after the Order was issued. Instead, State Defendants waited until the second-to-last business day before their ordered date of production, in an obvious attempt to back the Court into ruling on an expedited basis. Having now failed to do so, State Defendants have unilaterally claimed the relief sought in the Motion, declaring that they will "produce the documents within 5 court days of the denial" of their petition for writ of mandamus. (Doc. 242 at 5).

There is no legal justification for State Defendants' non-production. Plaintiff asks that the Court immediately enter the Proposed Order submitted alongside this motion and grant relief provided therein, including ordering, under penalty of sanction and fine, the production of documents subject to the Court's September 21, 2021 Order within 48 hours. The 48-hour grace period will allow State Defendants to submit a request for a stay to the Ninth Circuit if they so choose. In the alternative, Plaintiff requests that this Court impose an adverse inference with respect to the documents to be produced with such inference to be determined at a later date and upon further submission to the Court. Fed. R. Civ. P. 37(b)(2); *Renteria v. Ramanlal*, 07-CV-00658-

PHX-ROS, 2008 WL 11338783, at *2 (D. Ariz. Aug. 25, 2008) ("Courts have an 'inherent power … to levy sanctions in response to abusive litigation practices'" (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764-65 (1980)).

## CONCLUSION

For all the reasons discussed above, this Court should grant Plaintiff's Motion and award Plaintiff costs and fees as this Court deems just and proper.

Dated: October 6, 2021.

**ACLU FOUNDATION OF ARIZONA**

By /s/ *Christine K. Wee*
Victoria Lopez
Christine K Wee

**WILLKIE FARR & GALLAGHER LLP**
Wesley R. Powell*
Matthew S. Freimuth*
Jordan C. Wall*
Victoria Sheets*

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Joshua A. Block*
Leslie Cooper*

*admitted pro hac vice

*Attorneys for Plaintiff Russell B. Toomey*

- 5 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 6, 2021, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

                             /s/ *Christine K. Wee*
                              Christine K. Wee