FENNEMORE CRAIG, P.C.
Timothy J. Berg (No. 004170)
Amy Abdo (No. 016346)
Ryan Curtis (No. 025133)
Shannon Cohan (No. 034429)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: tberg@fennemorelaw.com
Email: amy@fennemorelaw.com
Email: rcurtis@fennemorelaw.com
Email: scohan@fennemorelaw.com

*Attorneys for Defendants*
*State of Arizona, Andy Tobin, and Paul Shannon*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey, | No. 4:19-cv-00035 |
| Plaintiff, | **DEFENDANTS STATE OF ARIZONA'S, ANDY TOBIN'S, AND PAUL SHANNON'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER** |
| v. | |
| State of Arizona, *et al.* | |
| Defendants. | **(ORAL ARGUMENT REQUESTED)** |

Defendants State of Arizona, Andy Tobin, and Paul Shannon (collectively, the "State Defendants") hereby oppose Plaintiff Russell B. Toomey's Motion to Enforce Court Order (Doc. 244 (the "Motion" or "Mtn.")).[1]  The State Defendants request that the Court deny Plaintiff's Motion and, in turn, grant the State Defendants' Motion to Stay (Doc. 242) the September 21, 2021 Order compelling production of their attorney-client privileged documents (Doc. 241 (the "Order")).

---

[1] Plaintiff did not request either expedited briefing or expedited consideration of his Motion. (*See generally* Mtn.)  The State Defendants have early filed this Opposition as further evidence that they are not attempting to unduly delay either discovery or the overall resolution of this matter.

## I.    <u>STATE DEFENDANTS' ACTIONS ARE SUBSTANTIALLY JUSTIFIED.</u>

A court may not issue sanctions for a party's failure to obey a discovery order if the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

The State Defendants' actions, at every turn, have been reasonable and justified.  The State Defendants have consistently cooperated throughout the discovery process (now spanning more than one year).  The State Defendants produced thousands of documents, conducted additional document searches at Plaintiff's demand, agreed to permit their witnesses to be deposed for more than the presumptive seven hours, and agreed to permit two of their witnesses to be deposed a second time.  (Doc. 246-1 at ¶¶ 9–13.)  Indeed, the parties have only had two discovery disputes that necessitated the Court's involvement: (1) the application of the deliberative process privilege[2]; and (2) the application of the attorney-client privilege.  (*See* Docs. 168, 195.)

The State Defendants' decision to seek review of the Order—a uniquely important and prejudicial ruling—is similarly reasonable and justified.  The State Defendants opposed Plaintiff's attempts to obtain the attorney-client privileged documents in the parties' informal discovery conferences and in response to Plaintiff's Motion to Compel.  (*See* Doc. 201.)  Upon entry of Magistrate Judge Bowman's Order granting the Motion to Compel (Doc. 213), the State Defendants' only options were compliance or objection under Federal Rule of Civil Procedure 72(a).  Failure to object would leave the State Defendants without any ability to later challenge or appeal Magistrate Judge Bowman's Order.  Fed. R. Civ. P. 72(a).  Exercising their right to object, the State Defendants timely complied with all timeframes set by the Court and the Federal Rules of Civil Procedure, and filed their objection within 14 days.  (*See* Doc. 223.)  Upon entry of the Order, the State Defendants

---

[2] The State Defendants timely produced documents protected by the deliberative process privilege in response to Magistrate Judge Bowman's April 20, 2021 Order.  (*See* Doc. 246-1, ¶ 12.)

