Victoria Lopez–330042
Christine K Wee– 028535
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
Email: **vlopez@acluaz.org**
Email: **cwee@acluaz.org**

**Joshua A. Block***
**Leslie Cooper***
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, Floor 18
New York, New York 10004
Telephone: (212) 549-2650
E-Mail:**jblock@aclu.org**
E-Mail: **lcooper@aclu.org**
*\*Admitted Pro hac vice*

**Wesley R. Powell***
**Matthew S. Freimuth***
**Jordan C. Wall***
**Victoria A. Sheets***
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
E-Mail: **wpowell@willkie.com**
E-Mail: **mfriemuth@willkie.com**
E-Mail: **jwall@willkie.com**
E-Mail: **vsheets@willkie.com**
*\*Admitted Pro hac vice*

*Attorneys for Plaintiff Russell B. Toomey*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Russell B. Toomey**, <br><br>  Plaintiff, <br><br> v. <br><br> **State of Arizona; Arizona Board of Regents, d/b/a University of Arizona**, a governmental body of the State of Arizona; **Ron Shoopman**, in his official capacity as chair of the Arizona Board of Regents; **Larry Penley**, in his official capacity as Member of the Arizona Board of Regents; **Ram Krishna**, in his official capacity as Secretary of the Arizona Board of Regents; **Bill Ridenour**, in his official capacity as Treasurer of the Arizona Board of Regents; **Lyndel Manson**, in her official capacity as Member of the Arizona Board of Regents; **Karrin Taylor Robson**, in her official capacity as Member of the Arizona Board of Regents; **Jay Heiler**, in his official capacity as Member of the Arizona Board of Regents; **Fred Duval**, in his official capacity as Member of the Arizona Board of Regents; **Andy Tobin**, in his official capacity as Director of the Arizona Department of Administration; **Paul Shannon**, in his official capacity as Acting Assistant Director of the Benefits Services Division of the Arizona Department of Administration, <br><br>  Defendants. | 4:19-cv-00035-TUC-RM (LAB) <br><br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE COURT ORDER (Doc. 241)** |

- 1 -

Plaintiff, Dr. Russell B. Toomey, on behalf of himself and the certified classes ("Plaintiff"), hereby submits this memorandum of law in further support of his Motion to Enforce (Doc. 244) (the "Motion" or "Mot."), and in reply to the Opposition to Plaintiff's Motion to Enforce (Doc. 248) (the "Opposition" or "Opp.") filed on behalf of the State of Arizona, Andy Tobin, and Paul Shannon (the "State Defendants"). The Motion requests an order compelling State Defendants, under penalty of sanction and fine, to produce documents in compliance with this Court's previous September 21, 2021 Order (Doc. 241) (the "Order"), which instructed State Defendants to "produce all documents related to Defendants' decision-making regarding the exclusion of coverage for gender reassignment surgery" on or before October 5, 2021. (Order at 8).

### I.  STATE DEFENDANTS UNILATERALLY DEFIED THE ORDER, MAKING A MOTION TO ENFORCE NECESSARY

On October 5, 2021 (the "Ordered Compliance Date"), State Defendants were required, per this Court's Order, to "produce all documents related to Defendants' decision-making regarding the exclusion of coverage for gender reassignment surgery." (Order at 8). They did not do so. While State Defendants had filed a request for a stay on Friday October 1, 2021 (Doc. 242), merely two business days before the Ordered Compliance Date, this Court did not issue a temporary stay of the Order until October 8, 2021 (Doc. 247). Thus, for three days, State Defendants unilaterally defied the Order, without permission to do so from either this Court or the Ninth Circuit. This non-compliance occurred despite State Defendant's own admission to the Ninth Circuit that they had "exhausted all available means of relief" and that the Order is "not appealable." Petition for A Writ of Mandamus at 15, *State of Ariz. v. U.S. Dist. Ct. of Ariz.*, No. 21-71312 (9th Cir. Oct. 4, 2021) (the "Madamus Petition").[1]  Based on this flagrant

---

[1] State Defendants also represented in the Madamus Petition that they would not "disregard" the Order in an attempt to relitigate its merits on appeal by prompting the Court to issue an appealable sanctions order. *See id* at 15 n.4 ("State Defendants have no intention of pursuing that option.")

- 2 -

disregard for the Order, and State Defendants' continued delay of discovery and the ultimate resolution of Plaintiff's claims, Plaintiff filed the instant Motion to Enforce.

The Motion is based on an uncontroversial premise: that a party must comply with a court order, even if it believes the order to be erroneous, unless it has obtained (and not merely *requested*) a stay or other relief.  (Mot. at 2-3)  The case law cited in the Motion supports this fundamental notion.  *Guardian Life Ins. Co. of Am. v. Andraos*, CV075732SJOFMOX, 2009 WL 10675048, at *3 (C.D. Cal. Feb. 10, 2009) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay—even before the court has ruled . . . a phenomenon [that] would reduce a court's orders to useless and senseless formalities" (quoting *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990))); *Zapon v. United States Dep't of Just.*, 53 F.3d 283, 285 (9th Cir. 1995) (compliance with an order is required "unless and until it has been vacated or reversed"); *In re Lernout & Hauspie Securities Litig.*, 219 F.R.D. 28, 30 (D. Mass. 2003) (holding that a "party [who] seeks a stay . . . has the duty to stay sufficiently in advance of the date set for compliance so that the Court will have the opportunity to rule on the motion prior to the compliance date").

