**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B Toomey, | No. CV-19-00035-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court are Defendants' Motion to Stay Order (Doc. 242) and Plaintiff's Motion to Enforce Court Order (Doc. 244). Plaintiff filed a Response to the Motion to Stay (Doc. 243) and Defendants replied (Doc. 246). Defendants filed a Response to the Motion to Enforce Court Order (Doc. 248) and Plaintiff replied (Doc. 249). For the following reasons, Defendants' Motion to Stay Order will be granted and Plaintiff's Motion to Enforce Court Order will be denied.

## I.    Background

Plaintiff Dr. Russell B. Toomey is a transgender male who is employed as an Associate Professor at the University of Arizona. (Doc. 86 at 3, 5.) His health insurance—a self-funded plan ("the Plan") controlled by the Arizona Department of Administration ("ADOA")—categorically excludes "gender reassignment surgery" from coverage. (*Id*. at 5, 8-9.) Plaintiff brings this class action lawsuit alleging that the

exclusion of gender reassignment surgery is sex discrimination under Title VII of the Civil Rights Act and a violation of the Fourteenth Amendment Equal Protection Clause. (*Id*. at 13-17.) One of the disputed factual questions in this case is "[w]hether the decision to exclude gender reassignment surgery in [the Plan] was actually motivated by a legitimate governmental interest." (Doc. 128 at 11.)

On September 21, 2021, the Court issued an Order ("the Order") affirming Magistrate Judge Bowman's Order granting Plaintiff's Motion to Compel and denying Defendants' Appeal of that Order. (Doc. 241.) The Court ordered Defendants to produce "all documents related to Defendants' decision-making regarding the exclusion of coverage for gender reassignment surgery as requested in Plaintiff's Requests for Production One, Three, and Nine, including legal advice that may have informed that decision-making" within fourteen days, or by October 5, 2021. (*Id*.) Defendants had argued before Judge Bowman and on appeal to this Court that the relevant documents were protected by the attorney-client privilege and were therefore not discoverable. (Docs. 195, 213, 223, 241.) On October 1, 2021, Defendants filed the instant Motion to Stay Order. On October 6, 2021, after the disclosure deadline passed, Plaintiff filed the instant Motion to Enforce Court Order.

## II.    Defendants' Motion to Stay (Doc. 242)

In their Motion to Stay, Defendants argue that the Court should stay its September 21, 2021 Order directing them to produce the relevant documents because they intend[1] to petition the Ninth Circuit Court of Appeals for a Writ of Mandamus regarding the Order. (Doc. 242.) Because a Ninth Circuit ruling in their favor could invalidate the Order, Defendants contend that the Order should be stayed pending resolution of the writ. (*Id*.) They further argue that if they produce the privileged documents, that production cannot later be undone if the Ninth Circuit rules in their favor. (*Id*.)

Defendants further contend that the four factors set forth in *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) favor granting the requested stay. (*Id*.) Defendants contend first

---

[1] Defendants have since Petitioned the Ninth Circuit Court of Appeals for a Writ. (Doc. 245.)

that they are likely to succeed on the merits of their petition for a Writ of Mandamus because they never asserted an "advice-of-counsel" defense and have "at least a fair chance of success" on mandamus. (*Id.*) Second, Defendants argue that they will be irreparably harmed in the absence of a stay because the production of the relevant documents, if it occurs in accordance with the Order, cannot be entirely undone even if the Ninth Circuit Court of Appeals ultimately rules in Defendants' favor. (*Id.*) Defendants further argue that staying the Order will maintain the status quo. (*Id.*) Third, Defendants contend that Plaintiff will not be injured by a stay because the only possible adverse effect of a stay is a delay in the case. (*Id.*) Defendants aver, however, that a stay would not affect the remaining discovery deadlines, because the only remaining discovery is the depositions of certain State of Arizona witnesses and the parties have agreed to delay those depositions until both the Motion to Compel that is the subject of the Order and Defendants' Appeal of the Magistrate Judge's Order granting the Motion to Compel as to the Governor's Office (*see* Docs. 238, 239) are resolved. (*Id.*) Defendants further argue that the dispositive motions deadlines will not be affected by a stay. (*Id.*) Thus, Defendants argue that a stay will not substantively delay the case and thus will not harm Plaintiff. (*Id.*) Fourth, Defendants argue that a stay is in the public interest because it would preserve Defendants' right to appellate review of the Order. (*Id.*) Defendants argue that, should the Court refuse to grant the requested stay, their ability to appeal the Order would be rendered futile because they would be forced to produce the contested documents before they can obtain appellate review. (*Id.*) They argue that the public interest is served by allowing the Ninth Circuit Court of Appeals to "conclusively determine" whether the attorney-client privilege applies to the documents at issue. (*Id.*)

