FENNEMORE CRAIG, P.C.
Timothy J. Berg (No. 004170)
Amy Abdo (No. 016346)
Ryan Curtis (No. 025133)
Shannon Cohan (No. 034429)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: tberg@fennemorelaw.com
Email: amy@fennemorelaw.com
Email: rcurtis@fennemorelaw.com
Email: scohan@fennemorelaw.com

*Attorneys for Defendants*
*State of Arizona, Andy Tobin, and Paul Shannon*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey, | No. 4:19-cv-00035 |
| Plaintiff, | **DEFENDANTS STATE OF ARIZONA'S, ANDY TOBIN'S, AND PAUL SHANNON'S MOTION FOR RECONSIDERATION** |
| v. | |
| State of Arizona, *et al.* | **AND** |
| Defendants. | **MOTION TO STAY ORDER** |
| | **(EXPEDITED CONSIDERATION REQUESTED)** |

Pursuant to LRCiv 7.2(g) and as invited by the Ninth Circuit Memorandum Opinion (Doc. 260), Defendants State of Arizona (the "State"), Andy Tobin, and Paul Shannon (collectively, the "State Defendants") hereby submit their Motion for Reconsideration of the District Court's Order, dated September 21, 2021 (the "Order") (Doc. 241), which compels production of documents withheld by the State Defendants pursuant to the attorney-client privilege. State Defendants make this Motion due to significant developments and clarification occurring at the oral argument held on March 10, 2022,

before the Ninth Circuit Court of Appeals. At oral argument, State Defendants reemphasized their position that they have not asserted the advice of counsel defense, but also *disclaimed* that they would assert the defense at trial or at any future stage of this case. This clarification and concession refutes Plaintiff's argument that, as a matter of fairness, Plaintiff needs access to legal advice State Defendants may have received regarding the legality of excluding transgender surgeries at issue in this case in order to address the advice of counsel defense in this litigation. The Ninth Circuit said the fact that State Defendants disclaimed the defense is significant and suggested the District Court give that concession due consideration.

For this reason, State Defendants ask the Court to reconsider the Order. *See, e.g.*, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." (internal citation and quotation marks omitted)). State Defendants also request that the Court stay enforcement of the Order pending the Court's review of this Motion for Reconsideration.

## I.  PROCEDURAL BACKGROUND

Following the Court's Order, State Defendants filed a Motion to Stay the Order on October 1, 2021 (Doc. 242) pending the resolution by the Ninth Circuit Court of Appeals regarding a Petition for Writ of Mandamus ("Petition") to be subsequently filed by State Defendants challenging the Order. State Defendants filed the Petition with the Ninth Circuit Court of Appeals on October 4, 2021. On October 5, 2021, Plaintiff filed an Opposition to the Motion to Stay (Doc. 243) and on October 6, 2021, filed a Motion to Enforce the Order (Doc 244). On October 21, 2021, the Court granted a stay pending resolution of the State Defendants' Petition for Writ of Mandamus and denied Plaintiff's Motion to Enforce (Doc. 251). On November 3, 2021, the Court granted a Joint Motion for Temporary Suspension

of Scheduling Order Dates pending the outcome of the Ninth Circuit Court of Appeal's Ruling on the Petition (Doc. 253).

## II. NINTH CIRCUIT ORAL ARGUMENT AND RULING

On March 10, 2022, the Ninth Circuit heard oral argument regarding the Petition. While it has been State Defendants' position throughout this case that they are not (affirmatively or impliedly) asserting the advice of counsel defense, State Defendants further explained and conceded during oral argument that they will not assert the defense at trial or at any other phase of this case. The Ninth Circuit found this to be significant. State Defendants invite the Court to view the oral argument.[1] In particular, State Defendants ask the Court to consider the statements made at these key time intervals:

- At 7:24 to 7:56: Judge Clifton asked whether State Defendants would disclaim asserting an advice of counsel defense and State Defendants confirmed that they do disclaim it as a defense.

- At 7:57 to 8:42: Judge Watford confirmed the State Defendants' position that because they have not affirmatively or impliedly asserted an advice of counsel defense, and have affirmatively disclaimed reliance on the defense, that there is no reason for Plaintiff to have access to documents protected by the attorney-client privilege. State Defendants agreed.

- At 8:46 to 9:14: Judge Paez noted that if State Defendants did not tell the District Court that State Defendants affirmatively disclaim the advice of counsel defense, that the Ninth Circuit could not find clear error necessary for granting Mandamus.

- At 15:46 to 17:12: Plaintiff did not address why, as a matter of fairness, that Plaintiff must have attorney-client privileged communications if State Defendants will not

---

[1] The video of the oral arguments held on March 10, 2022, is available at https://www.ca9.uscourts.gov/media/video/?20220310/21-71312/ (last visited April 21, 2022).

rely on an advice of counsel defense. Instead, Plaintiff asserted that State Defendants made the involvement of counsel an issue in the case. Judge Watford noted that Interrogatory No. 1 was the only interrogatory at issue, because responses to Interrogatories Nos. 4 and 7 were merely truthful answers to questions posed by Plaintiff regarding the involvement of counsel. Therefore, State Defendants could not have placed the advice of counsel or involvement of attorneys at issue in responses to Interrogatories 4 and 7.

