1

2  **Victoria Lopez- 330042**
   **Christine K Wee– 028535**
3  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
4  Phoenix, Arizona 85014
   Telephone: (602) 650-1854
5  Email: **vlopez@acluaz.org**
   Email: **cwee@acluaz.org**
6

7

8  **Joshua A. Block***
   **Leslie Cooper***
9  **AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
   125 Broad Street, Floor 18
10 New York, New York 10004
   Telephone: (212) 549-2650
11 E-Mail:**jblock@aclu.org**
   E-Mail: **lcooper@aclu.org**
12 *Admitted Pro hac vice*
13

14

15 **Wesley R. Powell***
   **Matthew S. Freimuth***
16 **Jordan C. Wall***
   **Victoria A. Sheets***
17 **Justin Garbacz***
   **WILLKIE FARR & GALLAGHER LLP**
18 787 Seventh Avenue
   New York, New York 10019
19 Telephone: (212) 728-8000
   Facsimile: (212) 728-8111
20 E-Mail: **wpowell@willkie.com**
   E-Mail: **mfreimuth@willkie.com**
21 E-Mail: **jwall@willkie.com**
22 E-Mail: **vsheets@willkie.com**
   E-Mail: **jgarbacz@willkie.com**
23

24

25 *Admitted Pro hac vice*

26

27 *Attorneys for Plaintiff Russell B. Toomey*

28

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Russell B. Toomey**, | 4:19-cv-00035-TUC-RM (LAB) |
| *Plaintiff,* | |
| v. | |
| **State of Arizona; Arizona Board of Regents, d/b/a University of Arizona**, a governmental body of the State of Arizona; **Ron Shoopman**, in his official capacity as chair of the Arizona Board of Regents; **Larry Penley**, in his official capacity as Member of the Arizona Board of Regents; **Ram Krishna**, in his official capacity as Secretary of the Arizona Board of Regents; **Bill Ridenour**, in his official capacity as Treasurer of the Arizona Board of Regents; **Lyndel Manson**, in her official capacity as Member of the Arizona Board of Regents; **Karrin Taylor Robson**, in her official capacity as Member of the Arizona Board of Regents; **Jay Heiler**, in his official capacity as Member of the Arizona Board of Regents; **Fred Duval**, in his official capacity as Member of the Arizona Board of Regents; **Andy Tobin**, in his official capacity as Director of the Arizona Department of Administration; **Paul Shannon**, in his official capacity as Acting Assistant Director of the Benefits Services Division of the Arizona Department of Administration, | **MEMORANDUM OF LAW IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION AND MOTION TO STAY ORDER** |
| *Defendants.* | |

Plaintiff, Dr. Russell B. Toomey, on behalf of himself and the certified Classes ("Plaintiff"), by and through the undersigned counsel, pursuant to Arizona Local Rule 7.2(g) and this Court's April 26, 2022 order (Doc. 262), hereby submits this memorandum of law in opposition to State Defendants' Motion for Reconsideration (the "Motion for Reconsideration" or "Motion" or "MFR") (Doc. 261), which asks this Court to reconsider its September 21, 2021 order compelling the production of documents withheld by State Defendants on the basis of attorney-client privilege (the "Order") (Doc. 241).

## **INTRODUCTION**

This Court's Order affirmed Magistrate Judge Bowman's finding that, despite State Defendants' repeated disclaimer of an "advice of counsel" defense, State Defendants had impliedly placed the legal advice they received regarding the Exclusion at issue.[1]  Both Magistrate Judge Bowman and this Court agreed that the at-issue waiver did not depend on State Defendants' formal assertion of an "advice of counsel" defense, but instead on State Defendants' substantive claim that the Exclusion was motivated in part by its conclusion regarding the legality of the Exclusion.

