**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B Toomey, | No. CV-19-00035-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Reconsideration. (Doc. 261.) Defendants seek reconsideration of the Court's September 21, 2021 Order (the "Order") (Doc. 241) compelling Defendants to produce documents withheld pursuant to the attorney-client privilege. Defendants seek reconsideration in light of their assertions that they would not be relying on any advice given by counsel during their defense at trial. (*Id*.; *see* Doc. 260.) Plaintiff opposes the Motion for Reconsideration. (Doc. 264.)

## I.     Procedural Background[1]

On September 21, 2021, the Court affirmed Magistrate Judge Bowman's Order (Doc. 213) compelling Defendants to produce documents withheld pursuant to the attorney-client privilege containing advice Defendants had received from legal counsel regarding the legality of the exclusion for gender reassignment surgery (Doc. 241). The

---

[1] As the parties are familiar with the facts of this case, the Court discusses only those procedural facts pertinent to Defendants' pending Motion for Reconsideration.

Court ordered Defendants to disclose the withheld documents because Defendants' Interrogatory Responses indicated that they had relied on the advice of counsel in deciding to maintain the exclusion of coverage for gender reassignment surgery. (*Id*. at 7.) The Court found that, without disclosure of the documents, Plaintiff would not be able to fully respond to Defendants' argument that their reason for maintaining the exclusion was lawful because it was based at least in part on legal advice. (*Id*.)

Defendants filed a Petition for Writ of Mandamus challenging the Order in the Ninth Circuit Court of Appeals (the "Petition"). (*See* Doc. 245.) On March 10, 2022, the Ninth Circuit held oral argument on the Petition. At oral argument, counsel for Defendants averred that Defendants would disclaim any reliance on an advice-of-counsel defense in justifying their reasons for maintaining the exclusion. (*See* Doc. 260.) The Ninth Circuit denied the Petition, concluding that this Court did not err in determining that Defendants had raised an advice-of-counsel defense and that fairness mandated that the documents underlying that defense be disclosed. (*Id*.) Since Defendants had not disclaimed the advice-of-counsel defense before this Court, the Ninth Circuit found that Defendants' subsequent disclaimer could not have factored into this Court's decision to compel production of the documents. (*Id*.) However, in light of Defendants' counsel's disclaimer at oral argument, the Ninth Circuit directed this Court to reconsider its Order, should Defendants request that it do so. (*Id*.)

## II. Motion for Reconsideration

Defendants now move for reconsideration of the Order. (Doc. 262.) In support of their Motion for Reconsideration, Defendants state that they disclaim any reliance on an advice-of-counsel defense for their decision to maintain the exclusion for gender reassignment surgery. (*Id*.) However, Defendants state that they intend to argue that the exclusion is legal—a question that constitutes the very heart of this case—but that they will not argue the exclusion's legality based in any way on advice received from counsel or argue that they relied on counsel's advice in determining that the exclusion was legal. (*Id*.)

1    Plaintiff opposes the Motion for Reconsideration. (Doc. 264.) Plaintiff contends
2    that the Court should enforce the Order as it stands because Defendants' disclaimer
3    before this Court does not resolve the issue of Defendants' purported understanding of
4    the legality of the exclusion and how it affected their decision to maintain the exclusion.
5    (*Id*.) Plaintiff contends that, should Defendants be permitted to withhold the privileged
6    documents, they should also be precluded from putting forth any defense, argument,
7    testimony, or other evidence "of the purported legal rationale for the exclusion." (*Id*.)
8    Plaintiff argues that he would be prejudiced were Defendants permitted to argue that they
9    believed the exclusion was legal based on certain evidence that they relied on, such as
10   costs, newspaper articles, or insurance policies (*see* Doc. 266 at 3-4) while withholding
11   other evidence—namely, advice of counsel—that was considered and that may have
12   informed their decision-making. (*Id*.)

