FENNEMORE CRAIG, P.C.
Timothy J. Berg (No. 004170)
Amy Abdo (No. 016346)
Ryan Curtis (No. 025133)
Shannon Cohan (No. 034429)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: tberg@fennemorelaw.com
Email: amy@fennemorelaw.com
Email: rcurtis@fennemorelaw.com
Email: scohan@fennemorelaw.com

*Attorneys for Defendants*
*State of Arizona, Andy Tobin, and Paul Shannon*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey, | No. 4:19-cv-00035 |
| Plaintiff, | **JOINT STIPULATION REGARDING DEFENDANTS STATE OF ARIZONA'S, ANDY TOBIN'S, AND PAUL SHANNON'S MOTION FOR CLARIFICATION AND THE USE OF CERTAIN EVIDENCE IN DISPOSITIVE MOTIONS** |
| v. | |
| State of Arizona, *et al.* | |
| Defendants. | |

The parties hereby submit the following Stipulation and state as follows:

1.      On August 9, 2022, the Court granted Defendants State of Arizona's, Andy Tobin's, and Paul Shannon's (collectively, "State Defendants") Motion for Reconsideration (the "Reconsideration Order") (Doc. 278).  The Reconsideration Order precludes State Defendants from "arguing in their defense that they had a good-faith subjective belief in the legality of their decision to maintain the exclusion for gender reassignment surgery." (Doc. 278 at 5.)

2.      State Defendants intend to request clarification of the Reconsideration Order without requesting a stay from the Court.  Specifically, State Defendants may present the following evidence in their dispositive motion and/or in response to Plaintiff's dispositive

motion:

    a. The factual state of the law at the time that State Defendants made their decision regarding the exclusion for gender reassignment surgery (the "Exclusion");

    b. Communications with non-attorneys regarding the legality of the Exclusion that occurred prior to the time that legal counsel was consulted regarding the Exclusion; and

    c. Testimony from third-party witnesses, including the Governor's Office, regarding their consideration of the legality of the Exclusion in 2016.

3. State Defendants contend that they may present such evidence as objective facts so long as it is not used to argue that State Defendants had a good-faith subjective belief in the legality of the Exclusion.

4. Plaintiff and the certified classes contend that the foregoing evidence is precluded by the Reconsideration Order and should not be considered at either summary judgment or at trial.

5. Because the parties do not wish to delay the briefing of dispositive motions in this matter, the parties stipulate and agree that Defendants may include any of the above evidence in State Defendants' dispositive motion briefing and/or in response to Plaintiff's dispositive motion, pending resolution of State Defendants' motion for clarification.

6. If the Court determines that the above evidence is precluded by the Reconsideration Order, the parties agree that the above evidence should not be considered by the Court in resolving either party's dispositive motion. For avoidance of doubt, by agreeing to allow State Defendants to include the above-mentioned evidence in their briefing, Plaintiff does not concede that such evidence should be considered by the Court in resolving dispositive motions.

7. The parties further stipulate and agree that Plaintiff and the certified classes

will not move for sanctions or contempt based on State Defendants' inclusion of any of the above evidence in their dispositive motion briefings.

DATED this 23rd day of August, 2022.

| | |
|---|---|
| **FENNEMORE CRAIG, P.C.**<br>2394 E Camelback Rd., Ste. 600<br>Phoenix, AZ 85016-3429<br><br>　　*/s/ Ryan C. Curtis*<br>　　Timothy J. Berg<br>　　Amy Abdo<br>　　Ryan Curtis<br>　　Shannon Cohan<br>　　tberg@fclaw.com<br>　　amy@fclaw.com<br>　　rcurtis@fclaw.com<br>　　scohan@fclaw.com<br><br>*Attorneys for Defendants State of Arizona, Andy Tobin, and Paul Shannon* | **WILLKIE FARR & GALLAGHER**<br>787 Seventh Avenue<br>New York, New York 10019<br><br>By */s/ Jordan C. Wall (w- permission)*<br>　　Wesley R. Powell\*<br>　　Matthew S. Freimuth\*<br>　　Jordan C. Wall\*<br>　　Victoria A. Sheets\*<br>　　Justin Garbacz\*<br>　　wpowell@willkie.com<br>　　mfreimuth@willkie.com<br>　　jwall@willkie.com<br>　　vsheets@willkie.com<br>　　jgarbacz@willkie.com |
| **PERKINS COIE LLP**<br>2901 N. Central Ave., Suite 2000<br>Phoenix, Arizona 85012-2788<br><br>　　*/s/ Paul F. Eckstein (w-permission)*<br>　　Paul F. Eckstein<br>　　Austin C. Yost<br>　　PEckstein@perkinscoie.com<br>　　AYost@perkinscoie.com<br><br>*Attorneys for Defendants Arizona Board of Regents, d/b/a University of Arizona; Ron Shoopman; Larry Penley; Ram Krishna; Bill Ridenour; Lyndel Manson; Karrin Taylor Robson; Jay Heiler; and Fred Duval* | **AMERICAN CIVIL LIBERTIES UNION FOUNDATION**<br>125 Broad Street, Floor 18<br>New York, NY 10004<br><br>　　Joshua A. Block\*<br>　　Leslie Cooper\*<br>　　jblock@aclu.org<br>　　lcooper@aclu.org<br><br>**ACLU FOUNDATION OF ARIZONA**<br>3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85014<br><br>　　Christine K. Wee<br>　　cwee@acluaz.org<br><br>　　　　　　\*admitted pro hac vice<br>*Attorneys for Plaintiff Russell B. Toomey* |