FENNEMORE CRAIG, P.C.
Timothy J. Berg (No. 004170)
Amy Abdo (No. 016346)
Ryan Curtis (No. 025133)
Shannon Cohan (No. 034429)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: tberg@fennemorelaw.com
Email: amy@fennemorelaw.com
Email: rcurtis@fennemorelaw.com
Email: scohan@fennemorelaw.com

*Attorneys for Defendants*
*State of Arizona, Andy Tobin, and Paul Shannon*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey, | CV-19-00035-TUC-RM |
| Plaintiff, | **DEFENDANTS STATE OF ARIZONA'S, ANDY TOBIN'S, AND PAUL SHANNON'S MOTION FOR CLARIFICATION** |
| v. | |
| State of Arizona, *et al.* | |
| Defendants. | **(ORAL ARGUMENT REQUESTED)** |

Defendants State of Arizona, Andy Tobin, and Paul Shannon (collectively, "State Defendants") respectfully request clarification of the Court's August 9, 2022 Order granting State Defendants' Motion for Reconsideration (the "Order") (Doc. 278). In the Order, the Court precluded State Defendants from "arguing in their defense that they had a good-faith subjective belief in the legality of their decision to maintain the exclusion for gender reassignment surgery." (Doc. 278 at 5.) State Defendants believe that the Court's Order does not preclude State Defendants from referring to specific factual evidence but they seek confirmation and clarification from the Court.

In order to comply with the Order and in an abundance of caution, State Defendants request that the Court confirm that State Defendants are not precluded from introducing the

following evidence and arguments:

1. The factual state of the law at the time that State Defendants made their decision regarding the exclusion for gender reassignment surgery (the "Exclusion");
2. Communications with non-attorneys regarding the legality of the Exclusion that occurred prior to the time that legal counsel was consulted regarding the Exclusion; and
3. Testimony from third-party witnesses regarding their consideration of the legality of the Exclusion in 2016.

State Defendants contend that they may present such evidence as objective facts so long as it is not used to argue that State Defendants had a good-faith subjective believe in the legality of excluding transgender surgery from the State's health plan. Without clarification of the Order, State Defendants do not know whether the above-listed evidence and arguments are permissible. State Defendants do not want to unintentionally use evidence that would violate the Order in drafting or responding to a dispositive motion. For these reasons, State Defendants seek clarification.

I.   **STATE DEFENDANTS REQUEST CLARIFICATION OF THE ORDER.**

   A.   **The State of The Law in 2016**

First, State Defendants want clarification that presenting the factual state of the law for health plans as it was in 2016 would not violate the Court's Order.

As brief background, on May 18, 2016, the Office of Civil Rights ("OCR") of the United States Department of Health and Human Services ("HHS") issued a final rule implementing non-discrimination provisions under Section 1557 of the Affordable Care Act (the "2016 Rules").[1] The 2016 Rules prohibited entities subject to the rules from

---

[1] *See*, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 96, 31376 (May 18, 2016) (codified at 45 C.F.R. pt. 92).

including categorical exclusions or limitations for health services related to "gender transition." 45 CFR § 92.207(b)(4) (2016). However, the 2016 Rules did not affirmatively require coverage of any particular procedure or treatment for gender transition-related care. *Id*. at § 92.207(d). Regarding discrimination on different bases, § 1557 incorporates different federal discrimination laws. *See* 42 U.S.C. § 18116 (A). For discrimination on the basis of sex, § 1557 incorporates Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 et seq.). *Id*.

The 2016 Rules were challenged in court to determine if they were valid or whether they exceeded what is meant by "on the basis of sex" under the law. *See Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 696 (N.D. Tex. 2016); *Texas v. United States*, 201 F. Supp. 3d 810, 836 (N.D. Tex. 2016). This case and related motions were pending when the ADOA was evaluating how it would address § 1557. These are objective facts—not State Defendants' subjective belief.

State Defendants request confirmation that they are not precluded from discussing the background and application of § 1557 or the 2016 Rules in their defense of Plaintiff's claim. This would include the current interpretations of § 1557 (which has still not been conclusively determined) and is pertinent to the matter of whether the surgery exclusion was then and/or is now unlawful.

