1
2
3
4
5
6         **IN THE UNITED STATES DISTRICT COURT**
7            **FOR THE DISTRICT OF ARIZONA**
8

9    Russell B Toomey,                    No. CV-19-00035-TUC-RM (LAB)

10              Plaintiff,                 **ORDER**

11   v.

12   State of Arizona, et al.,

13              Defendants.

14

15        Pending before the Court is State Defendants' Motion for Clarification. (Doc.

16   283.) State Defendants seek clarification of this Court's August 9, 2022 Order granting

17   State Defendants' Motion for Reconsideration ("the Order"). (Doc. 278.) That Order

18   precluded State Defendants from arguing that they had a good-faith subjective belief in

19   the legality of their decision to maintain the exclusion for gender reassignment surgery

20   ("the Exclusion"). (*Id*.) In relevant part, the Order states:

21              [T]he Court will preclude Defendants from arguing in their
                defense that they had a good-faith subjective belief in the
22              legality of their decision to maintain the exclusion for gender
                reassignment surgery. Defendants have already admitted that
23              they received advice from counsel regarding the exclusion
                (*see* Doc. 241 at 7), and though they now aver they did not
24              rely solely on the advice of counsel, they cannot unlearn what
                they learned from counsel. The advice that Defendants
25              received from counsel may have complicated Defendants'
26              understanding of the legality of the exclusion or otherwise
                pointed to a different conclusion regarding the exclusion's
27              legality. Plaintiffs would be unfairly prejudiced if Defendants
28

1
2
3

were allowed to argue that they had a good-faith subjective belief in the legality of the exclusion while presenting only evidence favoring that conclusion and withholding potentially adverse advice-of-counsel evidence.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

(Doc. 278.) Defendants now seek the Court's guidance on whether the Order permits them to introduce three specific categories of evidence: (1) the factual state of the relevant law—i.e., the Office of Civil Rights of the United States Department of Health and Human Services' final rule implementing the non-discrimination provisions of Section 1557 of the Affordable Care Act ("2016 Rules")[1] at the time State Defendants made their decision regarding the exclusion for gender reassignment surgery; (2) communications with non-attorneys about the legality of the Exclusion that occurred before legal counsel was consulted; and (3) testimony from third-party witnesses regarding their interpretation of Section 1557 of the Affordable Care Act ("§ 1557"). (Doc. 283.) With respect to item (3), Defendants provide as an example the deposition testimony of Christina Corieri, a representative of the Governor's Office who is not an attorney. (*Id*. at 5.) Ms. Corieri testified in part that she had independently determined, pursuant to § 1557 and the applicable regulations, that a health insurance plan cannot categorically exclude treatment for gender dysphoria and needed to provide some coverage. (*Id*.; *see also* Doc. 283-1.) Ms. Corieri testified that she reached these conclusions independent from, and indeed prior to, any legal advice received by Defendants. (*Id*.)

21
22
23
24

Defendants argue that they intend to introduce these three categories of evidence, not to argue that they held a good-faith subjective belief in the legality of the Exclusion, but for the purposes of (1) providing background information regarding the legal landscape at the time of Defendants' decision to maintain the Exclusion, as well as

25
26
27
28

[1] Defendants aver that the 2016 Rules "prohibited entities subject to the rules from including categorical exclusions or limitations for health services related to "'gender transition.'" 45 CFR § 92.207(b)(4) (2016). The 2016 Rules were challenged in court and those cases were pending when Defendants were considering how to address Section 1557. (Doc. 283 at 3); *see Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 669 (N.D. Tex. 2016). Defendants further aver that the legal interpretations of Section 1557 and the 2016 Rules still have not been conclusively settled, and they seek permission to discuss the background and application of the law.

current legal interpretations of Section 1557; (2) presenting the factors and information Defendants considered when deciding to maintain the Exclusion; and (3) defending against Plaintiff's potential argument that they had a discriminatory motive in maintaining the Exclusion. (*See* Docs. 283, 290.)

Plaintiff responded in opposition to the Motion and argues that Defendants should be precluded from introducing any of the three categories of evidence. (Doc. 287.) Plaintiff argues that this evidence is only relevant to demonstrate or support Defendants' understanding of the legality of the Exclusion at the time they decided to maintain it, which the Order expressly prohibits. (*Id.*) Plaintiff argues that the information Defendants seek to introduce will not be "objective" but will be used to selectively present evidence that favors a conclusion that they believed the exclusion was legal, while omitting evidence to the contrary. (*Id.*) Plaintiff further argues that the evidence should be excluded because it is irrelevant, prejudicial, and confusing. (*Id.*)

In reply, Defendants argue that (1) the legal landscape in 2016 is relevant to a discussion of Section 1557 and to an argument that Defendants had a discriminatory motive in maintaining the Exclusion; (2) the evidence at issue will be used in dispositive motion briefing and potentially a bench trial, not a jury trial, as neither party has requested a jury trial; (3) the Order does not preclude Defendants from discussing factors they considered in deciding to maintain the Exclusion, as long as they do not assert that they believed the Exclusion was legal; and (4) the evidence does not implicate the fairness concerns addressed by the Order because it is unrelated to any legal advice Defendants received. (Doc. 290.)

The Court agrees with Plaintiff that the Order precludes Defendants from defending their decision to maintain the Exclusion by relying on their subjective understanding of the legality of the Exclusion. Thus, the Court finds that two of the three categories of evidence that Defendants seek to introduce via the instant Motion violate the previous Order. The Court finds that (1) communications with non-attorneys about the legality of the Exclusion and (2) deposition testimony from third-party witnesses

regarding their interpretation of Section 1557 of the Affordable Care Act would both serve to improperly further the argument that Defendants had a good faith belief in the legality of the Exclusion. However, the factual state of the relevant law at the time State Defendants made their decision regarding the Exclusion is admissible, as long as Defendants rely on it solely for the reasons proffered in their Motion, and not to argue good faith belief.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Clarification (Doc. 283) is **granted in part and denied in part** as follows**:**

(1) Evidence regarding the 2016 Rules and their interpretations at the time State Defendants made their decision regarding the Exclusion is **admitted** for the purpose of explaining the legal landscape during the relevant time period and not for the purpose of supporting an argument that Defendants held a good-faith belief in the legality of the Exclusion.

(2) Evidence regarding communications with non-attorneys about the legality of the Exclusion is **excluded**.

(3) Deposition testimony of third-party witnesses regarding their interpretation of Section 1557 of the ACA is **excluded**.

Dated this 18th day of October, 2022.

Honorable Rosemary Márquez
United States District Judge