1   Paul F. Eckstein (#001822)
    Austin C. Yost (#034602)
2   **PERKINS COIE LLP**
    2901 North Central Avenue, Suite 2000
3   Phoenix, Arizona 85012-2788
    Telephone: 602.351.8000
4   Facsimile: 602.648.7000
    PEckstein@perkinscoie.com
5   AYost@perkinscoie.com
    DocketPHX@perkinscoie.com
6
    *Attorneys for Defendants Arizona Board of Regents,*
7   *Ron Shoopman, Larry Penley, Cecilia Mata,*
    *Bill Ridenour, Lyndel Manson, Robert Herbold,*
8   *Jessica Pacheco, and Fred DuVal*

9                   UNITED STATES DISTRICT COURT

10                       DISTRICT OF ARIZONA

11  **Russell B. Toomey**,
                                            Case No. CV 19-00035-TUC-RM (LAB)
12              Plaintiff,

13      v.                                  **DEFENDANTS ARIZONA BOARD
                                            OF REGENTS, RON SHOOPMAN,
14  **State of Arizona**; **Arizona Board of     LARRY PENLEY, CECILIA MATA,
    Regents**, a governmental body of the State   BILL RIDENOUR, LYNDEL
15  of Arizona; **Ron Shoopman**, in his         MANSON, ROBERT HERBOLD,
    official capacity as Member of the          JESSICA PACHECO, AND FRED
16  Arizona Board of Regents; **Larry Penley**,   DUVAL'S RESPONSE TO
    in his official capacity as Treasurer of the  PLAINTIFF'S MOTION FOR
17  Arizona Board of Regents; **Cecilia Mata**,   SUMMARY JUDGMENT
    in her official capacity as Secretary of the
18  Arizona Board of Regents; **Bill Ridenour**,
    in his official capacity as Member of the
19  Arizona Board of Regents; **Lyndel
    Manson**, in her official capacity as Chair
20  of the Arizona Board of Regents; **Robert
    Herbold**, in his official capacity as
21  Member of the Arizona Board of Regents;
    **Jessica Pacheco**, in her official capacity
22  as Member of the Arizona Board of
    Regents; **Fred DuVal**, in his official
23  capacity as Member of the Arizona Board
    of Regents; **Andy Tobin**, in his official
24  capacity as Director of the Arizona
    Department of Administration; **Paul
25  Shannon**, in his official capacity as
    Acting Assistant Director of the Benefits
26  Services Division of the Arizona
    Department of Administration,
27
                Defendants.
28

Defendants Arizona Board of Regents ("the Board"), Ron Shoopman, Larry Penley, Cecilia Mata, Bill Ridenour, Lyndel Manson, Robert Herbold, Jessica Pacheco, and Fred DuVal (collectively, "the University Defendants") reiterate the positions that they have taken from the beginning of this litigation.

The University Defendants do not object to Plaintiff's requested injunctive relief against Defendants State of Arizona, Andy Tobin, and Paul Shannon (collectively, "the State Defendants"). [*See also* Docs. 23, 31, 91, 122, 139 (taking this same position)]. Nor does the Board object to an injunction against it so long as: (1) the injunction is no greater than the injunction entered against the State Defendants; (2) the injunction does not create a legal responsibility or obligation on the University Defendants beyond their authority and control under state law applicable to the administration of the state health care plan; and (3) the injunction is not entered against the individually named Regents because (a) any injunction against the Board would consequently apply to the Regents under Federal Rule of Civil Procedure 65(d)(2)(B) and (b) the Regent appointees to the Board are predictably subject to change. [*See, e.g.*, Doc. 256 (substituting current Regents for former Regents)]. [*See also* Docs. 122, 139 (taking this same position)].

Should the Court issue any injunction, it should make clear that none of the University Defendants discriminated against Plaintiff or violated Plaintiff's equal protection rights. The undisputed facts prove that the University Defendants have no authority over exclusions in the health insurance plan that the Arizona Department of Administration ("ADOA") controls and administers. [PSOF ¶¶ 10–11; CSOF ¶¶ 10–11].[1] And the University Defendants indisputably had no role in adding, changing, or keeping the exclusion for "[g]ender reassignment surgery" in ADOA's health insurance plan. [PSOF ¶¶ 45, 50; CSOF ¶¶ 45, 50 (stating that "*ADOA*"—not any of the University Defendants— "ultimately maintained" the "[g]ender reassignment surgery" exclusion after a meeting with

---

[1] "PSOF" refers to Plaintiff's statement of facts. "CSOF" refers to the University Defendants' controverting statement of facts.

the Arizona Governor's Office) (emphasis added)]. As a result, the University Defendants did not discriminate against Plaintiff or violate Plaintiff's equal protection rights.

