FENNEMORE CRAIG, P.C.
Timothy J. Berg (No. 004170)
Amy Abdo (No. 016346)
Ryan Curtis (No. 025133)
Shannon Cohan (No. 034429)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: tberg@fennemorelaw.com
Email: amy@fennemorelaw.com
Email: rcurtis@fennemorelaw.com
Email: scohan@fennemorelaw.com

*Attorneys for Defendants*
*State of Arizona, Andy Tobin, and Paul Shannon*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey, | CV-19-00035-TUC-RM |
| Plaintiff, | **DEFENDANTS STATE OF ARIZONA'S, ANDY TOBIN'S, AND PAUL SHANNON'S RESPONSE TO PLAINTIFF'S COUNTERVAILING STATEMENT OF FACTS TO DEFENDANTS' SEPARATE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| State of Arizona, *et al.* | |
| Defendants. | |

Defendants State of Arizona, Andy Tobin, and Paul Shannon (collectively, "State Defendants") hereby respond to Plaintiff's Countervailing Statement of Facts (Doc. 322.)

**I.   RESPONSE TO SEPARATE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S RESPONSE TO STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1. Disputed. ADOA consults with the Governor's Office regarding proposed revisions to the Plan design. (Doc. 296 (Declaration of Ryan Curtis ("Curtis Decl.")), Ex. 8 (Deposition Transcript of Marie Isaacson ("Isaacson Depo.")) at 119:11–120:15; *id.*, Ex. 10 (Deposition Transcript of Scott Bender ("Bender Depo.")) at 71:7–11, 81:4–20.) The Governor's Office was always involved in determining the contribution strategy for the Plan. (Doc. 317 (Declaration of Ryan Curtis ("Curtis Decl.")), Ex. G (Isaacson Depo.)) at 120:1-15.)

| | | |
|---|---|---|
| 1 | 2. | Undisputed. |
| 2 | 3. | Undisputed. |
| 3 | 4. | Undisputed. |
| 4 | 5. | Undisputed. |
| 5 | 6. | Undisputed. |
| 6 | 7. | Undisputed. |
| 7 | 8. | Undisputed. |

9. Disputed. ADOA only removed exclusions from the Plan if it was legally required or if the revision would not increase the cost of the Plan. (Doc. 296 (Curtis Decl.), Ex. 10 (Bender Depo.) at 116:24–117:9, 167:12-24.)

10. Undisputed.

11. Disputed. In 2015, the majority of ADOA's insurance vendors did not provide coverage for transgender benefits. (*Id.*, Ex. 8 (Isaacson Depo.) at 26:13–17, 29:15–19; *id.*, Ex. 14 (Deposition of Yvette Medina ("Medina Depo.")) at 119:17–120:4; *id.*, Ex. 18 (AZSTATE.006325); *Id.*, Ex. 19 (AZSTATE.006198); *Id.*, Ex. 20 (AZSTATE.006129); *see also id.*, Ex. 7 (Deposition of Joan C. Barrett ("Barrett Depo.")) at 28:1–6.) Pursuant to the 2016 Rules, insurance carriers were required to provide compliant insurance plans. Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 96, 31376, 31386 (May 18, 2016) (codified at 45 C.F.R. pt. 92). While the 2016 Rules did not require any particular service be covered (*see id.*), the carriers made a decision to cover surgery in their fully-insured plans. ADOA's consideration of the Exclusion as a self-insured plan was "independent" and ADOA was "responsible for making [its] own determination." (*See* Doc. 296 (Curtis Decl.), Exs. 26 & 28.)

12. Disputed. ADOA maintained the Exclusion after conducting substantial research into the 2016 Rules, cost, market and industry trends, and interest of the Plan members. (Doc. 295 (State Defendants' Statements of Facts ("SOF"), ¶¶ 32–50.) ADOA also considered recommendations from its insurance vendors. (*Id.*) ADOA representatives also discussed the Exclusion with representatives from the Governor's Office, including

1  during multiple meetings, telephone conferences, and emails in the fall of 2016. (*See id.*)

2      13.    Disputed.

3            a.    Disputed. There were multiple meetings between the Governor's Office and ADOA. (Declaration of Ryan Curtis ("Curtis Decl."), concurrently filed, Ex. A (Deposition of Christina Corieri ("Corieri Depo.")) at 60:3–22.) Ms. Corieri did not participate in one of the meetings. (*Id.* at 74:11–24.)

8            b.    Objection; Rules 602, 802.

9      14.    Undisputed.

10      15.    Objection; Rules 402. Disputed; Ms. Corieri did not make the decision regarding the Exclusion. (*Id.* at 86:4–8.) The tweet was made several years before Ms. Corieri began her employment with the Governor's Office, at a time when Ms. Corieri was working on issues related to Medicaid expansion generally, and more than three years before ADOA made its decision to expand the Exclusion. (*See* Doc. 296 (Curtis Decl.), Ex. 32 (Corieri Depo.) at 12:2-4.)

