**Christine K Wee** – 028535
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
Email**:** cwee@acluaz.org

**Joshua A. Block\***
**Leslie Cooper\***
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, Floor 18
New York, New York 10004
Telephone: (212) 549-2650
E-Mail: jblock@aclu.org
E-Mail: lcooper@aclu.org
*Admitted pro hac vice*

**Wesley R. Powell\***
**Matthew S. Freimuth\***
**Jordan C. Wall\***
**Justin Garbacz\***
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
E-Mail: wpowell@willkie.com
E-Mail: mfreimuth@willkie.com
E-Mail: jwall@willkie.com
E-Mail: jgarbacz@willkie.com

*Admitted pro hac vice*

*Attorneys for Plaintiff Russell B. Toomey*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Russell B. Toomey,**<br><br>        Plaintiff,<br><br>    v.<br><br>**State of Arizona; Arizona Board of Regents, D/B/A University of Arizona**, a governmental body of the State of Arizona; et al.,<br><br>        Defendants. | No.19-cv-00035-TUC-RM (LAB)<br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ORAL ARGUMENT REQUESTED)** |

Plaintiff, Dr. Russell B. Toomey, on behalf of himself and the certified classes ("Dr. Toomey"), submits the following Reply in support of his Motion for Summary Judgment to Defendants Arizona Board of Regents, Ron Shoopman, Larry Penley, Cecilia Mata, Bill Ridenour, Lyndel Manson, Robert Herbold, Jessica Pacheco, and Fred DuVal's (collectively, "University Defendants") Response to Plaintiff's Motion for Summary Judgment. Doc. 319.[1]

## BACKGROUND

Plaintiff provides a truncated procedural history as to the University Defendants and incorporates by reference the factual background provided in Plaintiff's Motion for Summary Judgment and supporting Statement of Facts. Doc. 298; Doc. 310.

Plaintiff and State Defendants respectively moved for Summary Judgment on September 29, 2022. Doc. 298; Doc. 293. University Defendants neither moved for summary judgment, nor joined State Defendants' motion. On October 26, 2022, State Defendants filed a response opposing Plaintiff's Motion for Summary Judgment. Doc. 315. University Defendants did not join State Defendants' response. Instead, University Defendants filed their own response to Plaintiff's Motion. Doc. 319.

## ARGUMENT

"The University Defendants *do not* object to Plaintiff's requested injunctive relief against [State] Defendants" whatsoever. Doc. 319 at 2 (emphasis added).[2] University Defendants do not oppose an injunction as to themselves either. *Id.* However, University Defendants propose three limitations on any injunction ordered as to them. *Id.* [3]

---

[1] Capitalized terms used below and not otherwise defined have the same meaning given to them in Dr. Toomey's opening brief. Doc. 298.

[2] University Defendants also provide an accounting of instances in the docket where University Defendants do not object to an injunction against State Defendants. Doc. 319 at 2 (listing Docs. 23, 31, 91, 122, 139).

[3] As a preliminary matter, a responsive brief is an improper vehicle to request that the Court place conditions on relief and make a finding of fact. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Little v. Grand Canyon Univ.*, No. CV-20-00795-PHX-SMB, 2022 WL 3042911, at *3 (D. Ariz. Aug. 2, 2022); *SiteLock*

1

First, University Defendants propose that the scope of any injunction against them not exceed the scope of any injunction entered against the State Defendants. *Id.* Second, University Defendants propose that any injunction "not create a legal responsibility or obligation on the University Defendants beyond their authority and control under state law applicable to the administration of the state health care plan." Doc. 319 at 2. Third, they propose that "the injunction is not entered against the individually named Regents." Doc. 319 at 2.

University Defendants' first condition is unnecessary because Dr. Toomey has sought the same injunctions against both the State Defendants and the University Defendants. Doc. 86. University Defendants' second and third conditions are inconsistent with settled law and should otherwise be rejected for the reasons set forth below.

