# EXHIBIT 1

**CONSENT JUDGMENT AND DECREE**

1. Whereas, Plaintiff Dr. Russell Toomey filed a Complaint on January 23, 2019 against Defendants State of Arizona and Gilbert Davidson[1] and Paul Shannon in their official capacities ("State Defendants"), and the Arizona Board of Regents ("ABOR"), for and on behalf of the University of Arizona, and Ron Shoopman, Larry Penley, Ram Krishna, Bill Ridenour, Lyndel Manson, Karrin Taylor Robson, Jay Heiler and Fred DuVal in their official capacities[2] (the "ABOR Defendants," together with the State Defendants, the "Defendants") (Doc. 1).

2. Whereas, the State of Arizona provides healthcare coverage to State and ABOR employees through a self-funded health plan administered by the Arizona Department of Administration ("the Plan") and the ABOR Defendants are required pursuant to ARS §38-656(E) to "accept the benefit level, plan design, insurance providers, premium level and other terms and conditions determined by [State Defendants]".

3. Whereas, the Plan provides generally applicable standards and procedures for determining whether health care is "medically necessary."

4. Whereas, the Plan excludes coverage for "[g]ender reassignment surgery."

5. Whereas, in the absence of the exclusion for "[g]ender reassignment surgery," the Plan's generally applicable standards and procedures for determining whether health care is "medically necessary" would apply to requests for surgical care to treat gender dysphoria.

6. Whereas, the private insurance companies that serve as network providers for the Plan have developed internal coverage guidelines for determining whether health care to treat gender dysphoria is "medically necessary."

---

[1] Defendant Andy Tobin, Director of the Arizona Department of Administration ("ADOA"), was later substituted in the place of Gilbert Davidson, the former Interim Director of the ADOA. (Doc. 48).

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Ron Shoopman and Bill Ridenour have been substituted with their successors in office, Doug Goodyear and Gregg Brewster and AndyTobin has been substituted by his successor in office Elizabeth Alvarado-Thorson.

7. Whereas, the Complaint alleges that the Plan's exclusion of coverage for "[g]ender reassignment surgery" violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Equal Protection Clause of the Fourteenth Amendment.

8. Whereas, Plaintiff seeks relief in the form of a declaratory judgment and a permanent injunction requiring State Defendants to remove the exclusion of coverage for "gender reassignment surgery" from the Plan and to evaluate whether requests for surgical care for gender dysphoria are "medically necessary" in accordance with the Plan's generally applicable standards and procedures.

9. Whereas, the ABOR Defendants have never opposed such a permanent injunction so long as any consent decree entered by this Court recognizes that the ABOR Defendants have been bound by ARS § 38-656(E) to "accept the benefit level, plan design, insurance providers, premium level and other terms and conditions determined by [the State Defendants]."

10. Whereas, on June 15, 2020, the Court granted Plaintiff's motion to certify this case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and certified the following classes:

As to the Title VII claim:

Current and future employees of the Arizona Board of Regents who are or will be enrolled in the self-funded Plan controlled by the Arizona Department of Administration, and who have or will have medical claims for transition related surgical care.

As to the Equal Protection claim:

Current and future individuals (including Arizona State employees and their dependents), who are or will be enrolled in the self-funded Plan controlled by the Arizona Department of Administration, and who have or will have medical claims for transition-related surgical care.

11. Following failed settlement negotiations in July of 2020, two years of subsequent discovery and related discovery disputes, and the close of fact discovery, State Defendants and Dr. Toomey each moved for summary judgment in their favor on September 26, 2022. (Doc. 293;

Doc. 309.) Briefing for summary judgment concluded on November 23, 2022, with oral argument scheduled to take place in front of Magistrate Judge Bowman on January 9, 2023.

12. On January 4, 2023, in light of renewed settlement discussions, the parties jointly requested that oral argument be postponed. (Doc 346.) On January 5, 2023, the Court granted the joint motion, postponing oral argument and ordering the parties to submit a joint status report regarding settlement on or before March 6, 2023. (Doc. 347.)

13. On March 6, 2023, the parties filed a Joint Status report to inform the Court that the parties had made significant progress towards settlement and the parties requested an additional 30 days to finalize the settlement and provide an update to the Court by April 5, 2023. (Doc. 249.)

14. On April 5, 2023, the parties submitted a Joint Status Report to inform the Court that the parties were working on drafting and finalizing documentation relating to the settlement, including a motion for the Court's approval of the settlement. (Doc. 350). Therein, the parties requested to have until July 15, 2023, to update the Court regarding the status of settlement. *Id*.

15. On April 12, 2023, the Court ordered that the parties file either a stipulation of dismissal or a further status report on or before July 15, 2023. (Doc. 351).

16. Since January 5, 2023, the parties have engaged in settlement negotiations to resolve this matter and remove the Exclusion.

17. Whereas, prior to and independent of this Consent Decree, on June 27, 2023, Arizona Governor Katie Hobbs issued Executive Order 2023-12, directing ADOA to remove the exclusion of coverage for "gender reassignment surgery" from the Plan as soon as practicable. Pursuant to Executive Order 2023-12 and A.R.S. § 38-654(G) on June 27, 2023, ADOA provided notice to the Joint Legislative Budget Committee of the removal of the Exclusion from the Plan, effective August 11, 2023.

18. The Parties' discussions culminated in an agreement that Defendants are

3

permanently enjoined from reinstating the Exclusion and that ABOR would notify all current employees of ABOR who are currently participants in the plan and the State of Arizona would notify all other eligible State employees of the plan change.   To memorialize the terms of this agreement, the parties jointly agreed to this Consent Decree for the Court's approval.

19. Whereas, although Defendants do not admit liability for Plaintiff's claims under Title VII and the Equal Protection Clause of the Fourteenth Amendment, pursuant to Executive Order 2023-12, on June 27, 2023, State Defendants initiated the legal process to remove the Plan's exclusion of coverage for "gender reassignment surgery," which will take effect on August 11, 2023. ABOR Defendants have supported this plan change since the commencement of this action.

20. Whereas, the individually named defendants have been sued only in their official capacity, and this Consent Decree binds the individual defendants and their successors in office only in their official capacities.

21. Whereas, the Parties believe that a resolution of the matter at this time and in the manner encompassed by the terms of this Consent Decree serves the best interests of the State of Arizona, ABOR, Plaintiff, and the certified classes.

22. Whereas, in connection with the resolution of this matter, the Parties have agreed that State Defendants will pay $500,000.00 in attorney's fees to Plaintiff's counsel.

23. Whereas, Defendants have agreed to provide notice of the removal of the Plan's exclusion of coverage for "gender reassignment surgery" to all Plan members, pursuant to Paragraph 18 hereof, but not later than July 31, 2023.

24. Whereas, the Court has not made any findings of liability and this Consent Decree does not assign liability to any party.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

Defendants are hereby permanently enjoined from providing or administering a health plan

for employees of ABOR or the State of Arizona and their beneficiaries that categorically excludes coverage of medically necessary surgical care to treat gender dysphoria.

Pursuant to this Consent Decree, State Defendants' health plan for employees of ABOR or the State of Arizona and their beneficiaries shall evaluate health care claims for surgical care to treat gender dysphoria pursuant to the health plan's generally applicable standards and procedures for determining whether service is a "covered expense," including the generally applicable procedures for determining whether a service meets the definition of "medically necessary."

State Defendants are hereby permanently enjoined from enforcing or applying ARS § 38-656(E) to the extent that it is inconsistent with this Consent Decree.

Pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988, Plaintiff is hereby awarded attorney's fees in the amount of $500,000.00 to be paid by the State Defendants.