DREW C. ENSIGN PLLC
Drew C. Ensign (No. 025463)
202 E. Earll Drive
Suite 490
Phoenix, AZ 85004
Telephone: (602) 492-5969
drewensignlaw@gmail.com
*Counsel for Proposed Amici*
*President Petersen and Speaker Toma*

Linley Wilson (No. 027040)
Arizona House of Representatives
1700 W. Washington St.
Phoenix, AZ 85007
(602) 926-5418
LWilson@azleg.gov
*Counsel for Speaker Toma*

Greg Jernigan (No. 003216)
Arizona State Senate
1700 W. Washington St.
Phoenix, AZ 85007
(602) 926-5544
GJernigan@azleg.gov
*Counsel for President Petersen*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey,<br><br>                    Plaintiff,<br><br>vs.<br><br>State of Arizona et al.,<br><br>                    Defendants. | Case No: CV-19-00035-TUC-RM (LAB)<br><br>**MOTION OF ARIZONA SENATE PRESIDENT PETERSEN AND SPEAKER OF THE ARIZONA HOUSE OF REPRESENTATIVES TOMA FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* AND MEMORANDUM IN SUPPORT** |

**MOTION FOR LEAVE**

Speaker of the Arizona House of Representatives Ben Toma and Arizona Senate President Warren Petersen (collectively, the "Legislative Leaders") respectfully request leave to file the attached brief as *amicus curiae*.

The Legislative Leaders submit this brief to the Court to bring attention to concerns that the parties have not addressed. The parties' proposed settlement raises separation of powers concerns, as the parties are asking the Court to approve a Consent Decree that attempts to bind the state to a policy decision that belongs to the Legislative branch of state government. *See Ewing v. California*, 538 U.S. 11, 24 (2003) (noting the importance of judicial "deference to legislative policy choices," which are "made by state legislatures, not federal courts"). And the proposed settlement threatens to have this Court implicitly—and inappropriately—determine that a recently enacted state law, A.R.S. § 32-3230, is unconstitutional. *See Keith v. Volpe*, 118 F.3d 1386, 1393 (9th Cir. 1997) (holding that parties cannot agree to terms in a Consent Decree that "would exceed their authority and supplant state law" and "the doctrine of federalism forbids the district court's overriding of [a state]'s valid laws"); *Kasper v. Bd. of Elec. Comm'rs*, 814 F.2d 332, 341 (7th Cir. 1987) ("A consent decree is not a method by which state agencies may liberate themselves from the statutes enacted by the legislature that created them.").

The Supreme Court has repeatedly recognized that legislative leaders have vital interests under their respective state laws to defend the constitutionality of state statutes in federal court. *See, e.g., Berger v. N.C. State Conference of the NAACP*, 142 S. Ct. 2191, 2206 (2022) (emphasizing "a full consideration of the State's practical interests may require the involvement of different voices with different perspectives" and holding a North Carolina statute entitled the North Carolina Senate President and Speaker of the House of Representatives, who also satisfied Federal Rule of Civil Procedure 24(a)(2), to intervene in a case challenging state law); *Hollingsworth v. Perry*, 570 U.S. 693, 709 (2013) (noting that the Court had previously held in *Karcher v. May*, 484 U.S. 72, 75 (1987), that the New Jersey legislative leaders "could intervene in a suit against the State

to defend the constitutionality of a New Jersey law after the New Jersey attorney general had declined to do so").

Here, the Arizona Legislative Leaders possess a similar interest in vindicating the constitutionality of provisions of Arizona law, which are implicated by this lawsuit, and thus have an interest in this suit. Their interest is expressed in A.R.S. § 12-1841, which affords the Speaker of the House of Representatives and the President of the Senate a right to intervene, "file briefs," and otherwise "be heard" "[i]n any proceeding in which a state statute ... is alleged to be unconstitutional." Indeed, just several months ago, this Court held that the categorical language of A.R.S. § 12-1841 encompasses federal court actions. *Isaacson v. Mayes*, CV-21-01417-PHX-DLR, 2023 WL 2403519, at *2 (D. Ariz. Mar. 8, 2023) (rejecting argument that A.R.S. § 12-1841 applies only to state court proceedings, reasoning that "nothing in the language of § 12-1841 imposes such a limitation" and emphasizing that "[a]ny means any").

The Legislative Leaders do not seek intervention at this time, but instead submit their proposed *amicus curiae* brief on behalf of Arizona's 56th Legislature as the presiding officers of their respective chambers. *See* Ariz. Const. art. IV, pt. 2, § 8; A.R.S. § 41-1102; Ariz. House of Reps. Rule 4(K); Ariz. Senate Rule 2(N). The Legislative Leaders respectfully submit that their proposed brief will assist this Court by addressing the effect of the Governor's recent issuance of Executive Order 2023-12 on this Court's jurisdiction, as well explaining as how that order relates to existing Arizona statutory law, including A.R.S. § 32-3230. Notably, the existing parties have not explained how this Court retains jurisdiction despite Executive Order 2023-12 and have ignored A.R.S. § 32-3230 altogether, even though the parties' proposed Consent Decree implicates, and risks violating, A.R.S. § 32-3230. Consequently, the Legislative Leaders respectfully seek leave, pursuant to A.R.S. § 12-1841, to file the attached proposed amicus brief to raise these matters to the Court.

The proposed brief is short, but addresses issues of fundamental importance, including this Court's Article III jurisdiction and the interaction of Arizona statutory law

that has obvious relevance to the proposed Consent Decree—but which the parties, for whatever reason, did not address.

## CONCLUSION

For the foregoing reasons, this Court should grant the Legislative Leaders' request for leave and direct the Clerk to file the attached proposed amicus curiae brief.

Respectfully submitted this 10th day of July, 2023.

By:  s/ Drew C. Ensign
Drew C. Ensign (No. 025462)
202 E. Earll Drive
Suite 490
Phoenix, AZ 85004
*Counsel for Proposed Amici President Petersen and Speaker Toma*

Linley Wilson (No. 027040)
Arizona House of Representatives
1700 W. Washington St.
Phoenix, AZ 85007
*Counsel for Speaker Toma*

Greg Jernigan (No. 003216)
Arizona State Senate
1700 W. Washington St.
Phoenix, AZ 85007
*Counsel for President Petersen*

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on this 10th day of July, 2023, I caused the foregoing

3

document to be electronically transmitted to the Clerk's Office using the CM/ECF

4

System for Filing, which will transmit a Notice of Electronic Filing to counsel for all

5

parties to the case that are registered CM/ECF users.

6

7

      s/ Drew C. Ensign

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4