DREW C. ENSIGN PLLC
Drew C. Ensign (No. 25463)
202 E. Earll Drive
Suite 490
Phoenix, AZ 85004
Telephone: (602) 492-5969
drewensignlaw@gmail.com
*Counsel for Proposed Amici President Petersen and Speaker Toma*

Linley Wilson (No. 027040)
Arizona House of Representatives
1700 W. Washington St.
Phoenix, AZ 85007
(602) 926-5418
LWilson@azleg.gov
*Counsel for Speaker Toma*

Greg Jernigan (No. 003216)
Arizona State Senate
1700 W. Washington St.
Phoenix, AZ 85007
(602) 926-5544
GJernigan@azleg.gov
*Counsel for President Petersen*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey,<br><br>         Plaintiff,<br><br>vs.<br><br>State of Arizona et al.,<br><br>         Defendants. | Case No: CV-19-00035-TUC-RM (LAB)<br><br>**REPLY IN SUPPORT OF MOTION OF ARIZONA SENATE PRESIDENT PETERSEN AND SPEAKER OF THE ARIZONA HOUSE OF REPRESENTATIVES TOMA FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE*** |

**REPLY IN SUPPORT OF MOTION FOR LEAVE**

Speaker of the Arizona House of Representatives Ben Toma and Arizona Senate President Warren Petersen (collectively, the "Legislative Leaders") respectfully submit this reply in support of their motion requesting leave to file an *amicus curiae* brief.

As discussed in their motion, the Legislative Leaders submitted their brief to provide the Court with relevant information and legal authority that the parties failed to address in their proposed settlement. Neither the State of Arizona nor any other defendant has filed any response or objection to the Legislative Leaders' motion. And Plaintiffs' opposition illustrates precisely why the motion should be granted for three reasons.

*First*, most of Plaintiffs' opposition is spent responding to the merits of the Legislative Leaders' proposed amicus brief. Doc. 355 at 4-11. Specifically, Plaintiffs argue that: (1) this case is not mooted by the Governor's Executive Order 2023-12; (2) the proposed Consent Decree does not conflict with A.R.S. § 32-3230(A)—a statute that took effect only four months ago, as Legislative Leaders explain in their proposed amicus brief; and (3) the taxpayer-funded award of $500,000 for Plaintiffs' attorneys' fees is reasonable. Plaintiffs' substantive responses to the proposed amicus brief contradict Plaintiffs' assertions that the Legislative Leaders possess only generalized or non-cognizable interests in this case. It is abundantly clear—under Arizona law and binding precedent—that Speaker Toma and President Petersen have an interest in protecting the separation of powers, the plenary authority of the Arizona Legislature, and the constitutionality of Arizona statutes, especially when a proposed Consent Decree puts these interests at risk. *See* A.R.S. § 12-1841 (entitling the Speaker and President "to be heard" in any case involving the constitutionality of a state statute); *Keith v. Volpe*, 118 F.3d 1386, 1393 (9th Cir. 1997) (parties cannot agree to terms in a consent decree that would exceed their authority or supplant state law); *Stone v. City and County of San Francisco*, 968 F.2d 850, 852-55 (9th Cir. 1992) (vacating part of a consent decree that would have allowed a sheriff "to override applicable state laws", accepting a city's

1  amicus brief that raised "principles of federalism," and stating that courts "have
2  jurisdiction to consider the federalism questions raised by the *amicus*").

