**Christine K Wee – 028535**
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th Street
Phoenix, Arizona 85006
Telephone: (602) 650-1854
E-Mail**:** cwee@acluaz.org

**Joshua A. Block*****
**Leslie Cooper*****
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, Floor 18
New York, New York 10004
Telephone: (212) 549-2650
E-Mail: jblock@aclu.org
E-Mail: lcooper@aclu.org
*Admitted pro hac vice*

**Wesley R. Powell*****
**Matthew S. Freimuth*****
**Jordan C. Wall*****
**Justin Garbacz*****
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
E-Mail: wpowell@willkie.com
E-Mail: mfreimuth@willkie.com
E-Mail: jwall@willkie.com
E-Mail: jgarbacz@willkie.com
*Admitted pro hac vice*

*Attorneys for Plaintiff Russell B. Toomey*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Russell B. Toomey,<br>    Plaintiff,<br>  v.<br><br>**State  State of Arizona**; **Arizona Board of Regents**, a governmental body of the State of Arizona; **Ron Shoopman**, in his official capacity as Member of the Arizona Board of Regents; **Larry Penley**, in his official capacity as Treasurer of the Arizona Board of Regents; **Cecilia Mata**, in her official capacity as Secretary of the Arizona Board of Regents; **Bill Ridenour**, in his official capacity as Member of the Arizona Board of Regents; **Lyndel Manson**, in her official capacity as Chair of the Arizona Board of Regents; **Robert Herbold**, in his official capacity as Member of the Arizona Board of Regents; **Jessica Pacheco**, in her official capacity as Member of the Arizona Board of Regents; **Fred DuVal**, in his official capacity as Member of the Arizona Board of Regents; **Andy Tobin**, in his official capacity as Director of the Arizona Department of Administration; **Paul Shannon**, in his official capacity as Acting Assistant Director of the Benefits Services Division of the Arizona Department of Administration**,**<br>    Defendants. | No. CV-19-00035-TUC-RM (MAA)<br><br>**PLAINTIFF'S MEMORANDUM REGARDING ATTORNEYS' RATES AND FEES** |

Pursuant to this Court's September 1, 2023 and September 7, 2023 Orders (Doc. 357; Doc. 359), Plaintiff Dr. Russell B. Toomey, on behalf of himself and the certified classes, respectfully submits "billing records showing [his] accounting of attorney's fees and costs sought in this matter" herewith as **Exhibit A** (billing records from Willkie Farr & Gallagher LLP (or "**Willkie**"), referred to herein as the "**Willkie Billing Records**"), **Exhibit B** (billing records from Joshua Block, lead counsel for this matter at the American Civil Liberties Union ("**ACLU**"), referred to herein as the "**ACLU Billing Records**"), and **Exhibit C** (billing records from local counsel, the ACLU of Arizona, referred to herein as the "**ACLU AZ Billing Records**"). This supporting memorandum (A) summarizes Plaintiff's billing records, including additional information about timekeepers and their rates and (B) provides additional explanation regarding why the rates used in the billing records are reasonable.[1] It also explains why the proposed, substantially-discounted fee award of $500,000 is reasonable.

### A. Background on Attorneys Included in Billing Records

As noted in the Consent Motion for Approval of Consent Decree ("**Consent Motion**") (Doc. 353), while Plaintiff has agreed for the purposes of settlement to a fee award of $500,000, Plaintiff's counsel have incurred an estimated $6,578,292.50 in fees, which includes fees for attorney time and paralegal and support staff time. To streamline Plaintiff's presentation, however, the Willkie Billing Records include time records for only the ten Willkie lawyers who devoted the most time to this case and exclude time incurred by non-lawyers. These lawyers collectively recorded 6,634.10 hours, totaling $6,167,507.30 in attorney's fees. These fees were incurred by Willkie over the course of over three years of protracted class action litigation with years-long discovery disputes, voluminous document production, full briefing of cross motions for summary judgment,

---

[1] The Consent Motion for Approval of Consent Decree explains more generally why the requested attorneys' fees are fair and reasonable. *See* Doc. 353 at p. 14-15. This memorandum is intended to supplement the Consent Motion with additional information about Plaintiff's billing records.