were again presented with limited options.  Ultimately, the State Defendants determined that the appropriate option was to seek a Petition for Writ of Mandamus from the Ninth Circuit.  It was reasonable and justified for the State Defendants to carefully consider the Order, conduct research, and make the decision to seek a Writ from the Ninth Circuit prior to seeking a stay from this Court.  Indeed, if the State Defendants' research had revealed that seeking a Writ of Mandamus was not permissible for the Order, any motion to stay would have been moot and a waste of not only the State Defendants' time but also Plaintiff's and the Court's time and resources.  The State Defendants sought a stay with this Court as soon as was reasonably possible after making the informed decision to file their Petition with the Ninth Circuit.  In any case, the State Defendants filed their Motion to Stay only 10 days after the Court entered the Order.[3]  (Doc. 246.)  The State Defendants similarly filed their Petition for Writ of Mandamus with the Ninth Circuit on October 4, 2021—less than two weeks after entry of the Order and before the date set for compliance.  In essence, the State Defendants did their best to avoid non-compliance with the Order while also preserving their right to meaningful review.  The State Defendants' actions are both reasonable and substantially justified.

Plaintiff argues that the State Defendants' pending Motion to Stay is an insufficient justification for their purported failure to comply with the Order.  (Mtn. at 2–3.)  However, Plaintiff's cited cases do not support this conclusion.  In *Zapon v. U.S. Dept. of Justice*, 53 F.3d 283, 285 (9th Cir. 1995)—the only published case cited by Plaintiff—the non-compliant party's motion to stay was ***denied***.  In *In re Lernout & Hauspie Sec. Litig.,* 219 F.R.D. 28, 30 (D. Mass. 2003), the non-compliant party's motion to stay was not filed until *after* the date set for compliance with the court's order.  In *Guardian Life Ins. Co. of Am. v. Andraos*, CV075732SJOFMOX, 2009 WL 10675048 (C.D. Cal. Feb. 10, 2009), the

---

[3] It is also worth noting that the Order was entered after business hours on September 21, and the State Defendants and their counsel did not review the Order until the next day.

FENNEMORE CRAIG, P.C.

PHOENIX

non-compliant party did not file any motion to stay.[4]  Each of these situations is diametrically different from the instant circumstances in which the State Defendants timely filed a Motion to Stay the Order, which Motion has not yet been decided.  Plaintiff has not cited a single case holding that a motion to stay, filed prior to the date for compliance with an order, is an insufficient justification for failing to comply with a discovery order.

## II.    PLAINTIFF SEEKS AN IMPROPER ORDER OF CONTEMPT.[5]

As Plaintiff notes, Rule 37 governs this Court's ability to address the State Defendants' purported non-compliance with the Order.  Rule 37 states that the court where the action is pending may "treat[] as contempt of court the failure to obey" a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).

Civil contempt sanctions are imposed for compensatory or coercive purposes.  *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).  Before finding civil contempt, a court must determine by clear and convincing evidence that: (1) there is a "specific and definite" valid court order (*Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989)); (2) the non-compliant party had knowledge of the order, and notice of and an opportunity to be heard about the alleged noncompliance (*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999)); and (3) the non-compliant party failed to take "all reasonable steps to comply with the order" (*Kelly v. Wengler*, 822 F.3d 1085, 1096 (9th Cir. 2016)).  Where

---

[4] The *Guardian* court cited to *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990). However, the language cited from *Tinsley* is purely dicta because the court denied the motion to stay.  The *Tinsley* court indeed stated "[d]enial of the motion to stay ordinarily would have permitted summary disposition of the motion to compel, but the circumstances suggested that some guidance on the local rules, especially concerning discovery, would be helpful to the parties."  750 F. Supp. at 1013.

[5] Ironically (and perhaps why Plaintiff did not expressly title his Motion as a motion for contempt), if the State Defendants are held in contempt for their purported failure to comply with the Order, the contempt order may be an appealable interlocutory order.  *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).

the sanctions imposed are coercive, additional requirements must be met, including that the contemnor must also have an opportunity to purge through compliance. *Bagwell*, 512 U.S. at 829.