State Defendants attempt to elide these authorities by distinguishing them based on immaterial differences in fact or procedural posture.  (*See* Opp. at 3-4)[2]  None of these distinctions make the cited cases "diametrically different from the instant

---

[2] *Zapon* does not say, as the Opposition suggests, that "obedience to an assuredly void (not merely voidable) order is required" *only* when a motion to stay has already been denied. (Opp. at 3).  To the contrary, *Zapon* holds that compliance with a challenged order is required in "all" except for the "rarest of situations." *See Zapon*, 53 F.3d at 285. Although the non-compliant party in *In re Lernout* did not file a motion to stay until after the compliance date, the court's opinion is not limited to only such situations, and instead broadly requires any party seeking a stay to do so "sufficiently in advance" to allow the court to **rule** on the stay **prior to** the compliance date. *In re Lernout* 219 F.R.D. at 30. Finally, while *Guardian Life* did not immediately involve a motion to stay, the court's opinion expressly rejects the idea that a party can disobey an order simply because its own (untimely) motion to stay is pending. *Guardian Life*, 2009 WL 10675048, at *3, n2.

- 3 -

circumstances[,]" (*Id.* at 4) or alter their fundamental premise: that a party must comply with an order, even if it believes the order to be erroneous, "unless and until it has been vacated or reversed." *Zapon,* 53 F.3d at 285.  See also *Maness v. Meyers*, 419 U.S. 449, 458 (1975) (recognizing the "basic proposition that all orders and judgments of courts must be complied with promptly" unless relief is granted even if "the order is ultimately ruled incorrect."); *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 726 (9th Cir. 1989) (recognizing that there is a "widely held belief that a smoothly functioning judicial process may be jeopardized if parties are able to determine for themselves when and how to obey court orders."); *U.S. v. Hendrickson*, 822 F.3d 812, 818 (6th Cir. 2016) (same).

   State Defendants do not cite a single authority, and Plaintiff is aware of none, that allow a party to disregard an order, even temporarily, simply because it has requested a stay or a writ of mandamus from an appellate court.  To the contrary, courts have recognized that permitting such a practice would give parties the ability to circumvent court mandated action by filing a request for relief or intervention on the eve of a court's compliance date, rendering the court's order practically meaningless. (*See* Mot. at 3, citing *Tinsley v. Kemp*, 750 F.Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay—even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities."); *See also Guardian Life*, 2009 WL 10675048, at *3, n2 ("[F]iling of a motion for review of this court's decision is not sufficient to suspend [a party's] obligations to comply with the court's order."))

   Plaintiff fears that State Defendants will continue to flout unfavorable rulings simply by lodging further requests for stay or for intervention in the eleventh hour, even after having ample opportunity to brief an issue before both a Magistrate Judge and District Judge.  Continued non-compliance and obstruction will unfairly prolong

- 4 -

resolution of the important civil rights issues and pressing healthcare needs that are at the heart of this litigation. For these reasons, this Court should grant the Motion to Enforce and issue the Proposed Order.

## II. THE MOTION DOES NOT SEEK SANCTIONS OR AN ORDER OF CONTEMPT

State Defendants dedicate the majority of their Opposition to arguing that sanctions or a contempt order are inappropriate forms of relief at this stage. (*See* Opposition at 2-6.) But neither the Motion nor its Proposed Order (Doc. 244-1) seek such relief.

As outlined in the Motion, this Court does have the authority issue sanctions, or further orders, where a party obstructs the discovery process by failing to obey production orders. (Mot. at 2, citing Fed. R. Civ. P. 7(b)(2)(A) and *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)) But the Motion does not actually seek imposition of sanctions. (*See generally* Mot.) Instead the Motion seeks a further order from the Court ordering, "under penalty of sanction and fine, the production of the documents subject to the Court's September 21, 2001 Order." (*Id.* at 3; Proposed Order). In other words, the Motion simply seeks compliance with the Order that was already issued by this Court, with an assurance than any further, unauthorized delay will result in sanction.

Because the Motion does not seek either sanctions or a contempt order, Plaintiff declines to respond to State Defendants' arguments regarding whether either measure is proper or appropriate at the current juncture. (Opp. at 2-6) However, Plaintiff reserves the right to seek further forms of relief in the event that State Defendants continue to disregard this Court's orders, or otherwise continue to obstruct discovery.

## CONCLUSION

For all the reasons discussed above, this Court should grant Plaintiff's Motion to Enforce.

Dated: October 18, 2021.

**ACLU FOUNDATION OF ARIZONA**

By /**s**/ *Christine K. Wee*
Victoria Lopez
Christine K Wee

**WILLKIE FARR & GALLAGHER LLP**
Wesley R. Powell*
Matthew S. Freimuth*
Jordan C. Wall*
Victoria Sheets*
787 Seventh Avenue
New York, New York 10019

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Joshua A. Block*
Leslie Cooper*
125 Broad Street, Floor 18
New York, New York 10004

*admitted pro hac vice*

*Attorneys for Plaintiff Russell B. Toomey*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2021, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

/s/ *Christine K. Wee*
Christine K. Wee