Plaintiff opposes the requested stay. (Doc. 243.) In opposition, Plaintiff argues that none of the four *Landis* factors weighs in Defendants' favor. (*Id.*) Plaintiff argues first that a stay would cause him substantial harm because it would delay the ultimate resolution of this case, in which Plaintiff is seeking access to needed medical care that is being denied to him on the basis of transgender identity and/or sex. (*Id.*); *see also Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1742 (2020). Plaintiff further argues

that he is seeking vindication of his and others' constitutional rights and that denial of such constitutes irreparable harm. (*Id*.) Second, Plaintiff argues that Defendants will not be irreparably harmed by enforcement of the Order directing them to produce the contested documents. (*Id*.) In support of this argument, Plaintiff avers that Defendants affirmatively put the legal advice they received from their attorneys at issue in defending their decision to maintain the exclusion for gender reassignment surgery and thus enforcing the Order does not harm Defendants but merely prevents them from "exploiting" the attorney-client privilege to gain an "unfair advantage." (*Id*.) Plaintiff further argues that Defendants' argument that a stay would preserve the status quo fails because the status quo is, in fact, the alleged constitutional violation and the denial of necessary medical care. (*Id*.) Third, Plaintiff argues that Defendants are not likely to succeed on the merits of their appeal because (1) they have not properly asserted grounds for a Writ of Mandamus because they are alleging only an "erroneous application of law" and (2) even if considered by the Ninth Circuit Court of Appeals, the Writ of Mandamus would fail on the merits because the "exceptional circumstances" that would justify a Writ are not present here. (*Id*.) Fourth, Plaintiff argues that the public interest does not favor a stay because Defendants are a governmental entity whose actions are subject to public disclosure and scrutiny. (*Id*.); *see also Ariz. Dream Act Coal. v. Brewer*, No. CV-12-02546-PHX-DGC, 2014 WL 171923, at *3 (D. Ariz. 2014) ("Arizona state government officials . . . should reasonably expect that their deliberations in crafting policy are open to public scrutiny.") Thus, Plaintiff argues that the public interest in "transparent leadership and governance" outweighs the interests that Defendants assert. (*Id*.)

In reply, Defendants argue that Plaintiff's argument regarding the denial of necessary medical care fails because case law does not support his position that a nondiscriminatory healthcare exclusion constitutes irreparable harm. (Doc. 246.) Defendants reiterate their argument that a stay would not delay this case; they contend that the requested stay would be in effect for only a "brief period" and that, even if the contested documents had been produced on October 5, 2021 as the Order directed, the

only remaining discovery could not proceed because both the instant Motion to Compel and the Motion to Compel directed at the Governor's Office, which remains pending, must be resolved before the last depositions can proceed. (*Id*.) Defendants then argue that Plaintiff has sought multiple extensions of discovery deadlines and thus any delay is the result of Plaintiff's own actions. (*Id*.) Defendants then push back against Plaintiff's argument that because they waived the attorney-client privilege, they would not be harmed by disclosure of the contested documents, arguing that it is indisputable that they would be harmed by production of the documents in the absence of appellate review. (*Id*.) Next, Defendants contend that they are likely to succeed on the merits of their Writ, or, in the alternative, that they have "at least a fair chance of success." (*Id*.); *see also Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988). Lastly, Defendants reiterate their position that the public interest favors a stay. (*Id*.) Defendants argue that Plaintiff has mischaracterized Arizona law regarding the disclosure of public records and information and that, despite Plaintiff's contentions, the attorney-client privilege applies equally to communications between a governmental entity and its attorneys. (*Id*.) Defendants point out that the court in the lead case cited by Plaintiff on this matter did not compel production of the attorney-client privileged documents at issue. (*Id*.); *see also Ariz. Dream Act Coal.*, 2014 WL 171923, at *4-6 (D. Ariz. 2014).