- At 17:41 to 20:11: Judge Clifton noted that the question of whether the exclusion of transgender surgeries was discriminatory does not hinge on what a party's counsel told them because the Court will determine what is required under the law. Judge Clifton questioned why the legal advice received matters at all—regardless of what the advice may have been. What the law requires will be decided by the Court—not by what the legal advice was.

- At 23:23 to 24:44: Judge Watford again pressed Plaintiff why he must see the legal advice, as a matter of fairness, if the defense has been disclaimed. Plaintiff suggested that all facts and evidence are necessary to prove their case and refute any defenses, but Plaintiff's response ignored that the defense has been disclaimed.

- At 25:37 to 26:02: Judge Clifton explained that it is assumed a party facing an important issue of law would consult with counsel. It would be more meaningful if State Defendants had *not* consulted counsel.

- At 26:50 to 27:19: Judge Paez noted that the concession disclaiming the defense "is significant enough that the District Court should be able to consider that and maybe rethink whether or not . . . ordering disclosure" is appropriate.

- At 27:27 to 28:26: Judge Paez indicated he was reluctant to grant the Petition because the concession was made before the Ninth Circuit and not before the District Court, but that it is an issue the District Court should explore and consider.

In summary, at oral argument, the Ninth Circuit panel indicated that the concession that the State Defendants disclaim any reliance on an advice of counsel defense is significant and may render it completely unnecessary for Plaintiff to have access to attorney-client privileged communications. Further, Judge Paez said the District Court should have the opportunity to reconsider the Order based on State Defendants' concession.

The Ninth Circuit issued its ruling on April 14, 2021 (Doc. 260). It explained,

> While the State [D]efendants' concession at oral argument that they would disclaim reliance on an advice of counsel defense was significant, it does not change this analysis. Because the State [D]efendants did not make this concession in front of the district court, it could not have factored into the district court's decision. Nonetheless, *should the State [D]efendants ask the district court to reconsider its decision in light of this concession, we are confident the district court will give that request full consideration*.

*Id*. at p. 6 (emphasis added).

### III.   THE COURT SHOULD RECONSIDER THE ORDER.

It is in this context—and in light of the concession made by State Defendants at oral argument before the Ninth Circuit, clarifying their position that not only have they not, but that they *will not* assert the advice of counsel defense—the State Defendants ask the Court to reconsider its Order. The basis of this Court's finding of waiver was that the State Defendants' interrogatory responses put the privileged documents at issue and that fairness mandates that Plaintiff have the documents to adequately respond to the implied advice of counsel defense. *See* Doc. 241 at 7:12-17. Given that State Defendants have irrevocably disclaimed and waived any advice of counsel defense, any advice received by the State Defendants is not at issue in this litigation. State Defendants, therefore, ask the Court to reconsider the Order and deny Plaintiff's Motion to Compel production of the State Defendants' attorney-client privileged documents (Doc. 195). There is no issue of fairness

or prejudice to Plaintiff requiring that he have access to privileged documents to refute a defense that has not been asserted and has been affirmatively disclaimed.

### IV. THE COURT SHOULD CONTINUE TO STAY ENFORCEMENT OF THE ORDER.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering this motion, the Court should consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

First, State Defendants have "at least a fair chance of success," which is all that is required to warrant a stay. *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988). Comments by the Ninth Circuit in its ruling and during oral argument indicate this is the case.

Second, the attorney-client privilege is very important, and as argued throughout this case, it cannot be disputed that State Defendants will be irreparably injured if the Order is not stayed. Preservation of the "status quo" will often prevent irreparable injury. *See Golden Gate Restaurant Ass'n v. City & Cnty. Of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008).

Third, Plaintiffs will not be injured by a stay. A delay in the case is the only possible harm that could result from a stay of the Order. However, continuing a stay of the Order will not delay any current case deadlines. Indeed, all case deadlines are currently stayed pursuant to the Court's prior order staying enforcement of the Order (Doc. 251) and no case deadlines have been re-set. Continuing a stay of the Order will merely stay the production

of the privileged documents to Plaintiff for a brief period of time to allow the Court to fairly and fully consider this Motion, as the Ninth Circuit suggested. This stay request is narrow and limited only to the Order.

Finally, public interest favors granting a stay here. The Ninth Circuit suggests that this Court should have the opportunity, in light of State Defendants' concession, to give full consideration to State Defendants' request for reconsideration if made. The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). Preserving this cherished protection unless and until a waiver has been conclusively determined is, without question, within the public interest.

## V.   CONCLUSION

State Defendants request that the Court reconsider its Order and deny Plaintiff's Motion to Compel. Further, because the Ninth Circuit has ruled and the prior Stay (Doc. 251) is no longer in effect, State Defendants ask the Court to grant a stay pending the Court's ruling on this Motion.

DATED this 21st day of April, 2022.

FENNEMORE CRAIG, P.C.

By:  *s/ Ryan Curtis*
   Timothy J. Berg
   Amy Abdo
   Ryan Curtis
   Shannon Cohan
   Attorneys for Defendants State of Arizona, Andy Tobin, and Paul Shannon

20591059