State Defendants petitioned the Ninth Circuit for a writ of mandamus.  During oral argument before the Ninth Circuit, State Defendants surprised the panel by offering a far broader concession than made in any of their legal filings.  (*See* Declaration of Jordan C. Wall (the "Wall Decl.") at Ex. D at 31:22-25 ([Hon. Richard Paez] "I was not expecting the concession that Counsel offered during his argument."))  For the first time, State Defendants stated that they would forgo any arguments that put the withheld document at-issue, such that "there'd be no reason for [Dr. Toomey] to get access to" them.  (*Id*. at 11:2-21.)  The Ninth Circuit denied the petition for a writ of mandamus and told State Defendants to offer their new concession to this Court in the first instance.  (*See* Doc. 262.)

State Defendants have now reneged on that concession and instead ask this Court to unravel the Order on the basis of an evasive, hollow "concession" that State Defendants

---

[1]   Unless otherwise indicated, capitalized terms used herein have the same definition as those included in Dr. Toomey's Motion to Compel (Doc 195).

will not assert an "advice of counsel" defense in the future.  (MFR. at 5.)  This concession is utterly meaningless because State Defendants' at-issue waiver was never based on its formal assertion of an "advice of counsel" defense.  State Defendants have indicated that they intend to continue arguing that the Exclusion was maintained based on their conclusion that it was legal—the precise conduct that led Dr. Toomey to file his Motion to Compel, and this Court to issue the Order.

The Motion should be denied.  A party that has impliedly waived the attorney-client privilege can avoid disclosure only if it chooses to "abandon the claim that gives rise to the waiver condition."  *Bittaker v. Woodford*, 331 F.3d 715, 721 (9th Cir. 2003).  State Defendants still refuse to do so.  The Court should, therefore, either (a) issue an order broadly precluding State Defendants from defending against Dr. Toomey's claims of discriminatory intent by reference to any subjective legal conclusion or belief about the legality of the Exclusion, or (b) order State Defendants to produce the implicated documents immediately.  *See Hamilton v. Yavapai Cmty. Coll. Dist.*, CV-12-08193-PCT-GMS, 2016 WL 8199695, at *2 (D. Ariz. June 29, 2016) (holding that party seeking to avoid disclosure must withdraw any arguments or claims putting documents at issue).[2]

## BACKGROUND

### A.   THE ORDER AND ITS FINDING OF IMPLIED WAIVER

On May 20, 2021, Dr. Toomey moved to compel the production of certain documents that State Defendants had withheld on the basis of attorney-client privilege.  (Doc. 195.)  The Motion to Compel argued that State Defendants had placed the legal advice they received regarding the Exclusion at issue, not by formally pleading an "advice of counsel" defense, but by claiming their intent was non-discriminatory because their decision-making was informed by a legal conclusion.  (*Id.* at 9-12.)  The Motion to Compel noted that "a

---

[2]   Because the State Defendants made their concession for the first time at oral argument, the Ninth Circuit did not have the benefit of any briefing on *Bittaker* and the scope of abandonment required to reverse an at-issue waiver and to avoid disclosure.

party need not formally plead an advice of counsel defense in order to affirmatively place legal advice at issue." (*Id.* at 10 (citing *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992)).)

On June 28, 2021, Magistrate Judge Bowman granted Dr. Toomey's motion, finding that Dr. Toomey "cannot adequately dispute" State Defendants' alleged understanding that the Exclusion was lawful "without access to the legal advice that the State Defendants received" and that "'[f]airness' dictates that [State Defendants] disclose that advice to him." (Doc. 213 (the "Magistrate Order") at 4-6.)  The Magistrate Order also rejected State Defendants' contention that "[t]heir understanding . . . was not necessarily based on advice of counsel" and concluded that "State Defendants' understanding of the law was based in large part on advice from counsel." (*Id.* at 5-6.)