13   **III.    Applicable Law**

14   Local Rule of Civil Procedure 7.2(g) provides the standard under which a court
15   reviews a motion for reconsideration. Under LRCiv 7.2(g):

16
17       The Court will ordinarily deny a motion for reconsideration
         of an Order absent a showing of manifest error or a showing
18       of new facts or legal authority that could not have been
         brought to its attention earlier with reasonable diligence. Any
19       such motion shall point out with specificity the matters that
         the movant believes were overlooked or misapprehended by
20       the Court, any new matters being brought to the Court's
         attention for the first time and the reasons they were not
21       presented earlier, and any specific modifications being sought
         in the Court's Order. No motion for reconsideration of an
22       Order may repeat any oral or written argument made by the
         movant in support of or in opposition to the motion that
23       resulted in the Order. Failure to comply with this subsection
         may be grounds for denial of the motion.

24   It is within the court's discretion whether to grant a motion for reconsideration.
25   *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d
26   1041, 1046 (9th Cir. 2003). A court should only grant a motion for reconsideration in rare
27   circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz.
28   1995). A court will grant a motion for reconsideration when:

- 3 -

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened *after* the Court's decision;
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (emphasis in original).

"The district court is given broad discretion in supervising the pretrial phase of litigation[.]" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The Court has "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *S. Union Co. v. Sw. Gas Corp.*, 180 F. Supp. 2d 1021, 1060 (D. Ariz. 2002) (internal citation omitted).

> [W]here the Defendants assert their subjective good faith with respect to a matter of legal compliance, as the Defendants do here, a determination of such subjective good faith may depend on the advice given the Defendants by their counsel, even if they do not seek to establish their good faith based on such advice. Such advice may or may not have been acted upon and *may color the Defendants' assertion of a subjective good faith belief based on its other actions*. It is not often that an invocation of subjective good faith results in an implicit waiver of the attorney-client privilege. But *when the subjective good faith is asserted with respect to the parties' understanding and compliance with the law, the party's knowledge about the law is vital, and the advice of counsel is highly relevant to the legal significance of the client's conduct.*

*Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-GMS, 2016 WL 8199695, at *2 (D. Ariz. June 29, 2016) (internal citation and quotation omitted) (emphasis added).

. . . .

- 4 -

## IV.     Analysis

Defendants' disclaimer of the advice-of-counsel defense is a new, significant fact that was not previously before the Court.  Based on Defendants' averment that they will not use evidence of the advice of counsel in their defense, Defendants may maintain the confidentiality of the attorney-client communications at issue.  Accordingly, the Court will grant Defendants' Motion for Reconsideration and vacate its September 21, 2021 Order directing Defendants to produce the attorney-client privileged documents at issue.

However, the Court will preclude Defendants from arguing in their defense that they had a good-faith subjective belief in the legality of their decision to maintain the exclusion for gender reassignment surgery.  Defendants have already admitted that they received advice from counsel regarding the exclusion (*see* Doc. 241 at 7), and though they now aver they did not rely solely on the advice of counsel, they cannot unlearn what they learned from counsel.  The advice that Defendants received from counsel may have complicated Defendants' understanding of the legality of the exclusion or otherwise pointed to a different conclusion regarding the exclusion's legality.  Plaintiffs would be unfairly prejudiced if Defendants were allowed to argue that they had a good-faith subjective belief in the legality of the exclusion while presenting only evidence favoring that conclusion and withholding potentially adverse advice-of-counsel evidence.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 261) is **granted**. The Court's September 21, 2021 Order (Doc. 241) affirming Magistrate Bowman's Order (Doc. 213) and directing Defendants to produce the attorney-client privileged documents at issue is **vacated**.

**IT IS FURTHER ORDERED** that the stay, as set forth in Doc. 251, is **lifted**.

. . . .

. . . .

. . . .

. . . .

- 5 -

**IT IS FURTHER ORDERED** that Defendants shall be precluded from arguing that they held a good-faith subjective belief that their decision to maintain the exclusion for gender reassignment surgery was legal.

Dated this 8th day of August, 2022.

Honorable Rosemary Márquez
United States District Judge