### B.     Communications Pre-Dating Consultation with Legal Counsel

Second, State Defendants seek clarification that the Order would not prohibit State Defendants from presenting communications of the legality of the Exclusion which ADOA received prior to the time that it consulted legal counsel.

Throughout this litigation, State Defendants have maintained that their understanding of the law was based on several sources—both legal and non-legal. For example, ADOA received interpretations of § 1557, and the legal impact of the 2016 Rules, from each of its insurance vendors, medical consultants, news sources, and public

presentations. Many of these communications occurred prior to the date that ADOA consulted legal counsel regarding the legality of the Exclusion.  (*See, e.g.*, Doc. 223, Declaration of Ryan Curtis in Support of Objection to Order Compelling Production ("Curtis Decl."), at Exhibits 1–5 (discussions with insurance vendors and consultants occurring from October 2015 through June 2016.)  Any communications pre-dating a consultation with legal counsel could not be colored by legal advice.  As a result, such communications would not appear to trigger the same concerns addressed in the Order. State Defendants seek clarification whether the Order would preclude State Defendants from discussing or introducing such evidence. Notably, deposition transcripts are replete with questions, answers, and references to such documents that occurred well before State Defendants engaged outside legal counsel and before the communications in the privilege log that Plaintiff sought through the Motion to Compel. If Plaintiff can use such evidence against State Defendants, it is wholly unfair if State Defendants cannot likewise use those same objective facts.

### C. Testimony from Third-Party Witnesses

Third, State Defendants seek clarification whether the Order prohibits State Defendants from introducing testimony from third-party witnesses regarding their interpretation of § 1557.

For example, Christina Corieri (a representative from the Governor's Office) testified in her deposition regarding her independent review and interpretation of § 1557.[2] As with the above-mentioned documents, Ms. Corieri's review and interpretation occurred prior to any legal advice that was part of Plaintiff's Motion to Compel and can be cleanly

---

[2] Ms. Corieri's deposition occurred on July 13, 2022. The transcript of her deposition was not available at the time of briefing the Motion for Reconsideration or at oral argument of the same.

separated from any legal advice received.[3]  Moreover, Ms. Corieri is not and was never an employee or agent of ADOA. State Defendants seek confirmation that the Order would not preclude State Defendants from calling Ms. Corieri as a witness or permitting her to testify regarding her interpretation of § 1557 and the 2016 Rules.  Importantly, Ms. Corieri testified that she independently determined that under the rules addressing § 1557, a plan cannot have a categorical exclusion for treatment for gender dysphoria and needed to cover something.  (*See* Exhibit 1 (Excerpts of Christina Corieri's July 13, 2022, deposition transcript) at 103:21–111:2.)

Accordingly, State Defendants seek clarification as to whether they may use factual statements in deposition testimony offered by Ms. Corieri and any other third-party witnesses regarding the legality of the exclusion—which is the very issue in this case.

## II.    CONCLUSION

State Defendants believe they can use the evidence described above, which are objective facts and not the subjective belief of State Defendants. However, State Defendants do not want to risk unintentionally violating the Court's Order precluding them from "arguing in their defense that they had a good-faith subjective belief in the legality of their decision to maintain the exclusion for gender reassignment surgery." For these reasons, State Defendants request that the Court clarify its Order granting the Motion for Reconsideration.

///

---

[3] Ms. Corieri attended law school but did not sit for the bar exam and has not practiced law. Her communications are not considered attorney-client privileged based on her status as an unlicensed lawyer, except to the extent she was communicating with other legal counsel.

1  DATED this 23rd day of August, 2022.

2

3                                          FENNEMORE CRAIG, P.C.

4                                          By:  *s/ Ryan Curtis*
                                                Timothy J. Berg
5                                               Amy Abdo
                                                Ryan Curtis
6                                               Shannon Cohan
                                                Attorneys for Defendants State of
7                                               Arizona, Andy Tobin, and Paul
                                                Shannon
8
27986191

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FENNEMORE CRAIG, P.C.

PHOENIX