In the event that the State Defendants prevail at summary judgment or trial, the University Defendants should likewise prevail. As explained above, the undisputed facts prove that the University Defendants have no authority to provide Plaintiff's requested relief. Plaintiff's Amended Complaint seeks the following injunctive relief:

> Permanent injunctive relief with respect to all Defendants, requiring Defendants to remove the Plan's categorical exclusion of coverage for "[g]ender reassignment surgery" and evaluate whether Dr. Toomey and the proposed classes' surgical care for gender dysphoria is "medically necessary" in accordance with the Plan's generally applicable standards and procedures.

[Doc. 86 (Relief Requested) ¶ B]. But Plaintiff cannot establish that any of the University Defendants has authority to remove any exclusion from the health insurance plan that ADOA controls and administers. To the contrary, the undisputed facts prove that the Director of ADOA—and only the Director of ADOA—has authority to "determine the type, structure, and components of the insurance plans made available by [ADOA]." [PSOF ¶¶ 10–11; CSOF ¶¶ 10–11]. These facts are unsurprising. As the University Defendants have repeatedly explained throughout this litigation, Arizona law *requires* the Board to "accept the benefit level, plan design, insurance providers, premium level and other terms and conditions *determined by [ADOA]*." A.R.S. § 38-656(E) (emphasis added); *see also* A.R.S. § 38-656(B) (stating that ADOA's health insurance plan "shall be the only health . . . insurance coverage" offered to the Board's employees). [*See also* Docs. 23, 31, 91, 122, 139 (taking this same position and quoting A.R.S. § 38-656(E))].

In short, in the event that the State Defendants prevail at summary judgment or trial, Plaintiff has no right to recover his requested injunctive relief against the University Defendants. Plaintiff presented no *facts* establishing that any of the University Defendants has authority to remove any exclusion from ADOA's health insurance plan. And he also presented no *legal authority* that would allow any of the University Defendants to interfere with ADOA's health insurance plan in this way. Therefore, in the event that the State

1

2

Defendants prevail at summary judgment or trial, the University Defendants should

3

likewise prevail. *See, e.g.*, *Sebra v. Neville*, 801 F.2d 1135, 1138–39 (9th Cir. 1986)

4

(affirming the dismissal of a defendant when his "lack of authority" to provide the requested

5

relief precluded the plaintiff from "obtaining injunctive relief against him"); *Oram v.*

6

*Linderman*, No. CV-12-02450, 2014 WL 2569128, at \*9–10 (D. Ariz. June 9, 2014)

7

(denying a plaintiff's summary judgment motion against two defendants when "there [was]

no evidence that either Defendant ha[d] authority" to provide the requested relief).

8

9

10

11

Dated:  October 26, 2022

**PERKINS COIE LLP**

12

13

By: *s/ Paul F. Eckstein*

Paul F. Eckstein

14

Austin C. Yost

2901 North Central Avenue, Suite 2000

Phoenix, Arizona 85012-2788

15

16

*Attorneys for Defendants Arizona Board of Regents, Ron Shoopman, Larry Penley, Cecilia Mata, Bill Ridenour, Lyndel Manson, Robert Herbold, Jessica Pacheco, and Fred DuVal*

17

18

19

20

21

22

23

24

25

26

27

28

-3-

**Certificate of Service**

I certify that, October 26, 2022, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing. The CM/ECF System notified the following CM/ECF registrants of the filing:

| | |
|---|---|
| Wesley R. Powell<br>Matthew S. Friemuth<br>Jordan C. Wall<br>Justin Garbacz<br>**Willkie Farr & Gallagher LLP**<br>787 Seventh Avenue<br>New York, NY 10019<br>wpowell@willkie.com<br>mfriemuth@willkie.com<br>jwall@willkie.com<br>jgarbacz@willkie.com | Timothy J. Berg<br>Amy Abdo<br>Ryan Curtis<br>Shannon Cohan<br>**Fennemore Craig, P.C.**<br>2394 East Camelback Road, Suite 600<br>Phoenix, Arizona 85016<br>tberg@fclaw.com<br>amy@fclaw.com<br>rcurtis@fclaw.com<br>scohan@fclaw.com<br><br>*Attorneys for Defendants State of Arizona, Andy Tobin and Paul Shannon* |
| Joshua A. Block<br>Leslie Cooper<br>**American Civil Liberties Union Foundation**<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>jblock@aclu.org<br>lcooper@aclu.org | |
| Christine K. Wee<br>**ACLU Foundation of Arizona**<br>3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85014<br>cwee@acluaz.org<br><br>*Attorneys for Plaintiff Russell Toomey* | |

*s/ Susan M. Carnall*

-4-