16      16.    Objection; Rules 402. Disputed; Ms. Corieri testified in her deposition that she did not recall receiving the emails, did not read them, and (contrary to Plaintiff's statement) did not sign up to receive the emails. (Curtis Decl., Ex. A (Corieri Depo.) at 118:22–121:9.) Ms. Corieri testified that she often receives emails which she did not sign up for due to the public nature of her Governor's Office email address. (*Id.*) Ms. Corieri testified that she does not harbor any animus towards transgender persons or gender reassignment procedures. (*Id.* at 55:21–56:14.)

23      17.    Objection; Rule 1002. Disputed; No one at ADOA has expressed a negative opinion about transgender persons. (Doc. 296 (Curtis Decl.), Ex. 9 (Shannon Depo.) at 98:1–5, 224:12–15, 243:24–244:9; *Id.*, Ex. 13 (Schafer Depo.) at 181:9–20, 184:10–185:7, 185:24–186:6; *Id.*, Ex. 10 (Bender Depo.) at 98:19-21, 286:9-14.) No one at the Governor's Office has expressed a negative opinion about transgender persons. (*See id.*, Ex. 8 (Isaacson Depo.) at 43:4-6; *Id.*, Ex. 9 (Shannon Depo.) at 224:16–21, 243:24–244:9; *Id.*, Ex. 32

1  (Corieri Depo.) at 55:21–56:8.) The Arizona Board of Regents apparently authorized the
2  Arizona universities to "provide a financial subsidy of up to $10,000 for gender-affirming
3  medical care services not currently covered by" ADOA's Plan. (Curtis Decl., Ex. C.)

4       18.    Undisputed.

5       19.    Objection; Rules 402, 1002. The Arizona Board of Regents apparently
6  authorized the Arizona universities to "provide a financial subsidy of up to $10,000 for
7  gender-affirming medical care services not currently covered by" ADOA's Plan. (Curtis
8  Decl., Ex. C.)

9       20.    Objection; Rule 602. Disputed; ADOA's contemporaneous cost analyses
10 indicated that removing the Exclusion would add $130,000-$582,000 in annual costs to the
11 Plan. (Doc. 296 (Curtis Decl.), Ex. 24 (AZSTATE.151707); *Id.*, Ex. 22
12 (AZSTATE.006095).)

13           a.    Disputed. Ms. Schafer was not told why specific edits were suggested
14                and only "guessed" that "someone above" didn't want the cost for the
15                Exclusion in writing. (Curtis Decl., Ex. B (Schafer Depo.) at 150:24–
16                152:3.) She testified that she did not recall anyone directing her to
17                remove that information and only speculated that someone may not
18                have wanted it in the report. (*Id.* at 150:24–151:8.)

19           b.    Objection; Rules 602.

20      21.    Undisputed.

21      22.    Objection; Rules 602. Disputed; ADOA consults with the Governor's Office
22 regarding proposed revisions to the Plan design. (Doc. 296 (Curtis Decl.), Ex. 8 (Isaacson
23 Depo.) at 119:11–120:15; *id.*, Ex. 10 (Bender Depo.) at 71:7–11, 81:4–20.) The Governor's
24 Office was always involved in determining the contribution strategy for the Plan. (Doc. 317
25 (Curtis Decl.), Ex. G (Deposition Transcript of Marie Isaacson ("Isaacson Depo.")) at
26 120:1-15.)

27      23.    Objection; Rules 602. Disputed; ADOA expanded coverage for transgender
28 benefits under the Plan—removing the exclusion for hormone therapy and medical or

psychological counseling—effective for the Plan year beginning January 1, 2017. (*See* Doc. 296 (Curtis Decl.), Ex. 6 at AZSTATE.01049.)

24. Objection; Rules 602. Disputed; ADOA made the decision to maintain the Exclusion in order to minimize increased costs to the Plan and because it believed that the modified exclusion was legal.[1] (*Id.*, Ex. 10 (Bender Depo.) at 167:12-24.)

25. Objection; Rules 402.

DATED this 23rd day of November, 2022.

                                FENNEMORE CRAIG, P.C.

                                By: *s/ Ryan Curtis*
                                       Timothy J. Berg
                                       Amy Abdo
                                       Ryan Curtis
                                       Shannon Cohan
                                       *Attorneys for Defendants State of Arizona, Andy Tobin, and Paul Shannon*

28354090

---

[1] Pursuant to this Court's Order (Doc. 278 (Order granting Motion for Reconsideration)), State Defendants will not argue that their good-faith understanding of the law is a defense in this litigation.