## I. University Defendants' Second Condition Should Be Rejected Because Compliance With State Law Is Not a Defense to Liability Under Title VII or Ex Parte Young

### A. ABOR Obligations Under Title VII Preempt Any Contrary State Law

The Arizona Board of Regents ("ABOR") has a legal obligation to comply with Title VII by providing compensation without discrimination on the basis of sex.[4]  University Defendants assert that ABOR is barred by state law from providing a non-discriminatory health insurance plan because state law requires ABOR to provide only the health plan created by ADOA. Doc. 319 at 2-3. But the Supreme Court has made clear that compliance

---

*LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 1574660, at *5 (D. Ariz. Apr. 22, 2021) (explaining that "[a] request for affirmative relief is not proper when raised for the first time in an opposition") (quoting *Smith v. Premiere Valet Servs., Inc.*, 2020 WL 7034346, *14 (C.D. Cal. 2020)).  If University Defendants wanted to file a motion for summary judgment, they had the opportunity to do so in September when the other parties filed.  Their failure to make these requests in a timely motion cannot be remedied by couching them as a responsive brief.

[4] Although ABOR is an instrumentality of the State of Arizona, Dr. Toomey is able to bring Title VII claims directly against ABOR because Title VII abrogates sovereign immunity.  *See generally Lewis v. Smith*, 255 F. Supp. 2d 1054, 1065 (D. Ariz. 2003) (explaining that Title VII abrogated ABOR's sovereign immunity).

with state law is no defense to liability under Title VII. Rather, "[w]hen it is impossible for an employer to comply with both state and federal requirements, [the] Court has ruled that federal law pre-empts that of the States." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW v. Johnson Controls, Inc.*, 499 U.S. 187, 209 (1991). An injunction against University Defendants would necessarily take precedence over any state law requiring ABOR to provide discriminatory health insurance policies. ABOR is not relieved of liability simply because University Defendants chose not to defend the disputed Exclusion. *See Buffin v. California*, 23 F.4th 951, 956, 960–62 (9th Cir. 2022) (Sheriff sued in her official capacity chose not to defend a state law instituting mandatory bail schedules that she had "no discretion but to [enforce]" was still "liable under the same standards as the government entities [she] represent[ed]" (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991))).

### B. Compliance With State Law Is Not A Defense to Liability for Constitutional Claims Under *Ex parte Young*.

For Dr. Toomey's constitutional claim, the individual Regents of ABOR are being sued in their official capacities under *Ex parte Young*. Governmental officials are proper defendants under *Ex parte Young* if they have "have some connection with the enforcement of the" challenged policy. *Ex parte Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 453, 52 L. Ed. 714 (1908). As explained in Dr. Toomey's Motion, ABOR employs Dr. Toomey, and, as part of his compensation, provides Dr. Toomey health insurance through Arizona's self-funded health care plan for State employees. Doc. 298 at 9. In providing Dr. Toomey a discriminatory health insurance policy as part of his compensation, individually named University Defendants in their official capacity have more than sufficient connection to serve as proper *Ex parte Young* defendants.

University Defendants nevertheless claim that the individually named Regents cannot be held liable in their official capacities because they are legally obligated under Arizona law to provide the health insurance plan adopted by ADOA and lack authority under Arizona law to depart from the provisions of that plan. Doc. 319 at 2-3. But the question under *Ex parte Young* is whether a defendant has a legal obligation under state law to *enforce* the

3

challenged law or policy, not whether defendant has the legal authority under state law to *change* the challenged law or policy. When a governmental official is sued in their official capacity for enforcing a challenged state law of policy, "[it] is this enforcement authority that makes the injury traceable to him, regardless of any discretion he does or does not possess." *Harris v. McDonnell*, 988 F. Supp. 2d 603, 614 (W.D. Va. 2013) (rejecting argument by county clerk that he was not a proper *Ex parte Young* defendant because he had no authority to ignore state's ban on marriage for same-sex couples).