3  *Second*, Plaintiffs' arguments confirm that the proposed Consent Decree
4  implicates A.R.S. § 32-3230(A) and presents significant separation of powers concerns.
5  Plaintiffs argue the proposed Consent Decree "does not address the legality of gender
6  reassignment surgery" and "only addresses insurance coverage for gender-affirming
7  healthcare." Doc. 355 at 10. Yet Plaintiffs then explain that *despite* the prohibition in
8  A.R.S. § 32-3230(A) against irreversible gender reassignment surgery to minors in
9  Arizona, the state healthcare plan could still "cover those procedures when performed by
10 a participating provider in another state." Doc. 355 at 10-11. Plaintiffs also suggest that
11 the proposed Consent Decree could override the prohibition in A.R.S. § 32-3230(A)
12 because the decree provides Plaintiffs with "virtually the same permanent relief that Dr.
13 Toomey and the Certified Classes would have received if they had prevailed on their
14 Title VII and equal protection claims." Doc. 355 at 11. (This novel theory, however,
15 contradicts Plaintiffs' own assertion that the parties "are not in complete agreement"
16 because "no Defendant admits liability for Plaintiff's claims under Title VII and the
17 Equal Protection Clause." Doc. 355 at 9.) Plaintiffs' arguments unquestionably present
18 significant and uncertain legal questions that require judicial interpretation of A.R.S.
19 § 32-3230 and resolution by a court with jurisdiction over a case and controversy. U.S.
20 Const. art. III, § 2, cl. 1. Those questions cannot be implicitly resolved through a consent
21 decree without violating the federalism doctrine and Arizona law. *See Keith*, 118 F.3d at
22 1393; *Stone*, 968 F.2d at 852-55.

23 Indeed, Plaintiffs' opposition to leave actually confirms the useful role that the
24 Legislative Leaders have *already* played in this action. Absent their motion for leave, the
25 parties apparently had no intent to address A.R.S. § 32-3230 and how it interacts with the
26 proposed Consent Decree. By bringing an important issue to this Court's attention that
27 the parties would otherwise have buried, Legislative Leaders have served a crucial
28 function that amply warrants the leave sought.

*Third*, Plaintiffs complain (Doc. 355 at 2 & n.2) that this case has been lingering for four years and that the Speaker and President only recently filed their motion and sought to participate as amici. That contention ignores the recent events that impelled the Legislative Leaders to act. As explained in the motion, the Legislative Leaders' interests in this litigation were motivated by the following chain of events: A.R.S. § 32-3230 took effect on April 1, 2023, Governor Hobbs issued Executive Order 2023-12 on June 27, 2023, and the parties submitted a proposed settlement to this Court on July 7, 2023. On July 10, 2023—*the very next business day*—the Legislative Leaders promptly filed their motion and the proposed amicus brief to raise the relevance of A.R.S. § 32-3230 and Executive Order No. 2023-12 to the broad language and terms of the proposed settlement. And up until the proposed settlement, the State had been defending itself in this action, even filing a motion for summary judgment in the State's favor that is still pending before this Court. Accordingly, Plaintiffs' insinuation that the Legislative Leaders' motion is untimely lacks merit.

## CONCLUSION

As discussed in the Legislative Leaders' motion, the Arizona Legislature has an unquestionable role in vindicating provisions of Arizona law under Arizona statutes and settled precedent. Legislative Leaders reiterate that they do not seek intervention but merely wish to articulate their legislative perspective on the important issues of law and federalism implicated by the parties' proposed settlement. The Legislative Leaders respectfully request this Court to grant their motion and accept their proposed *amicus curiae* brief.

…

…

…

…

…

…

3

Respectfully submitted this 31st day of July, 2023.

By: s/ Drew C. Ensign
Drew C. Ensign (No. 25462)
202 E. Earll Drive
Suite 490
Phoenix, AZ 85004
*Counsel for Proposed Amici President Petersen and Speaker Toma*

Linley Wilson (No. 027040)
Arizona House of Representatives
1700 W. Washington St.
Phoenix, AZ 85007
*Counsel for Speaker Toma*

Greg Jernigan (No. 003216)
Arizona State Senate
1700 W. Washington St.
Phoenix, AZ 85007
*Counsel for President Petersen*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will transmit a Notice of Electronic Filing to counsel for all parties to the case that are registered CM/ECF users.

<u>  s/ Drew C. Ensign                      </u>

5