2

and successful settlement negotiations. The work performed included, but was not limited to, the following: (i) successfully obtaining class certification, (ii) briefing and arguing numerous successful motions to compel discovery, (iii) briefing and arguing appeals of rulings on those motions (including an appeal to the Ninth Circuit), (iv) engaging in protracted document discovery with defendants and third parties, (v) preparing for and taking depositions of ten state employees and third-party witnesses, (vi) preparing expert reports, (vii) preparing for and engaging in expert depositions and (viii) fully briefing and cross opposing summary judgment prior to settlement. *See* Wall Decl. ¶ 5.

For the Court's convenience, the chart below summarizes the following information for these attorneys: (i) the year they graduated from law school, (ii) their level of seniority,[2] (iii) their billing rate, (iv) the number of hours billed, and (v) the fees attributable to them (i.e. their hours multiplied by their respective billing rate).

**Summary of Billable Hours for Willkie Attorneys**

| Attorney/Timekeeper | Law School Graduation Year | Seniority | Rate | Hours | Total |
|---|---|---|---|---|---|
| Wesley R. Powell | 1994 | Partner | $1,805 | 94.4 | $170,470.00 |
| Jordan C. Wall | 2013 | Partner | $1,210; $1,449 | 883.1 | $1,071,069.50 |
| Nicholas Reddick | 2012 | Partner | $1,154 | 105.6 | $121,911.00 |
| Kristen Killian* | 2015 | Senior Associate | $1,081 | 272.50 | $294,591.50 |

---

[2] The seniority of several lawyers changed throughout the duration of this case. The seniority listed in this chart represents the respective lawyer's current or most recent seniority designation. For timekeepers whose status changed during the pendency of this litigation (e.g. from Law Clerk to Associate, or Associate to Partner), the "total" figure in this chart represents the sum of their total billable hours calculated at the respective billable rate associated with each seniority level. For example, Jordan C. Wall became partner during the pendency of this litigation. The majority of his billable hours are calculated at the applicable Associate rate (representing work performed prior to his becoming Partner).

3

| Attorney/Timekeeper | Law School Graduation Year | Seniority | Rate | Hours | Total |
|---|---|---|---|---|---|
| Victoria A. Sheets*[3] | 2016 | Senior Associate | $1,083 | 547.7 | $592,970.00 |
| Justin Garbacz | 2018 | Senior Associate | $995 | 1,999.7 | $1,990,548.30 |
| Brandon E. Villa | 2019 | Senior Associate | $850 | 695.6 | $591,065.00 |
| Natalia Benitez | 2019 | Senior Associate | $1,008 | 380.9 | $384,111.50 |
| Brianna Weaver* | 2020 | Junior Associate | $514; $913 | 1,178.90 | $731,948.50 |
| Gabriella Abdalla | 2020 | Law Clerk | $460 | 475.7 | $218,822.00 |

Plaintiff's prior estimate of $6,578,292.50 in total fees was based solely on fees incurred by Willkie, and does not include the fees incurred by the ACLU, the ACLU of Arizona, and Aiken Schenk Hawkins & Ricciardi P.C.[4] The fees incurred by ACLU and ACLU of Arizona are detailed in the ACLU Billing Records and ACLU AZ Billing Records, and are summarized below.

| Attorney/Timekeeper | Title | Law School Graduation Year | Rate | Hours | Total |
|---|---|---|---|---|---|
| Joshua Block | Senior Staff Attorney, ACLU LGBT & HIV Project | 2005 | $750[5] | 191.00 | $143,250.00 |

---

[3]  Individuals denoted with an asterisk are former employees.

[4]  At the time the Complaint was initially filed in 2019, Aiken Schenk Hawkins & Ricciardi P.C. ("Aiken Schenk") based in Phoenix, Arizona served as co-counsel on behalf of Plaintiff. Approximately a year later, Aiken Schenk withdrew from the case due to the dissolution of the firm, and Willkie replaced Aiken Schenk as co-counsel for Plaintiff. Lopez Decl. ¶ 7,8.