Plaintiff effectively requests that this Court hold the State Defendants in civil contempt but fails to satisfy any of the elements or procedural requirements. Plaintiff has not provided any evidence supporting his request for contempt. Plaintiff's Motion consists entirely of conjecture and suppositions, without any evidentiary support and without even a declaration from counsel. In addition, even if Plaintiff had provided evidence supporting his Motion, holding the State Defendants in contempt based solely on briefing does not satisfy the requirement that they be given "notice and an opportunity to be heard." *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998)*, as amended on denial of reh'g and reh'g en banc* (June 15, 1998) ("a district court ordinarily should not impose contempt sanctions solely on the basis of affidavits"). Finally, Plaintiff has not shown—and cannot show—that the State Defendants did not take "all reasonable steps to comply" with the Order. As explained above, the State Defendants took all steps possible to avoid non-compliance with the Order, including timely filing a Motion to Stay the Order. In sum, Plaintiff cannot satisfy the elements of contempt and his disguised request for such an order is improper.

### III.   PLAINTIFF'S PROPOSED SANCTIONS ARE INAPPROPRIATE.

Plaintiff requests that the Court "award Plaintiff costs and fees" as sanctions for the State Defendants' purported non-compliance. (Mtn. at 3–4.) These amounts are not recoverable upon Plaintiff's Motion.

Rule 37(b)(2)—the basis for Plaintiff's Motion (Mtn. at 2)—provides that a court may award "reasonable expenses, including attorney's fees, ***caused by the failure***" to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). This limitation is distinct from the authority to award costs provided in Rule 37(a), which

1  provides that the court may award "reasonable expenses incurred ***in making the motion***,

2  including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

3      Plaintiff has not identified any expenses or fees arising from the State Defendants'

4  purported failure to comply with the Order.  (*See generally* Mtn.)  Plaintiff's request for

5  costs and fees incurred appears to relate to his attorney's fees incurred in bringing the

6  Motion.  (*See* Mtn. at 4.)  However, the Rules make clear that costs incurred in bringing the

7  instant Motion are not recoverable.  Plaintiff's request for undefined "costs and fees" should

8  be denied.

9      Plaintiff also requests "in the alternative" an adverse inference "to be determined at

10  a later date."  Mtn. at 3–4.  Generally, courts may order an adverse inference if evidence is

11  destroyed by a party.  *See Marceau v. Int'l Broth. of Elec. Workers*, 618 F. Supp. 2d 1127,

12  1174 (D. Ariz. 2009); *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1008

13  (D. Ariz. 2011); *see also* Fed. R. Civ. P. 37(e) (permitting adverse inference to be ordered

14  as a sanction for destruction of electronically stored information).[6]  As such, an adverse

15  inference is improper.  Moreover, Plaintiff's request for an adverse inference makes no

16  sense.  If the relief requested in the State Defendants' Petition is granted, Plaintiff will not

17  be entitled to the privileged documents because the privilege was not waived.  If the State

18  Defendants' Petition or the relief requested therein is denied, the State Defendants will

19  produce the documents to Plaintiff.   In either case, an adverse inference would be

20  unnecessary and improper.

21  **IV.   CONCLUSION**

22      For the foregoing reasons, the State Defendants respectfully request that the Court

23  deny Plaintiff's Motion to Enforce Court Order.

24

25  ───────────────

[6] The single case cited by Plaintiff as support for his request for an adverse inference—

26  *Renteria v. Ramanlal*, 07-CV-00658-PHX-ROS, 2008 WL 11338783, at *2 (D. Ariz. Aug. 25, 2008)—does not involve a request or grant of an adverse inference.

FENNEMORE CRAIG, P.C.
PHOENIX

1

2      DATED this 11th day of October, 2021.

3                                          FENNEMORE CRAIG, P.C.

4                                   By:    *s/ Ryan Curtis*
                                           Timothy J. Berg
5                                          Amy Abdo
                                           Ryan Curtis
6                                          Shannon Cohan
                                           Attorneys for Defendants State of
7                                          Arizona, Andy Tobin, and Paul
                                           Shannon
8      18913399

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26