### III.    Applicable Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal citation omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id*. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*.

The test for whether a stay should be granted pending appeal of an order requires the Court to consider four factors: "(1) whether the stay applicant has made a strong

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*; *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

In ruling on a motion for stay pending an appeal, courts employ "'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'" *Golden Gate Rest. Ass'n v. City and Cty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury" if a stay is not granted. *Id.* (internal citation and quotation omitted). "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.* "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* (citing *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007)). Further, courts "consider where the public interest lies separately from and in addition to" whether irreparable injury will result absent a stay. *Id.*

"The public interest is served in preserving the integrity of the right to appellate review." *Gila River Indian Cmty. v. United States*, 2011 WL 1656486, at *4 (D. Ariz. May 3, 2011) (internal citations and quotations omitted). "Indeed, the public has a strong interest in the appeal right as one component of the constitutional right to due process in enforcement of the nation's laws." *Id.* The public interest is also served by application of the attorney-client privilege, the purpose of which "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Id.*

. . . .

- 6 -

## IV.    Analysis

The Court will grant the Motion to stay because Defendants' right to appellate review of the Order outweighs any harm to Plaintiff that will accrue from a delay of this case. Contrary to Defendants' assertions, it appears a stay will likely affect the remaining discovery and dispositive motion deadlines because (1) discovery will not be complete until the Writ of Mandamus is resolved and the stay lifted and (2) given the potentially outcome-dispositive nature of the contested documents, Plaintiff cannot be expected to file a dispositive motion on the merits of his claims prior to resolution of the privilege issue. However, the potential delay caused by a stay is not sufficient to tip the balance of hardships in Plaintiff's favor.

In considering the first *Landis* factor, the Court finds that Defendants have demonstrated at least a fair chance of success on the merits of their appeal. As to the second factor, Defendants would be irreparably injured absent a stay because, absent a stay, they will effectively lose their ability to meaningfully appeal the privilege issue. The Writ of Mandamus to the Ninth Circuit Court of Appeals is Defendants' only avenue for appeal of the privilege issue. Should the requested stay be denied, Defendants' appeal of that issue would be effectively rendered moot. As to the third factor, the Court finds that a stay would undermine Plaintiff's interest in speedy resolution of this litigation; however, such harm is mitigated by the facts that (1) Plaintiff requested and received multiple extensions of discovery deadlines and (2) disclosure of the contested documents, if the Ninth Circuit so orders, will aid Plaintiff in preparing a dispositive motion on the merits. Furthermore, any harm to Plaintiff that a stay might cause is outweighed by the harm to Defendants that would occur absent a stay. Finally, as to the fourth factor, the public interests in (1) preservation of the right to appeal and (2) proper application of the attorney-client privilege favor granting a stay. Thus, on balance, the four *Landis* factors weigh in favor of granting the requested stay.

The Court finds that the importance of the attorney-client privilege to the functioning of the legal system, the potentially critical nature of the contested documents, and Defendants' right to appellate review of the Order outweigh any harm to Plaintiff that

will accrue from a delay of this case. Accordingly, because the balance of equities and the public interest both weigh in Defendants' favor, the Court will grant the requested stay.

**V.    Plaintiff's Motion to Enforce Court Order (Doc. 244)**

Because the Court will grant the Motion to Stay for the foregoing reasons, it will deny Plaintiff's Motion to Enforce Court Order as moot.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Stay Order (Doc. 242) is **granted**. The Order (Doc. 241) is **stayed** pending resolution of the Defendants' Writ of Mandamus to the Ninth Circuit Court of Appeals (*see* Doc. 245).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Court Order (Doc. 244) is **denied as moot**.

Dated this 21st day of October, 2021.

Honorable Rosemary Márquez
United States District Judge