State Defendants filed objections to the Magistrate Order, arguing among other things that "State Defendants . . . never asserted that they relied on advice of counsel." (Doc. 223 at 2.)  On September 21, 2021, this Court rejected that contention and affirmed the Magistrate Order. (*See* Order at 7 ("[D]espite the State Defendants' protestations to the contrary, the State Defendants' Interrogatory Responses indicate that they relied on the advice of legal counsel in deciding to maintain the exclusion of coverage for gender reassignment surgery."))  This Court agreed with Magistrate Judge Bowman's determination that "[Dr. Toomey] is unable to adequately respond" to State Defendants' defense that they were motivated by a legal conclusion "without viewing the withheld documents." (*Id.*)  State Defendants were ordered to "produce all documents related to Defendants' decision-making regarding the exclusion of coverage for gender reassignment surgery . . . including [the] legal advice that may have informed that decision-making" within fourteen days, *i.e.*, by October 5, 2021. (*Id.* at 8.)

**B.    THE PETITION FOR MANDAMUS AND THE STAY**

On October 1, 2021, State Defendants filed a motion to stay the Order while they petitioned the United States Court of Appeals for the Ninth Circuit for a writ of mandamus.

(Doc. 242.)  On October 4, 2021, State Defendants filed the petition for a writ of mandamus (the "Petition") challenging the Order.  On October 21, 2021, the Court granted State Defendants' motion for stay pending resolution of State Defendants' Petition.  (Doc. 251.)

## C.   NINTH CIRCUIT ORAL ARGUMENT AND RULING

On March 10, 2022, the Ninth Circuit Court of Appeals heard oral argument regarding State Defendants' Petition.[3]  During State Defendants' remarks, the Ninth Circuit panel asked State Defendants' counsel if they were "prepared to disclaim raising advice of counsel as a defense."  (Wall Decl. Ex. D at 10:13-15.)  Counsel responded: "Yes, your honor.  We are."  (*Id*. at 10:16.)   Seeking to clarify the scope of State Defendants' concession, the panel proceeded with further questioning:

> "And you're saying now, to the extent that any of you all thought that we were trying to raise some kind of advice of counsel defense, we are not doing so.  We are, you know, assuming this case were to go to a jury or whatever, *we are not going to be arguing that.  And I guess if the if we or the District Court were to hold you to that, then there would be no reason for them to get access to these documents*.  Is that what you're saying?"

(*Id*. at 11:9-18 (emphasis added).)   Counsel responded: "Correct, your honor.  Exactly. That's precisely the argument we're making."  (*Id*. at 11:19-21.)

The panel then asked, "Did you tell the District Court you were not going to rely on an advice of counsel defense?"  (*Id*. at 12:1-3.)  State Defendants' counsel responded "I don't know the answer to that question."  (*Id*. at 12:4-5.)  The panel then sought clarity as to what State witnesses would testify to in light of the concession.  (*See id*. at 16:12 – 17:15.) State Defendants' counsel responded that "I think what my concession means is no witness

---

[3]   For the Court's convenience, an unofficial certified transcription of oral argument is attached to the Wall Declaration as Exhibit D.  Audio and video of the March 10, 2022 oral argument is available on the Ninth Circuit Court of Appeals website at https://www.ca9.uscourts.gov/media/video/?20220310/21-71312/ (last visited May 9, 2022).

is going to get up there and say because we had legal advice that we could do this, we didn't have intent." (*Id*. at 17:16-19.)

Subsequently, a panel member stated "I was not expecting the concession that Counsel offered during his argument. That wasn't in my, you know, on my radar screen at the time." (*Id.* at 31:23-25.)

On April 14, 2022, the Ninth Circuit denied State Defendants' Petition and held that "[t]here is no evidence that the district court clearly erred in determining that the State [D]efendants implicitly waived the attorney-client privileged." (Doc. 260 at 5.)

**D**.     **MEET AND CONFER RE: THE SCOPE OF THE STATE'S CONCESSION**

On April 20, 2022, the parties agreed to meet and confer on April 22 to discuss the resumption of the case before this Court. (Wall Decl. ¶ 4.) On April 21, without informing Dr. Toomey or his counsel that they intended to do so, State Defendants filed the instant Motion. (*See* MFR; Wall Decl. ¶5.) During the meet and confer the next day, Dr. Toomey asked if the "concession" described in the Motion meant that State Defendants would revise their response to Interrogatory No. 1, and refrain from asserting that State Defendants maintained the Exclusion because of a legal conclusion. (Wall. Decl. ¶6.) Dr. Toomey offered to negotiate a stipulation whereby State Defendants could avoid disclosure in exchange for an unambiguous agreement to abandon any claims of a legal rationale for the Exclusion. (*Id*.) Dr. Toomey understood State Defendants' response to be that they would not revise their response to Interrogatory No. 1, and that they would continue to argue that State Defendants' maintained the Exclusion because they concluded that it was lawful to do so. (*Id.*)