For example, in *Coalition to Defend Affirmative Action v. Brown*, the Ninth Circuit held that the President of the University of California was a proper defendant under *Ex parte Young* in a case challenging California's constitutional provision banning affirmative action despite the fact that, as President of the University, he had to comply with the constitutional provision and had no authority "to amend, repeal, [or] deviate from" it. 674 F.3d 1128, 1134 (9th Cir. 2012). Similarly, in *Kadel v. Folwell*, the court held that the plaintiff's employers were proper defendants in a challenge to the discriminatory insurance exclusions in North Carolina's state health insurance policy even though the employers did not have control over the terms of the health insurance policies and their duties were limited to providing the North Carolina health plan as part of employees' compensation. No. 1:19CV272, 2022 WL 3226731, at *28 (M.D.N.C. Aug. 10, 2022).

The District of Arizona addressed this very issue in *Harris v. Arizona Independent Redistricting Comm'n*, 993 F. Supp. 2d 1042 (D. Ariz. 2014), *aff'd*, 578 U.S. 253 (2016). In that case, the court noted that the Secretary of State was a proper defendant even though he had nothing whatsoever to do with creating disputed electoral maps and was only named as a defendant because he was the state government official responsible for running elections—in other words, he was the executive branch official responsible for enforcing the "law" of the maps. *Id.* at 1065 ("Under Arizona's redistricting process, the commissioners have no direct connection to implementing the final legislative map nor do they have any supervisory power over those state officials implementing the final legislative map. Rather, it is the Secretary of State who enforces the map. . . . Plaintiffs named the Secretary of State as a

4

defendant and the Secretary of State conceded he is responsible for enforcing the map.") Here, the individually named Regents of ABOR act as enforcement instruments of the State of Arizona, and therefore are properly named defendants against whom any injunctive relief should apply. "Being named in one's official capacity in a legal proceeding such as this seeking declaratory and injunctive relief is simply a burden which government officials are occasionally required to bear in the course of holding public office." *Harris v. McDonnell*, 988 F. Supp. 2d at 614.

**II. University Defendants' Third Condition Should Be Rejected Because *Ex Parte Young* Requires That an Injunction for Constitutional Claims Be Issued Against Individual Regents of the Arizona Board of Regents.**

University Defendants' third condition should be rejected because—unless ABOR waives its sovereign immunity for constitutional claims—an injunction for the equal protection claims must be issued in accordance with *Ex parte Young* against the individual Regents of ABOR in their official capacities, not against ABOR. *See Essif v. Ariz. Bd. of Regents*, No. CIV 19-00596-TUC-CKJ, 2021 WL 673396, at *5 (D. Ariz. Feb. 22, 2021) (holding that the court could not impose prospective relief against state agency ABOR, rather than an individual person in his/her capacity, because the Eleventh Amendment bars claims against ABOR unless waived sovereign immunity); *Cornfield v. Pickens*, No. CV-16-00924-PHX-ROS, 2016 WL 6584928, at *4 (D. Ariz. July 21, 2016), *aff'd sub nom. Cornfield v. Thompson*, 765 F. App'x 387 (9th Cir. 2019) (explaining that because of sovereign immunity "ABOR is not an appropriate party even on a request for injunctive relief" and "the proper course for pursuing such relief is by naming individual officers").

Moreover, despite University Defendants' claim to the contrary (Doc. 319 at 2), any injunction provided by the Court will of course "run with the office" and bind any successive office holders too.

**CONCLUSION**

Plaintiff's Motion for Summary Judgment should be granted.

5

Respectfully submitted this 23rd day of November, 2022.

      ACLU FOUNDATION OF ARIZONA

      By /s/ *Christine K. Wee*
        Christine K. Wee
        3707 North 7th Street, Suite 235
        Phoenix, Arizona 85014

      AMERICAN CIVIL LIBERTIES UNION
      FOUNDATION
        Joshua A. Block*
        Leslie Cooper*
        125 Broad Street, Floor 18
        New York, New York 10004

      WILLKIE FARR & GALLAGHER LLP
        Wesley R. Powell*
        Matthew S. Freimuth*
        Jordan C. Wall*
        Justin Garbacz*
        787 Seventh Avenue
        New York, New York 10019

      *\*Admitted pro hac vice*

      *Attorneys for Plaintiff Russell B. Toomey and the certified classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

           /s/ *Christine K. Wee*
                Christine K. Wee