[5]  A partner with Mr. Block's background and qualifications at Willkie would charge a rate of approximately $1,600. For purposes of this fee estimate, Plaintiff has calculated Mr. Block's hourly rate at $750, which is the hourly rate recently used in *Grimm v. Gloucester Cty. Sch. Bd. See* Block Decl. ¶ 13.

| Attorney/Timekeeper | Title | Law School Graduation Year | Rate | Hours | Total |
|---|---|---|---|---|---|
| Christine Wee | Senior Staff Attorney, ACLU AZ | 2001 | $450 | 156.80 | $70,560.00 |
| Molly Brizgys* | Senior Staff Attorney, ACLU AZ | 2004 | $400 | 5.60 | $2,240.00 |
| Gloria Torres | Senior Paralegal, ACLU AZ | NA | $256 | 6.00 | $1,536.00 |

**B.     Plaintiff's Counsel's Hourly Rates Are Reasonable**

To determine a reasonable hourly rate, the Court may consider the prevailing rate charged by attorneys of similar "skill, experience and reputation" for comparable legal services in the community, as well as the attorney's "customary fee." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016).  A party seeking attorney's fees may support requested rates with "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases." *Id.* at 1044.  It is immaterial whether a prevailing party is represented by private or nonprofit counsel. *Sorenson v. Mink*, 239 F3d 1140, 1145 (9th Cir. 2001) (citing *Blum v. Stenson*, 465 US 886, 895 (1984)).

As this Court already recognized in granting Plaintiff's motion for class certification, "[P]laintiff's counsel have a demonstrated history of representing the interests of transgender individuals prosecuting civil rights class actions." Doc No. 105, 108. The qualification, skill, experience, and reputation of Plaintiff's litigation team, as well as their rates, have been set forth in each of their respective organizational or firm declarations, which are being filed simultaneously herewith.  *See* Block Decl. ¶¶ 1-11; Wall Decl. ¶¶ 2-3, 8; Lopez Decl. ¶ 5-6, 11; Wee Decl.¶ 3-5, 8-9.

Out-of-state market rates for counsel are reasonable if a party can show that "local

counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *Covington & Burling Melendres v. Maricopa, Cnty*. of, No. CV-07-02513-PHX-GMS, 2014 WL 11486806, at *1 (D. Ariz. Sept. 11, 2014) (calculating fees using Silicon Valley rates for out-of-state firm Covington and Burling where it was established that no local firm was willing or able to perform); *See also Arizona Dream Act Coalition v. Brewer*, No. CV 12-02546-PHX-DGC, 2018 WL 6448395, at *3 (D. Ariz. Dec. 10, 2018) (permitting use of out-of-state rates, but applying rate cap of $750.00).[6] In fact, courts have frequently applied outside forum rates for complex constitutional rights cases such as this one. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir.1992) (no abuse of discretion in awarding fees at higher rates than local rates given "substantial evidence demonstrating that the issues in prisoner civil rights cases are extremely complex and thus require experienced and sophisticated counsel").

Here, local counsel ACLU of Arizona and lead counsel Joshua Block required assistance from a law firm with (i) extensive experience in both complex class actions and transgender civil rights litigation and (ii) the substantial attorney resources to handle the demands of the case, in order to achieve success on behalf of Plaintiff Dr. Toomey and the certified classes. Lopez Decl. ¶¶ 10-11. This is not atypical: because the ACLU is engaged in a large number of civil rights cases across the country, and has limited attorney staffing, it generally relies on partnerships with large law firms like Willkie, particularly in work-intensive litigations like this one. *Id*. ¶ 11. Here, the ACLU was unable to recruit a law firm within Arizona with the same combination of necessary expertise, capacity and willingness to take on a case of this magnitude or complexity.

---

[6] For illustrative purposes, if the rate of $750 was applied to the 6,634.10 hours billed by the 10 Willkie lawyers included in the Willkie Billing Records, Plaintiff's total attorneys' fees would be $4,975,575 i.e. more than eight times the $500.000.00 fee award that was agreed to by the parties and included in the proposed Consent Decree.

Lopez Decl. ¶ 9. Plaintiff therefore went outside of Arizona to find additional counsel who could complement the expertise and capacity of local counsel. Lopez Decl. ¶ 10. Willkie is a large, international law firm based in New York with extensive experience litigating complex constitutional rights cases (including with respect to access to gender-affirming healthcare) and other complex class actions. Wall Decl. ¶ 8. In January of 2020, Willkie agreed to serve as co-counsel on this matter, assisting the ACLU throughout the discovery phase, summary judgment briefing, and settlement negotiations. *Id.* at 4-5.

Additionally, the fees sought by the ACLU of Arizona, ranging from $256 to $450 are in line with what this Court has awarded in recent fee applications. *See e.g Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2021 WL 3400608, at *7–8 (D. Ariz. July 20, 2021) (holding that fees of $350 to $400 per hour are reasonable); *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, No. CV-20-02023-PHX-SPL, 2023 WL 3981139, at *13 (D. Ariz. June 13, 2023) (holding rate of $475 is reasonable). Accordingly, local counsel's rates are reasonable in this matter.