On April 28, 2022, Dr. Toomey's counsel sent State Defendants' counsel a draft of the stipulation previewed during the parties' April 22 meet and confer, which would permit State Defendants to avoid production by agreeing to abandon their legal rationale defense. (*Id*. ¶7; *id*. Ex. A.) State Defendants rejected that offer, counter-proposing that they stipulate only to the same hollow concession they have presented to this Court—that they

will not "put forward as a defense—through written pleadings, testimony, documents, or any other form of evidence—that [they] relied upon legal advice." (*Id.* Ex. B.)  Dr. Toomey responded, informing State Defendants that the narrowly revised stipulation did not address the at-issue concerns raised in Dr. Toomey's Motion to Compel, and that it was inconsistent with what they had represented to the Ninth Circuit.  (*Id.* Ex. C.)

## STANDARD FOR RECONSIDERATION

Motions for reconsideration should be granted only in rare circumstances.  *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).  Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order."  *Id.*

## ARGUMENT

## I. THE COURT SHOULD DENY THE MOTION FOR RECONSIDERATION

State Defendants' Motion asks this Court to "reconsider its Order and deny [Dr. Toomey's] Motion to Compel" based on a meager, narrowly framed concession that (i) does not resolve State Defendants' at-issue waiver, or the fairness considerations contemplated in the Order, (ii) is inconsistent with the representations State Defendants' counsel made before the Ninth Circuit at oral argument and (iii) could have been raised (and easily dispensed with) earlier.  The Motion should be denied.

### 1.    *The Concession Does Not Resolve the State Defendants' At-Issue Waiver*

First, the so-called "concession" offered by State Defendants does not resolve the "at-issue" waiver underlying Dr. Toomey's Motion to Compel (Doc. 195), or this Court's Order.  State Defendants say that they have "irrevocably disclaimed and waived any advice

of counsel defense," and agreed that they will not assert a formal "advice of counsel defense" in the future. (MFR at 5.) However, Dr. Toomey understands that State Defendants intend to continue defending the Exclusion by reference to their purported legal rationale for the Exclusion. *Supra* at 5. Specifically, Dr. Toomey understands that State Defendants intend to continue asserting, as they do in their response to Dr. Toomey's Interrogatory No. 1, that one of the two "reasons why" the State maintained the Exclusion was "because the State concluded, under the law, that it was not legally required to change its health plan to provide" gender reaffirming care. *Supra* at 5. In short, State Defendants' "concession" is simply that they will agree not to formally plead or admit an "advice of counsel" defense in the future.

This concession is irrelevant because Dr. Toomey's Motion to Compel, and the Order, are not premised on State Defendants' pleading of an "advice of counsel" defense. Indeed, both Magistrate Judge Bowman and this Court recognized that State Defendants had implicated the at-issue doctrine *despite* State Defendants' repeated contention that they were not asserting an "advice of counsel" defense. (Magistrate Order at 5 (finding implied waiver despite "State Defendants argu[ment] that they never asserted an 'advice of counsel defense'"); Order at 7 (agreeing that "despite the State Defendants' protestations to the contrary" they had impliedly placed "privileged material at issue.")) Because this Court's finding of an at-issue waiver was not based on the magic words "advice of counsel," State Defendants' agreement not to utter those words in the future is of no import.[4]

---

[4] The implied waiver doctrine does not require the waiving party to formally raise an advice of counsel defense or ceremoniously admit that it is relying on advice of counsel. (Doc. 195 at 10 (citing *Chevron*, 974 F.2d at 1162-63; *Melendres v. Arpaio*, CV-07-2513-PHX-GMS, 2015 WL 12911719, at *4 (D. Ariz. May 14, 2015)); Doc. 205 at 5-6; Doc. 232 at 6.) Rather, courts analyze the substance of the parties' claims and have based findings of waiver on acts taken during discovery that imply a reliance on advice of counsel, even where a party explicitly disclaims such reliance. (Reply at 5-6 (citing *Melendres v. Penzone,* No. 2:07-cv-02513, Doc. 1045-3, Ex. N, at Resp. to Interrog. No. 9).)