Finally, Plaintiff's application of current hourly rates for most members of the litigation team, rather than their historic rates in this multi-year litigation, is also reasonable. *See, e.g. Gates*, 987 F.2d at 1406-07 ("delay in payment [] is a consideration in deciding whether an award of current rather than historic rates is warranted"); *see also Bell v. Clackamas County*, 341 F.3d 858, 860 (9th Cir. 2003) (noting that "compensation received several years after the services were rendered—as it frequently is in complex civil rights litigation—is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings," and thus reasoning that current rates may be awarded to compensate.) Here, Plaintiff's counsel have not been compensated for any of the work that they have performed over the course of more than three years. Accordingly, applying current rates is appropriate to compensate Plaintiff's counsel for this representation.

### C. Plaintiff's Counsel's Number of Hours Is Reasonable

The number of hours billed by counsel is reasonable in light of the protracted litigation in this case over the course of five years, which involved a rapidly changing legal landscape, multiple rounds of briefing before the magistrate judge and the district court, ten depositions, and lengthy discovery disputes over privilege, which included successfully opposing a mandamus petition at the Ninth Circuit. *See* Block Decl. ¶¶ 15-16; Wall Decl. ¶ 5.

### D. The Proposed Attorneys' Fees Award Is Substantially Discounted

Courts have found attorneys' fees and costs reasonable when the award proposed in the settlement is significantly less than what the attorneys might otherwise be entitled to under a lodestar analysis. *See, e.g., G.F. v. Contra Costa Cnty*, No. 13-cv-03667, 2015 WL 7571789, at *16 (N.D. Cal. 2015) (court approved attorneys' fees and costs as agreed to in settlement agreement for $2,505,000 when actual fees totaled $4,414,045.55.) The $500,000 in attorneys' fees agreed upon by the Parties represents a very substantial discount under any of the billing rates applied in the cases described above, as further discussed in the Consent Motion. *See* Doc. 353 at p. 14-15. While Plaintiff's counsel has dedicated over 7,400 hours (including hours from support staff) to this case for an estimated $6,578,292.50 in fees (excluding fees from the ACLU), for the purposes of settlement, the parties have agreed to an award of $500,000.00.

Even if Plaintiff had engaged only local counsel, the total attorneys' fees would still significantly exceed the $500,000 in attorney's fees negotiated by the parties in the proposed Consent Decree. As noted in the Declaration of Christine K. Wee, local counsel's hourly rates ranged from $400 to $450, averaging about $425. Assuming that all of the 6,945 hours performed by Willkie attorneys were instead performed by local counsel at a rate of $425, Plaintiff's fees would be approximately $2,952,000, which is over five times the $500,000 agreed to in the Consent Decree. Put another way, even if Plaintiff's fees were calculated at the rates used by local counsel, the agreed upon

$500,000 award would represent over an 80% discount on Plaintiff's total attorneys' fees.

The proposed attorney fee award of $500,000 is also reasonable in light of comparable fee awards from recent, similar cases. In 2017, the Southern District of New York awarded over $3,200,000 in attorney's fees and costs in a case which closely resembled the dispute at hand, where a plaintiff successfully litigated the removal of an exclusion for gender reaffirming treatment from a state health care plan on behalf of a certified class. *Cruz v. Zucker*, 14-cv-4456, Docket Nos. 134, 169. (S.D.N.Y.). Here, Plaintiff is seeking only a fraction of the amount awarded in *Cruz* despite the similarity in legal issues and scope of the litigation, further confirming the reasonableness of the fee award agreed to and included in the proposed Consent Decree.

DATED this 14th day of September, 2023.

ACLU FOUNDATION OF ARIZONA

By /s/ *Christine K. Wee*
Christine K. Wee
2712 North 7th Street
Phoenix, Arizona 85006

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Joshua A. Block*
Leslie Cooper*
125 Broad Street, Floor 18
New York, New York 10004

WILLKIE FARR & GALLAGHER LLP
Wesley R. Powell*
Matthew S. Freimuth*
Jordan C. Wall*
Justin Garbacz*
787 Seventh Avenue
New York, New York 10019

*Admitted pro hac vice

*Attorneys for Plaintiffs Russell B. Toomey and the Certified Classes*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2023, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

                                                */s/ Christine K. Wee*
                                                 Christine K. Wee