Instead, this Court found that waiver occurred because State Defendants impliedly relied on privileged documents to support their argument that the Exclusion was non-discriminatory because they determined it was legal.  (Magistrate Order at 5-6; Order at 7.)  Noting that "[Dr. Toomey] cannot fully respond" to this argument "without viewing the withheld documents[,]" the Court held that "fairness mandates that the documents be disclosed."  (Order at 7.)  The Court properly rejected State Defendant's attempt to shield any scrutiny of their alleged legal conclusion by suggesting that it might not have come from legal counsel.  (Magistrate Order at 4-6 (rejecting State Defendants' contention that "[t]heir understanding. . .was not necessarily based on advice of counsel"); Order at 7).  So long as State Defendants defend the rationale for the Exclusion by reference to their subjective understanding of the law, the withheld documents remain at issue.  This is true even if State Defendants continue to maintain—falsely[5]—that their subjective understanding was not influenced by advice of counsel.  "Where the [State Defendants] assert their subjective good faith with respect to a matter of legal compliance, as the [State Defendants] do here, a determination of such subjective good faith may depend on the advice given the Defendants by their counsel, *even if they do not seek to establish their good faith based on such advice*."  *Hamilton v. Yavapai Cmty. Col. Dist*., CV-12-08193-PCT-GMS, 2016 WL 8199695, at *2 (D. Ariz. June 29, 2016) (emphasis added).

A party that has impliedly waived the attorney-client privilege can avoid disclosure if it chooses to "abandon the claim that gives rise to the waiver condition."  *Bittaker v. Woodford*, 331 F.3d 715, 721 (9th Cir. 2003).  *Bittaker*'s abandonment rule has been applied strictly, with courts requiring the waiving party to withdraw any and all arguments that

---

[5]   It is unclear how, short of directing State witnesses to perjure themselves, the State Defendants could maintain this defense without conceding that their legal conclusion was influenced by advice of counsel.  During her deposition, the former director of the State's Benefits Service Division testified that "[w]e sought legal counsel and that – *with the legal counsel's recommendation* and meeting with the governor's office there was a decision made – a conclusion made. . ." (Doc. 195-3, p. 65, depo. p. 19, lns.8-15; Doc 213 at 5.)

substantively gave rise to the implied waiver.  *See Hamilton,* 2016 WL 8199695 at *2 (defendant wishing to abandon its "subjective good faith" defense to avoid disclosure of privileged documents was required to "immediately inform the Court that they withdraw that portion of their summary judgment motion that is based on a subjective good faith defense.")   Where a defendant has "already gone forward with a defense implicating attorney client privilege[,]" for example, through deposition testimony, its subsequent disclaimer of an advice of counsel defense is insufficient to avoid disclosure.  *U.S. ex rel. Barko v. Halliburton Co*., 1:05-CV-1276, 2014 WL 12774003, at *2 (D.D.C. Dec. 17, 2014) (finding that defendant's "amendments and disavowals do not change the Court's conclusion that justice requires the disclosure of the documents" because "[w]hile [defendant] may seek leave to amend its pleadings, it cannot undo a deposition.")

Here, State Defendants have already proceeded with their legal rationale defense— in discovery responses and affirmative State witness testimony—which cannot be undone by the token "concession" offered in the Motion.  More to the point, State Defendants have declined to abandon the very substantive argument that implicated the at-issue doctrine (*i.e.* that the State maintained the Exclusion because it believed it was lawful to do so).  To the contrary, Dr. Toomey understands that State Defendants will continue making this argument as the case proceeds, including during summary judgment and/or at trial, to defend against Dr. Toomey's claim of discriminatory intent, and to bolster their own affirmative defense that the Exclusion was maintained "for legitimate, non-discriminatory, and non-pretextual reasons."  (Doc. 89 at Affirmative Defense J.)  In other words, State Defendants intend to double down on, rather than abandon, the "claim that g[ave] rise to" the at-issue waiver described in the Order.  *Bittaker*, 331 F.3d at 721; *see also Arizona ex rel. Goddard v. Frito-Lay, Inc*., 273 F.R.D. 545, 557 (D. Ariz. 2011) (a government agency cannot "bolster" a determination it makes by citing a legal conclusion, "and at the same time claim the attorney-client privilege in how it arrived at the conclusion.")

**2.      *The Concession Is Inconsistent with State Defendants' Representation to the Ninth Circuit***

During oral argument, the Ninth Circuit panel asked State Defendants' counsel to clarify the scope of the concession they may be willing to make. Specifically, the panel asked if State Defendants were conceding that, "assuming the case were to go to a jury," the State Defendants would not make any arguments that implicated the at-issue doctrine, such that if the District Court "were to hold you to that . . . there would be no reason for [Dr. Toomey] to get access to these documents." *Supra* at 4. State Defendants' counsel responded: "correct . . . that's precisely the argument we're making." *Supra* at 4. State Defendants further represented that "no witness is going to get up there and say because we had legal advice that we could do this, we didn't have intent." *Supra* at 4.

As represented to the Ninth Circuit, State Defendants' purported concession approximates the *Bittaker* abandonment rule. But the concession offered in their Motion for Reconsideration is a far cry from State Defendants' representation to the Ninth Circuit, the concession the panel suggested as an alternative to producing the privileged documents, or the abandonment rule in *Bittaker*. Now, the State Defendants insist they are entitled to the relief they have sought all along – absolution from producing the withheld documents – solely in exchange for conceding a narrow "advice of counsel" defense that was not even the basis for Dr. Toomey's at-issue challenge. This sleight of hand should be rejected.

**3.      *The Concession Is Untimely***

State Defendants' concession is also untimely because it could have "been brought to [this Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). If State Defendants believed that merely disclaiming any *future* assertion of an advice of counsel defense would have changed the outcome Dr. Toomey's Motion to Compel, they could have raised that argument in their multiple opportunities for briefing before both Magistrate Judge Bowman

and this Court.  The Motion offers no explanation for why this argument could not have been raised until now.[6]

## II. THE COURT SHOULD ISSUE AN ORDER BROADLY PRECLUDING THE STATE FROM DEFENDING THE EXCLUSION BY REFERENCE TO A LEGAL CONCLUSION

As described above, a party who has impliedly waived the attorney-client privilege can avoid disclosure if it "abandon[s] the claim that gives rise to the waiver condition." *Bittaker*, 331 F.3d at 721.  The abandonment rule is construed strictly against the party who has impliedly waived privilege, requiring it to withdraw any substantive affirmations or arguments that gave rise to the waiver.  *See Hamilton*, 2016 WL 8199695, at *2.

Instead of requiring disclosure of the documents implicated by the Order, this Court could issue an order broadly precluding the State Defendants from presenting any evidence or arguments bearing State Defendants' purported understanding of the legality of the Exclusion.  "The district court is given broad discretion in supervising the pretrial phase of litigation," *Zivkovic v. Southern California Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002), and can "make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial."  *S. Union Co. v. Sw. Gas Corp*., 180 F. Supp. 2d 1021, 1060 (D. Ariz. 2002) (internal quotations omitted).  If State Defendants are to continue to resist producing the withheld documents, fairness dictates that they be precluded from maintaining any and all defenses that put those privileged records at issue.  A preclusive order is also warranted given State Defendants' affirmative representation before the Ninth Circuit that they would forego the conduct that gave rise to their at-issue waiver, so that there would be "*no reason for* [Dr. Toomey] *to get access to*" the withheld documents (Wall Decl. Ex. D at 11:2-19 (emphasis added)).  *See ACLU of Nevada v. Masto*, 670 F.3d 1046, 1064–65 (9th Cir. 2012)

---

[6]  State Defendants cannot genuinely suggest that their concession was only possible after the Ninth Circuit's oral argument.  If this was the case, a party could seek reconsideration any time questioning at oral argument prompted it to think of another argument.  In any event, as explained above, the concession outlined in the Motion does not track with what actually occurred before the Ninth Circuit panel.

(finding that State of Nevada's affirmative statement at oral argument that it would refrain from certain conduct in the future was a judicial admission, and that the doctrine of judicial estoppel barred the state from "changing positions according to the exigencies of the moment").

Dr. Toomey's Proposed Order[7] proposes precluding State Defendants from *putting forward any defense*—via argument, disclosure,[8] witness testimony, documents, or other evidence—of the purported legal rationale for the Exclusion in order to alleviate the need for disclosure.  As both Magistrate Judge Bowman and this Court recognized, State Defendants' legal rationale for the Exclusion, whether they admit it or not, is tied to advice received from counsel.  (Magistrate Order at 5-6 (concluding that "the State Defendants' understanding of the law was based in large part on advice from counsel"); Order at 7.)

Dr. Toomey's Proposed Order would include precluding State Defendants from, among other things, referencing "newspapers" or other non-privileged sources that allegedly informed the legal rationale of the Exclusion.  State Defendants' good faith legal understanding could be supported by newspaper and other non-privileged sources, but seriously undermined by the withheld documents.  It would prejudice Dr. Toomey to allow State Defendants to use the former to its advantage without disclosing the latter for a full examination of their defense.  *Hamilton*, 2016 WL 8199695, at *2 (explaining that "[b]ecause Defendants' motion asserts their subjective good faith in their compliance with

---

[7]   Without access to the withheld documents, Dr. Toomey cannot fully assess their evidentiary import and whether the preclusive order it seeks in light of the Ninth Circuit's guidance fully redresses the loss of this potential evidence.  For example, as Dr. Toomey's counsel stated to the Ninth Circuit, the withheld documents could indicate that State Defendants were advised the Exclusion was illegal, which would directly undermine the State Defendant's alleged legal conclusion.  (Wall Decl. Ex. D at 25:7-11.)  However, by precluding State Defendants from putting forward any defense premised on the alleged legal rationale for the Exclusion, the basis for State Defendants' at-issue waiver may be extinguished.

[8]   If State Defendants are abandoning their legal state of mind defense, they should be required to revise their interrogatory responses accordingly.  Fed. R. Civ. P. 26(e)(1).

the law, it implicates advice they received . . . from their counsel, *even if they wish to establish their good faith legal compliance through other acts*") (emphasis added)).

If State Defendants will not produce the withheld documents, they must completely abandon their defense that the Exclusion was maintained because of a legal conclusion. Alternatively, State Defendants should be ordered to produce the withheld documents immediately.

## **CONCLUSION**

For the reasons stated above, State Defendants' Motion should be denied, and the Court should (i) issue an order precluding State Defendants from putting forward in any form a defense to Dr. Toomey's claims premised upon the purported legal rationale for the Exclusion or, in the alternative, (ii) order the immediate production of the withheld documents.


Dated: May 09, 2022

ACLU FOUNDATION OF ARIZONA

By */s/ Christine K. Wee*
Victoria Lopez
Christine K Wee


AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Joshua A. Block*
Leslie Cooper*

WILLKIE FARR & GALLAGHER LLP
Wesley R. Powell*
Matthew S. Freimuth*
Jordan C. Wall*
Victoria A. Sheets*
Justin Garbacz*

*Admitted pro hac vice

*Attorneys for Plaintiff Russell B. Toomey*

**CERTIFICATE OF SERVICE**

I, Christine K. Wee, hereby certify that on May 9, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

*/s/ Christine K. Wee*
Christine K. Wee